COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In Re: | ) | BK-S-19-16636-MKN |
| | ) | Chapter 11 |
| CENSO, LLC. | ) | |
| | ) | |
| | ) | HEARING DATE: January 8, 2020 |
| Debtor. | ) | HEARING TIME: 9:30 AM |
| | ) | |

**APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL**
**RETAINER SEEKING NUNC PRO TUNC APPROVAL TO DATE OF FILING**

TO: THE HONORABLE BANKRUPTCY JUDGE, U.S. BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA:

Undersigned counsel is seeking Nunc Pro Tunc approval to the date of filing as there has

been a lot of time spent in the first month of case. Declaration filed notes tasks and communication

with parties. See Exhibit "1" - Declaration Under Penalty of Prejury of Corey B. Beck, Esq., in

Support of Application to Employ Corey B. Beck, Esq., as Attorney Under General Retainer Seeking

Nunc Pro Tunc Approval to Date of Filing.

The Debtors in the above-captioned bankruptcy proceeding, hereby applies to the Court for

an Order approving its Application to Employ Attorney Under General Retainer. This Application is

brought pursuant to 11 U.S.C. Section 327, Bankruptcy Rule 2014 and Section 2 of the Guidelines of

the U. S. Department of Justice, Office of the United States Trustee - Northern and Eastern Districts

of California and Nevada, hereinafter referred to as "Guidelines".

**

*

## I.

## BANKRUPTCY RULE 2002(k) - COMPLIANCE

Pursuant to Bankruptcy Rule 2014(a) and "Guidelines" Section 1.2, a copy of the within Application for approval of employment of professional persons under 11 U.S.C. Section 327 and Bankruptcy Rule 2014 was served on the United States Trustee not less than five (5) calendar days before the within Application was filed with the Bankruptcy Court.

## II.

## PROFESSIONAL PERSONS TO BE EMPLOYED - STATEMENT RE: DISINTERESTED PERSONS

Applicant wishes to employ COREY B. BECK, ESQ., an attorney admitted to practice in this Court, as counsel for the Debtor-in-Possession to represent or assist the Debtor-in-Possession in carrying out the Debtor-in-Possession's duties under Title 11, United States Code, in the above-captioned bankruptcy proceeding.  Bankruptcy Rule 2014(a).

To the best knowledge of Applicant, said professional persons do not hold or represent an interest adverse to the above-captioned bankruptcy estate, and are disinterested persons.  11 U.S.C. Section 327(a).

## III.

## STATEMENT OF NECESSITY FOR EMPLOYMENT OF PROFESSIONAL PERSONS

It is necessary for employment of the professional persons for whom employment is sought by the within Application inasmuch as the Applicant requires professional assistance in the areas, identified hereinafter, where service is to be rendered in this case.  Bankruptcy Rule 2014(a). "Guidelines" Section 2.1.1.

## IV.

## STATEMENT OF SCOPE OF PROFESSIONAL SERVICES TO BE RENDERED

The scope of services to be rendered by said professional is as follows:

1.  To institute, prosecute or defend any lawsuits, adversary proceedings and/or contested

2

matters arising out of this bankruptcy proceeding in which Applicant may be a party;

2.  To assist in recovery and obtaining necessary Court approval for recovery and liquidation of estate assets, and to assist in protecting and preserving the same where necessary;

3.  To assist in determining the priorities and status of claims and in filing objections thereto where necessary;

4.  If applicable, to assist in preparation of a disclosure statement and plan;

5.  To advise Applicant and perform all other legal services for the Applicants which may be or become necessary in this bankruptcy proceeding.. (Bankruptcy Rule 2014(a).  "Guidelines" Section 2.1.1.).

**V.**

**STATEMENT OF REASONS FOR SELECTION
OF PROFESSIONALS**

Pursuant to Bankruptcy Rule 2014(a),  Applicant has selected COREY B. BECK, ESQ. for the reason that said professional person has had considerable experience in matters of this character, and the scope of professional services to be rendered, and for the reason that Applicants believe that COREY B. BECK, ESQ. is well qualified to represent Applicants as counsel in this proceeding, and that the employment of said professional would be in the best interests of the estate.

**VI.**

**STATEMENT RE: TERMS OF EMPLOYMENT AND
PROPOSED ARRANGEMENT FOR COMPENSATION**

1.  Disclosure of Amount and Source of Retainer or Advance Received (11 U.S.C. Section 329(a), Bankruptcy Rules 2016(a) and 2016(b), "Guidelines" Section 2.2.2):  Client has agreed to pay Attorney a non-refundable retainer of $20,000.00 for Attorney to represent Client in Chapter 11 Bankruptcy.  Payment of $15,000.00 retainer is hereby acknowledged on October 11, 2019. Remaining balance of retainer will be paid on or before December 11, 2019. Third party, Melani Schulte paid retainer fee.  Attorney fees will be approved through a fee application.

2.  Terms and Conditions of Employment Agreement: 11 U.S.C. Section 328(a) authorizes Applicant, with Court approval, to employ said professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis."

3

Applicant wishes to retain said professional person under a general retainer, at the hourly rate charged by said professional person, due to the unknown length and extent of services to be performed by said professional person for Applicant.  11 U.S.C. Section 328(a).  Bankruptcy Rule 2014(a).

3.  Current Hourly Rates Charged by Professionals, and Other Charges ("Guidelines" Section 2.1.2):  The current hourly rate charged by the professional person rendering services pursuant to the within Application is as follows:

     a.  Not exceeding $375.00 per hour for attorney;

     b.  Not exceeding $165.00 per hour for paralegal;

     c.  Not exceeding $35.00 per hour for clerical/administrative.

Other charges that may be considered in an application for compensation include, but are not limited to:

     a.  Messenger service;

     b.  Postage and delivery;

     c.  Process service and investigator charges;

     d.  Copy charges not to exceed $0.25 per page;

     e.  Computer research and word processing charges;

     f.  Telephone and facsimile charges;

     g.  Travel expenses;

     h.  Scanning charges not to exceed $0.15 per page;

     i.  Miscellaneous expenses necessarily incurred in connection with the scope of services to be performed.  "Guidelines" Section 2.1.2.

**VII.**

**STATEMENT RE: PAYMENTS MADE AND
SHARING OF COMPENSATION**

To the best knowledge of Applicant, no payments have heretofore been made or promised to said professional person for services rendered or to be rendered in any capacity whatsoever in connection with the case, and no agreement or understanding exists between said professional person

4

and any other entity for the sharing of compensation to be received for services rendered in connection with this case.  (Bankruptcy Rule 2016(a).  "Guidelines" Sections 2.1.2, 2.1.4.)

**VIII.**

**STATEMENT RE: PRE-PETITION SERVICES**
**("GUIDELINES" SECTION 2.1.4)**

Said professional person was not retained for pre-petition services other than bankruptcy-related services.  "Guidelines" Section 2.1.4.

**IX.**

**PROFESSIONAL DISCLOSURE**
**("GUIDELINES" SECTION 2.1.4)**

The within Application is accompanied by a Declaration/Verified Statement showing that the professional person complies with the requirements of 11 U.S.C. Sections 327, 329 or 1103(b) and Bankruptcy Rules 2014, 2016 and 5002, and setting forth the professional person's connections with the Debtor, creditors or any other party in interest, their respective attorneys and accountants.  To the best of Applicant's knowledge, said professional person has no connections with the Debtors, creditors or any other party in interest, their respective attorneys and accountants, which connection may constitute a conflict of interest or adverse position with respect to the scope of services to be rendered by said professional person in the above-captioned bankruptcy case.  Bankruptcy Rule 2014(a).  "Guidelines" Section 2.1.4.

/ / /

/ /

/

5

WHEREFORE, Applicant respectfully requests that the within Application be granted and approved, and that Applicants be authorized to employ and appoint COREY B. BECK, ESQ. as attorney for Applicant, under a general retainer, in the above-captioned bankruptcy case. DATED the 11th day of December, 2019.

/s/ MELANI SCHULTE
MELANI SCHULTE,
    owner of CENSO, LLC.

Submitted by:

  /s/ COREY B. BECK
COREY B.  BECK, ESQ.
Nevada Bar No.  005870
THE LAW OFFICE OF COREY B.  BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada  89101
Ph:  (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com
Attorney for Debtor

6