# SECTION 362 INFORMATION COVER SHEET

DEBTOR:  Censo LLC.

BANKRUPTCY NO. 19-16636-mkn                    MOTION #: _____

MOVANT:  NewRez LLC d/b/a Shellpoint Mortgage Servicing
CHAPTER:  11

<table>
<tr><td colspan="2" align="center"><u>Certification of Attempt to Resolve the Matter Without Court Action</u>:</td></tr>
<tr><td colspan="2">Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.</td></tr>
<tr><td>Date: 5/18/2020</td><td>Signature:  /s/  Michael Chen, Esq. Attorney for Movant</td></tr>
</table>

PROPERTY INVOLVED IN THIS MOTION: 11441 Allerton Park Drive #411, Las Vegas, NV 89109

NOTICE SERVED ON: Debtor:  Censo LLC.; Debtor's counsel, Corey B. Beck; Trustee, U.S. Trustee - LV - 11.

DATE OF SERVICE: 04/21/2020; See attached as **Exhibit "8"**

| MOVING PARTY'S CONTENTIONS: | | | DEBTOR'S CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | The EXTENT and PRIORITY OF LIENS: |
| 1st  NewRez LLC d/b/a Shellpoint Mortgage Servicing | $ | 601,292.15 | 1st |
| 2nd | $ | | 2nd |
| 3rd | $ | | 3rd |
| 4th | $ | | Other |
| Total Encumbrances: | $ | 601,292.15 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 358,268.00 | APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT with the DEBTOR | OFFER OF "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note:        $414,400.00<br>Interest Rate:         5.75%<br>Duration:              30 Years<br>Payment per month:     $2,679.39<br>Date of Default:       09/01/12<br>Amount Arrears:        $260,283.66<br>Recording NOD:         NOS:<br>SPECIAL CIRCUMSTANCES: The debtor has failed to offer adequate-protection payments. The Debtor is not in contractual privity with Movant.<br>Submitted by:  Michael Chen<br>Signature:    /s/ Michael Chen | <br><br><br><br>SPECIAL CIRCUMSTANCES:<br><br><br>Submitted by:<br><br>Signature: |

FORM 362/10/95

<u>INSTRUCTIONS</u>
<u>for Section 362 Cover Sheet</u>

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet.  The Cover Sheet requires a statement of the nature and extent of the liens on the Debtor's property at issue.  The movant must show at least the status of the issue.  The movant must show at least the status of the movant's lien and any senior liens.  At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtor's formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

<u>NOTICING REQUIREMENTS</u>

The Court <u>will not</u> hear motions not properly noticed.  Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay <u>must be served</u> on the Debtor, the Debtor' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee.  <u>See</u> Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

Kristin A. Schuler-Hintz, Esq., SBN 7171                    E-filed: 5/18/2020
Michael Chen, Esq., SBN 7307
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 19-16636-MKN |
| | ) |
| Censo LLC., | ) Chapter  11 |
| | ) |
| Debtor. | ) **NEWREZ LLC D/B/A SHELLPOINT** |
| | ) **MORTGAGE SERVICING'S MOTION** |
| | ) **FOR RELIEF FROM AUTOMATIC STAY** |
| | ) |
| | ) |
| | ) HEARING: |
| | ) DATE:   6/24/2020 |
| | ) TIME:    9:30am |
| | ) CTRM:   2 |
| | ) PLACE:  300 Las Vegas Boulevard South, Las Vegas, NV 89101 |

**NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors in interest** ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may, enforce its rights under applicable state law, relative to the Note and Deed of Trust secured by the Debtor's property, commonly known as 11441 Allerton Park Drive #411, Las Vegas, NV 89109 ("Property" herein).

1

Secured Creditor is the holder of a Promissory Note dated 12/21/2009, in the principal amount of $414,400.00, which is secured by the Deed of Trust of the same date. **See Exhibit "1".** A true and correct copy of the Note is attached hereto as **Exhibit "3".** Movant, directly or through an agent, has possession of the Note. Movant is an entity entitled to enforce the Note.

A true and correct copy of the assignment of deed of trust is attached hereto as **Exhibit "2"**. It is significant to note that the Debtor is not in contractual privity with Movant with respect to the aforementioned Promissory Note/Deed of Trust. The original borrower to the Note is James Pengilly. The Debtor is limited liability company that is in title to the subject real property by way of a "homeowner's association" ("HOA") foreclosure sale from 2013. The original purchaser at the HOA foreclosure sale was Ke Aloha, LLC. Title thereafter flowed from KE Aloha, LLC to Ke Aloha Series II, LLC, and then to the instant Debtor in early 2019. All of the above LLCs are owned/managed by Melani Schulte. Please see the chain of deed conveyances as **Exhibit "4**." The instant Debtor is the third LLC entity to hold title, and appears to have been created only recently (in December 2018, and then acquiring title to the subject real property in January 2019) Please see the attached Nevada Secretary of State records for Censo, LLC, as **Exhibit "5,"** and in conjunction with **Exhibit "4."** This sequence of events indicates that the LLC entity was created to hold bare legal title to propert(ies) rather than being an established business entity in the community.

Throughout this period of title conveyances, the property has been the subject of litigation: first in the Nevada 8th Judicial Court, but immediately removed to the United States District Court, District of Nevada, as case no. 2:14-cv-01463-RFB. Within said case, Judge Boulware ruled on summary judgment that the HOA deed issued as a result of the above HOA foreclosure sale, was subject to the Movant's lien/deed of trust. Please see the attached Order as **Exhibit "6."** Again, the Debtor is not a party to the promissory note that is secured by the subject deed of trust.

The current market value of the Debtor's subject Property is $358,268.00, based upon the Debtor's own value as set forth in Schedule A. **See Exhibit "7".** The property is not the primary residence of the Debtor. See Debtor's Schedules generally, as Dkt. Nos 1 and 22.

2

Based upon Secured Creditor's past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property. In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 358,268.00 |
| Total Liens to Secured Creditor | $ | 601,292.15 |
| Less 8% Cost of Sale | $ | 28,661.44 |
| Equity | $ | (271,685.59) |

Also, this property is not necessary for reorganization since it yields no income to the estate, and in fact constitutes a drain on it due to maintenance costs of same.  Because there is no equity in the subject property, the subject property is not necessary for an effective reorganization, stay relief is appropriate pursuant to Sec. 362(d)(2).

Under Sec. 362(d)(1), relief from stay for "cause" is also appropriate.  The Debtor has neither offered any adequate protection payments on the subject lien, nor is it able to offer same since the property is not realizing any rental income since the instant case filing.  Please see the Debtor's Monthly Operating Reports (Dkt. Nos. 29, 30, 31, 43 and 44), and evidencing that the subject real property yields no income to the estate at all.

Secured Creditor is not/cannot receive any adequate protection monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. The loan secured by deed of trust is in substantial default with payments (92 monthly installments).  Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

The Debtor filed this subject bankruptcy petition on 10/11/2019.

Shellpoint services the underlying mortgage loan and note for the property referenced in this Motion for NewRez LLC d/b/a Shellpoint Mortgage Servicing.  In the event the automatic stay in this case is modified, this case dismisses, and/or a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly

3

or through an agent, has possession of the Note.  The Note is either made payable to Movant or has been duly endorsed.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment.  For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

**Total Due**

| | | | | |
|---|---|---|---|---|
| Unpaid Principal Balance: | | | $ | 399,401.49 |
| Accrued Interest as of 04/16/2020: | | | $ | 165,132.14 |
| Escrow Advances as of 04/16/2020: | | | $ | 18,387.19 |

DELINQUENCIES:

| | | | | | |
|---|---|---|---|---|---|
| Monthly Payments: (09/01/12 through 04/01/16) | 44 | at | $2,618.51 | $ | 115,214.44 |
| Monthly Payments: (05/01/16 through 03/01/17) | 11 | at | $2,640.76 | $ | 29,048.36 |
| Monthly Payments: (04/01/17 through 05/01/18) | 14 | at | $2,628.06 | $ | 36,792.84 |
| Monthly Payments: (06/01/18 through 12/01/18) | 7 | at | $2,633.47 | $ | 18,434.29 |
| Monthly Payments: (01/01/19 through 12/01/19) | 12 | at | $2,642.07 | $ | 31,704.84 |
| Monthly Payments: (01/01/20 through 04/01/20) | 4 | at | $2,679.39 | $ | 10,717.56 |
| Non-Escrow Advances: | | | | $ | 18,371.58 |
| Suspense: | | | | $ | (0.25) |
| **Total Delinquencies:** | | | | **$** | **260,283.66[1]** |
| **Total Due to Secured Creditor:** | | | | **$** | **601,292.15** |

In addition reasonable attorney fees and court filing costs not to exceed $1,231.00 will be incurred for representation in this matter.

Furthermore, additional "cause" exists pursuant to Sec. 362(d)(1) due to the non-routine nature of the Debtor entity herein.   The conduct leading up to the current filing truly

---

[1] This is not a post-petition reinstatement quote and may not include any additional advances or costs having been incurred, paid or coming due since filing the instant motion.

4

challenges/undermines general bankruptcy principles that afford legitimately distressed individuals access to bankruptcy relief: typically a Debtor files due to insolvency, ie, that is unable to pay its debts as they come due. The secured debt here was <u>not</u> incurred by the Debtor in the course of purported ongoing business operations; it simply and knowingly inured into a debt laden asset subject to Secured Creditor's lien with no intention of fully paying that lien, and instead filed the subject bankruptcy to force Secured Creditor into cramdown of the loan/lien that the Debtor was never a party to. It can hardly be said that this Debtor indeed merits bankruptcy relief, in the traditional sense, as a <u>proven</u> business concern that fell on hard times and needs rehabilitation. Debtor will claim that it is indeed a "small business" that is utilizing Chapter 11 to re-organize its affairs, but in reality this "spin" on its character completely turns Chapter 11 bankruptcy law on its head. It is well settled law that Chapter 11 was meant to "permit business debtors to reorganize and restructure their debts in order to revive the debtors' businesses and thereby preserve jobs and protect investors." *In re Continental Airlines Corp*., 38 B.R. 67, 71 (Bankr. SD Tex. 1984). Also stated another way, "[t]he purpose of Chapter 11 reorganziation is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state." *In re Winshall Settlor's Trust*, 785 F.2d 1136, 1137 (6th Cir. 1985); *In re: Dolton Lodge Trust Co*., 22 B.R. 918, 921 (Bankr. ND Ill. 1982) (citing Congressional intent of Chapter 11, H.R. Rep No.95-595, U.S. Code Cong. & Admin News 1978, p.5787). See also, *In re Powers*, 135 B.R. 980, 996 (Bankr.C.D. Cal.1981) (quoting *In Re Victory Constr. Co., Inc.*, 9 B.R. 549, 565 (Bankr.C.D.Cal. 1981)). The clear intention is to <u>re-organize an existing business concern</u> in the hopes of maintaining the business concern into the future, ultimately for the company's/public good.

Counter-intuitively, this entity is not re-organizing in Chapter 11 but rather organizing under the aegis of the automatic stay, and this is a purpose that runs contrary to the Bankruptcy Code. What this Debtor attempts to do is buy time in which to allegedly create a "business" where none existed before, and utilize the Code to its own full advantage and sole benefit. This is akin to a startup/joint venture's (actually an adventurer's) business model abusing the technical benefits of the Code, and thus washing away legitimate creditors right into a windfall. The relief of the automatic stay was never contemplated as a "breathing spell" for a contemporaneously created business to "get off the ground." This was never the intent of the Code, and turns the stated justification of Chapter 11 literally upside down.

5

More importantly, "cause" exists to terminate the stay since this Debtor cannot reorganize this "debt" in the manner which it desires to do so.   As mentioned above, this Debtor has absolutely no debtor/creditor relationship to Movant pursuant to 11 U.S.C. Sec 101(10)(A) and 101(5):  creditor means an entity that has a "claim" against the debtor that arose at the time of or before the order for relief concerning the debtor, and "claim" is defined as a right to payment…or right to an equitable remedy for breach of performance if such a breach gives rise to a right to payment.  In this case, it is undisputed that the Debtor has no contractual privity with Movant such that it is obligated to "pay" Secured Creditor or conceivably be in "default": The loan agreement secured by the subject Deed of Trust is as between Movant and its non-debtor borrower James Pengilly.  There is no agreement whatsoever with respect to this loan/debt as between Debtor and Movant herein.

Furthermore, 11 U.S.C. Sec. 102(2) is no more comfort to Debtor in expanding the definition of "claim" to a non-recourse "claim" arising from, as in this case, a third party contract against the debtor's property.  The legislative history of Sec. 102(2) states that:

> "claim against the debtor" includes claim against the property of the debtor.  This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against the property of the debtor, and not against the debtor personally.  Thus such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for the purposes of the bankruptcy code."

S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978).

In this case, the Debtor cannot claim any existence of a nonrecourse agreement as between these parties that would fall within the intended definition of "claim" under Sec. 102(2) as contemplated by the drafters mentioned above.

Finally, the Debtor's reading of *Johnson v. Home State Bank*, for the proposition that "claim" under sec. 101(5) can be broadly interpreted to encompass this factual scenario, is flawed and is largely confined to the unique facts of that case.  See *In re Kizelnik*, 190 B.R. 171 (Bankr. S.D.N.Y. 1995), stating that *Johnson* should be limited to its particular facts, i.e. where a single mortgagor whose Chapter 13 bankruptcy is preceded by one under Chapter 7, to avoid allowing "any stranger" from filing bankruptcy and subjecting the mortgagee to modification under a plan.  The facts under *Johnson* did indeed have, unlike that contemplated in the legislative history of 11 U.S.C. Sec. 102(2) and in contrast to the facts here, an actual contractual

6

privity as between debtor and mortgage creditor, and thus its reasoning is not truly instructive or applicable herein. Again, the absolute lack of contractual privity undermines application of Sec. 102(2) or *Johnson* into any reasonable finding of a debtor/creditor relationship here.

This effort to seek modification of 3rd party debts/contracts runs contrary to established bankruptcy principles. The case of *In re Wright*, 183 B.R. 541 (Bankr. C.D. Ill. 1995) is directly on point herein.

The facts in *Wright* are very similar to those at hand: the original borrowers/titleholders conveyed real property into a Chapter 12 debtor. The Debtor then attempted to reorganize the debt/secured claim in its bankruptcy case. The court in *Wright* pointed out that relevant analysis as to the propriety of confirmation was the lack of a proper debtor/creditor relationship:

> It is undisputed that there is no agreement between Debtor and [lender] concerning these loans. There being no written agreement as between Debtor and [lender] whereby the Debtor has obligated himself to pay the debt to [lender] incurred by the [original borrower]. Nor is there a nonrecourse loan agreement between the Debtor and [lender] which permits the [lender] to proceed against the Debtor's property, but not against the Debtor personally. It therefore follows that [lender] is not a creditor under Sec. 101(10) and (5) because there is neither a right to payment from the Debtor nor a "claim against the property of the debtor" as that term was intended to be applied. When the Debtor obtained title to and possession of the real estate and personal property he did so subject to the mortgage and security agreement, but without any obligation to repay the loans they secured. Nothing in the Bankruptcy Code empowers this Court to impose an agreement between the Debtor and the [lender], or permit the Debtor to reorganize a debt that is not his, on loans that are not his, nor can he modify the terms of loans to which he is not bound.

*Wright* at 543. Based on the above, the court in *Wright* terminated the automatic stay, denied confirmation, and dismissed the case.

Other courts have agreed with the reasoning in *Wright*. See, e.g. *In re Jones*, 98 B.R. 757, 758 (Bankr. N.D. Ohio 1989) ("Because the debtor is not liable on the mortgage, there exists no debt owing to the Bank; the Bank has no claim against the Debtor; and there exists no creditor – debtor relationship."); *In re Kizelnik*, 190 B.R. 171, 176 (Bankr. S.D.N.Y. 1995) (dismissing the case where the debtor had no contractual relationship with the bank, recognizing the bizarre result that would ensue otherwise from having to tell the bank "it may not foreclose on its collateral so long as a stranger to the mortgage, who accepts no personal liability for the indebtedness, chooses to make payments"); *In re Parks*, 227 B.R. 20, 23-24 (Bankr. W.D.N.Y.

7

1998) ("To revive an agreement under which the debtor had no rights, or to revive a legal status that only someone other than the debtor may assert, is nonsensical…[t]here are many policy reasons why one should not be permitted to acquire property…that is subject to a lien, and then use Sec. 1322(b)(2) power to 'modify' against the lienor who never dealt with that debtor.").

The cautionary tale of *Parks* is quite telling of the circumstances herein: that the conduct of the Debtor truly pushes the limits of interpretation of the operation of Bankruptcy Code sections into absurd extremes.  The Debtor's conduct of reorganizing debts of another is in violation of the Sec. 524 (in effect a discharge of a 3rd party non-debtor).  Furthermore, the Debtor's intention to sidle itself into a loan transaction that it was not a party to is tantamount to compelling an unwilling creditor into a loan assumption and/or compelling the extension of post-petition financing in denigration of the mandates and/or principles underlying Sec. 364 and 365.

For all of the above reasons, "cause" exists to terminate the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1).

In accordance with Local Rule 4001(a)(2), on 04/21/2020, Secured Creditor sent a Meet and Confer letter to the parties of interest herein in an attempt to communicate in good faith regarding resolution of the instant motion.  To date, Secured Creditor has been unable to resolve this matter and as a result, brings this motion.  See **Exhibit "8"**.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property.

2. For an Order for the immediate pre-confirmation distribution and accounting of any funds being held as adequate protection for Secured Creditor.

3. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

///
///
///

8

5.   For attorneys' fees and costs incurred herein.

6.   For such other relief as the Court deems proper.

Dated:  May 18, 2020                                    McCarthy & Holthus, LLP


                                             By:  /s/ Michael Chen
                                             Michael Chen, Esq.
                                             Kristin A. Schuler-Hintz, Esq.
                                             Attorney for Secured Creditor
                                             NewRez LLC d/b/a Shellpoint Mortgage Servicing,
                                             its assignees and/or successors

9

1

2

3

4

5

6

7

8

9  Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171
   Michael Chen, Esq., Nevada SBN 7307
10 **McCarthy & Holthus, LLP**
   9510 West Sahara Avenue, Suite 200
11 Las Vegas, NV 89117
   Phone (702) 685-0329
12 Fax (866) 339-5691
   NVBK@McCarthyHolthus.com
13

14
   Attorney for: Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees
15 and/or successors

16                    UNITED STATES BANKRUPTCY COURT

17                          DISTRICT OF NEVADA

18

19 In re:                            ) Case No.: 19-16636-mkn
                                     )
20 Censo LLC.,                       ) Chapter  11
                                     )
21          Debtor.                  ) DATE:  6/24/2020
22                                   ) TIME:  9:30am
                                     )
23                                   ) **ORDER TERMINATING**
24                                   ) **AUTOMATIC STAY**
                                     )
25 _____

26

27        The Motion for Relief From Automatic Stay came on regularly for hearing at the date

28 and time set forth above before the United States Bankruptcy Court.   Upon review of the

29 Motion and supporting evidence, and good cause appearing, the Court rules as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay provisions of 11 U.S.C. §362 be and are hereby terminated with respect to the interests of Movant in the real property commonly known as 1141 Allerton Park Drive #411, Las Vegas, NV 89109.

IT IS FURTHER ORDERED that Movant may proceed with state law based foreclosure remedies, including any unlawful detainer action, in compliance with applicable law.

IT IS SO ORDERED.

Submitted by:
McCarthy & Holthus, LLP

_____
Michael Chen, Esq.
Kristin A. Schuler-Hintz, Esq.
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702) 685-0329

Approved/Disapproved

_____
Corey B. Beck, Esq.
425 South 6th Street
Las Vegas, NV 89101
(702) 678-1999

Approved/Disapproved

_____
U.S. Trustee - LV - 11
300 Las Vegas Boulevard S., Suite 4300
Las Vegas, NV 89101

<u>ALTERNATIVE METHOD re;  RULE 9021:</u>

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Counsel appearing: Corey B. Beck

Unrepresented parties appearing: None

Trustee: No Appearance at Hearing; No additional Service required.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:
McCarthy & Holthus, LLP

/s/ Michael Chen.
Michael Chen, Esq.
Kristin A. Schuler-Hintz, Esq.

###

Kristin A. Schuler-Hintz, Esq., NV SBN 7171
Michael Chen, Esq., NV SBN 7307
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for: Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 19-16636-mkn |
| | ) |
| Censo LLC., | ) Chapter  11 |
| | ) |
| Debtor. | ) DATE:  6/24/2020 |
| | ) TIME:   9:30am |
| | ) |
| | ) **CERTIFICATE OF SERVICE OF** |
| | ) *PROPOSED* **ORDER TERMINATING** |
| | ) **AUTOMATIC STAY** |
| | ) |

On 5/18/2020, I served the foregoing documents described as *PROPOSED* **ORDER TERMINATING AUTOMATIC STAY** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Corey B. Beck
becksbk@yahoo.com

TRUSTEE
U.S. Trustee - LV - 11
USTPRegion17.lv.ecf@usdoj.gov
**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Raquel Rivera

Raquel Rivera

*Rev. 12.09*

M&H File No. NV-20-160941
19-16636-mkn

1
2
3        On 5/18/2020, I served the foregoing documents described as ***PROPOSED* ORDER**
4  **TERMINATING AUTOMATIC STAY** on the following individuals by depositing true copies
5  thereof in the United States first class mail at San Diego, California, enclosed in a sealed
6  envelope, with postage paid, addressed as follows:
7
8        DEBTOR
         Censo LLC.
9        9811 W. Charleston Blvd.
         Suite 2-351
10       Las Vegas, NV 89117
11       CO-BORROWER
         James W Pengilly
12       1141 Allerton Park Drive #411
13       Las Vegas, NV 89109
14       SPECIAL NOTICE
15       RAS Crane, LLC
         Selene Finance LP
16       Attn: Managing Agent
         10700 Abbotts Bridge Road, Suite 170
17       Duluth, GA 30097
18       Records Section
19       Department of Motor Vehicles
         Attn: Managing Agent
20       555 Wright Way
21       Carson City, NV 89711-0250
22       Stop 5028
         Internal Revenue Service
23       Attn: Managing Agent
24       110 City Parkway
         Las Vegas, NV 89106-4604
25
26       Taylor Bean & Whitaker Mortgage Corp.
         Attn: Managing Agent
27       1417 North Magnolia Avenue
         Ocala, FL 34475
28
29

1

2

3
Mortgage Electronic Registration Systems
Attn: Managing Agent
P.O. Box 2026
Flint, MI 48501-2026

4

5

6
SELENE FINANCE LP
Attn: Managing Agent
9990 Richmond Ave. Suite 400 South
Houston, TX 77042

7

8

9
Salene Finance LP
Attn: Managing Agent
9990 Richmond Avenue
Houston, TX 77042

10

11

12

13
First American Trustee Servicing
Attn: Managing Agent
4795 Regent Blvd., Mall Code 1011-F
TS No.: 190808111-NV-MSI
Irving, TX 75063

14

15

16
Nevada Legal News
Attn: Managing Agent
930 South Fourth Street
Las Vegas, NV 89101

17

18

19

20
LARGEST UNSECURED CREDITORS
Green Tree Servicing L
Attn: Managing Agent
Po Box 6172
Rapid City, SD 57709

21

22

23
Republic Services
Attn: Managing Agent
PO Box 98508
Las Vegas, NV 89193

24

25

26
Paradise Falls HOA
Attn: Managing Agent
c/o Nicklin Property Mgmt.
P.O. Box 63338
Phoenix, AZ 85082

27

28

29

Sagecreek HOA
Attn: Managing Agent
c/o Level Property Mgmt.
8966 Spanish Ridge #100
Las Vegas, NV 89148

Selene Finance LP
Attn: Managing Agent
9990 Richmond Avenue #400
Houston, TX 77042

Summerlin South Comm. HOA
Attn: Managing Agent
10801 W. Charleston Blvd. 3rd Floor
Las Vegas, NV 89135

The Hartford Central Recovery Office
Attn: Managing Agent
PO Box 14272
Lexington, KY 40512

West Charleston Lofts HOA
Attn: Managing Agent
c/o First Service Residential
8290 Arville Street
Las Vegas, NV 89139

OTHER LIEN HOLDERS
Red Rock Financial Services
Attn: Managing Agent
Managing Agent
770 E. Warm Springs Rd.
Suite 320
Las Vegas, NV 89119

   **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh

Hue Banh