_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
July 17, 2020

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                             ) Case No.: 19-16636-MKN
                                                   ) Chapter 11
CENSO LLC,                                         )
                                                   ) Date:  July 8, 2020
        Debtor.                                    ) Time:  9:30 a.m.
_____                )

**ORDER ON NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION FOR RELIEF FROM AUTOMATIC STAY**[1]

On July 8, 2020, the court heard NewRez LLC d/b/a Shellpoint Mortgage Servicing's ("Shellpoint") Motion for Relief From Automatic Stay ("MLS").  The appearances of counsel were noted on the record.  After arguments were presented, the matter was taken under submission.

**BACKGROUND**[2]

On December 17, 2013, Ke Aloha Holdings LLC ("KAH") purchased 11441 Allerton Park Drive #411, Las Vegas, NV 89109 ("Allerton Property") at an HOA foreclosure sale.  See

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.  All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq., unless otherwise indicated.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.  All references to "FRE" are to the Federal Rules of Evidence.

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned bankruptcy case and all public records attached as exhibits to the applicable pleadings.  See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

1

1  Foreclosure Deed, recorded with the Clark County Recorder on December 19, 2013, at
2  Instrument #201312190001201.  (ECF No. 52, Ex. 1).

3        On December 30, 2014, KAH conveyed the Allerton Property to Ke Aloha Holdings
4  Series II, of the KE Aloha Holdings LLC, A Nevada Series Limited-Liability Company ("KAH
5  II").  See Quitclaim Deed, recorded with the Clark County Recorder on December 31, 2014, at
6  Instrument #20141231-0000744.  (ECF No. 52, Ex. 2).

7        On October 31, 2019, United States District Court Judge Richard F. Boulware, II, entered
8  an order in *James W. Pengilly v. KE Aloha Holdings et al.*, Case No. 2:14-cv-01463-RFB-NJK
9  (D. Nev.) holding, in pertinent part, that KAH acquired the Allerton Property subject to a pre-
10 existing deed of trust held by Fannie Mae ("District Court Order").  (ECF No. 52, Ex. 4).

11       On January 9, 2019, KAH II conveyed the Allerton Property "In Consideration Of $10.00
12 and other VALUABLE CONSIDERATION" to Debtor.  See Grant, Bargain, Sale Deed,
13 recorded with the Clark County Recorder on January 9, 2019, at Instrument #20190109-
14 0002527.  (ECF No. 52, Ex. 3).

15       On October 11, 2019, Censo LLC ("Debtor") filed a voluntary Chapter 11 petition.  (ECF
16 No. 1).

17       On February 3, 2020, Debtor filed a motion seeking to extend its exclusivity period
18 ("Exclusivity Motion").  (ECF No. 32, as amended by ECF No. 36).  In pertinent part, Debtor
19 stated the following in support of the Exclusivity Motion:

> 5.   Chapter 11 Plan is for propose of reorganizing 3 investment properties; 1161 Dana Maple Court, 5900 Negril Avenue, and 11441 Allterton Park Dr. # 411 [sic].
>
> 6. Properties were obtained at HOA foreclosure sales.
>
> 7. State court litigation has been completed.  Debtor is proper owner of properties therefore, they are subject to mortgages [sic].
>
> 8. Undersigned counsel has just received appraisals to file and obtain orders valuing investment properties.

>9. In addition, undersigned counsel has researched filing an adversary action on Green Tree Servicing. The property[3] may well be unsecured. ie description and property address is incorrect on Deed of Trust securing said property [sic].
>
>10. Debtor believes in good faith that the extension is necessary and proper to obtain order valuing investment properties. Debtor will also determine if adversary action as to Green Tree Servicing is appropriate. Finally, undersigned counsel will also seek agreements with secured creditors along with a vote for the plan.

Exclusivity Motion, ¶¶ 5-10.

On March 2, 2020, the court entered an order granting the Exclusivity Motion and extending the Debtor's exclusive right to file a plan of reorganization to June 2, 2020. (ECF No. 40).

On May 18, 2020, Shellpoint filed the MLS and accompanying exhibits regarding the Allerton Property. (ECF No. 45).

On June 15, 2020, Debtor filed an opposition ("Opposition") and accompanying exhibits. (ECF No. 52).

On July 7, 2020, Debtor filed a supplement ("Supplement")[4] to its Opposition. (ECF No. 58). On that same day, Debtor also filed an adversary complaint seeking to determine the validity of Shellpoint's lien on the Allerton Property. (ECF No. 57).

## DISCUSSION

By the instant MLS, Shellpoint seeks relief from stay under Sections 362(d)(1) and (2).

I. **Legal Standard.**

Sections 362(d)(1) and (2) state:

---

[3] The court believes Debtor's reference to "property" is to the Allerton Property because (1) Debtor stated in its Schedule "D" that Green Tree held a secured claim collateralized by the Allerton Property, ECF No. 22, and (2) on January 21, 2020, Debtor's counsel represented under penalty of perjury that "Debtor is contemplating filing [an] adversary action" against Green Tree regarding the Allerton Property, ECF No. 27, ¶¶ 7-8.

[4] After the July 8, 2020, hearing on the MLS, Debtor filed a further supplement captioned "Clarification Regarding Motion for Relief form Automatic Stay." (ECF No. 59). The court has not considered this supplement in this Order because the record was closed at the conclusion of the hearing.

3

>    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>    (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>    (A) the debtor does not have an equity in such property; and
>
>    (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. §§ 362(d)(1) and (2).

Under Section 362(d)(1), the moving party "must first establish a prima facie case that cause exists for relief under § 362(d)(1)[,]" including, but not limited to, a lack of adequate protection. See U.S. v. Gould (In re Gould), 401 B.R. 415, 426 (B.A.P. 9th Cir. 2009). See also In re Brice, 2018 WL 6980930, at *4 (Bankr. D. Nev. Dec. 11, 2018) ("Because there is no evidence that the Jeeves Property is depreciating in value, Firebird has not met its burden of demonstrating cause for relief from stay, including a lack of adequate protection, under Section 362(d)(1)."). "Once a prima facie case has been established, the burden shifts to Debtor to show that relief from the stay is not warranted." In re Gould, 401 B.R. at 426, citing 11 U.S.C. § 362(g)(2).

Under Section 362(d)(2), the moving party "has the burden of proof on the issue of the debtor's equity in property" and the opposing party "has the burden of proof on all other issues." 11 U.S.C. §§ 362(g)(1) and (2).

## II.   Analysis.

Debtor does not dispute that Shellpoint's claim relating to the Allerton Property is in the amount of $601,292.15 or that Shellpoint's Note establishing the claim is with James Pengilly, the prior owner of the Allerton Property. See MLS, Ex. 3; Opposition at 2:11 (referring to James Pengilly as the "former owner" of the Allerton Property). Debtor also does not dispute that Debtor was created in December 2018—one month prior to acquiring title to the Allerton

4

Property.[5]  See MLS at 4:13-16 and Ex. 5.  Debtor further concedes that the same person—Melani Schulte—is the principal of KAH, KAH II, and Debtor.  See MLS at 2:9-12 ("The original purchaser at the HOA foreclosure sale was Ke Aloha, LLC.  Title thereafter flowed from KE Aloha, LLC to Ke Aloha Series II, LLC, and then to the instant Debtor in early 2019.  All of the above LLCs are owned/managed by Melani Schulte."); Opposition at 1:21-23 ("Melani Schulte is principal of Ke Aloha Holdings, LLC[,] and two other entities, which have been deeded as property owner.").  Debtor concedes that the appraised value of the Allerton Property is $369,000, i.e. less than the amount of Shellpoint's claim.  See Opposition at 3:1-3 and Ex. 5.  Finally, Debtor does not dispute Shellpoint's contention that at the time the MLS was filed, the Debtor had not offered any adequate protection payments to Shellpoint.  See MLS at 5:14-15.  Indeed, Debtor's monthly operating report for the month ending April 2020 confirms that Debtor has not made a single post-petition payment to Shellpoint regarding the Allerton Property.  (ECF No. 50).  These undisputed facts establish "cause" under Section 362(d)(1) and the lack of equity under Section 362(d)(2)(A), thereby shifting the burden to Debtor under Section 362(g)(2).  Debtor has failed to satisfy its burden.

    First, Debtor has not made any progress toward reorganization for more than 5 months since it represented in the Exclusivity Motion that it required the additional time to value its three real properties or file an adversary proceeding to challenge Shellpoint's lien on the Allerton Property.  Indeed, Debtor filed its adversary complaint one day prior to the hearing on the MLS and had not filed a single valuation motion as of the July 8, 2020, hearing.  Debtor's exclusivity period has expired, and Debtor has not presented any evidence that the Allerton Property is necessary to an effective reorganization under Section 362(d)(2)(B).  Therefore, the court finds and concludes that relief from the automatic stay is warranted under Section 362(d)(2).

---

[5] At the July 8, 2020, hearing, Debtor's counsel was unsure of the date that Debtor was formed but appeared to represent that it was formed on October 9, 2020—only two days prior to the current bankruptcy filing.  For purposes of this Order only, the court will assume that Debtor was formed in December 2018, and not October 9, 2020.

Second, although Debtor represents its willingness to make $1,000 in monthly adequate protection payments,[6] it further concedes that the "required debtor/creditor relationship does not exist", thereby establishing a "basis for relief from stay." See Opposition at 2:14-15. Debtor thereafter seemingly makes an inconsistent representation that "there is direct relationship between debtor/creditor by virtue of foreclosure deed as well as [the District Court Order]." Id. at 2:18-19. However, the District Court Order merely held that KAH's acquisition of the property via an HOA foreclosure sale did not extinguish a prior secured lien. The District Court Order therefore recognized a secured creditor's in rem rights against the Allerton Property, but it did not establish an in personam creditor relationship with KAH and its successors. After being delayed by the automatic stay for approximately one year by a Debtor who has made no measurable progress towards reorganization in a relatively uncomplicated Chapter 11 case, Shellpoint is not required to incur additional delay by a Debtor with whom it does not share a debtor-creditor relationship. The court finds and concludes that "cause" exists to terminate the automatic stay under Section 362(d)(1).

Shellpoint also requests a waiver of the 14-day stay under FRBP 4001(a)(3), attorney's fees/costs, and "the immediate pre-confirmation distribution and accounting of any funds being held as adequate protection for Secured Creditor." See MLS at 8:18-26. The court will grant the waiver of the 14-day stay as unopposed. The court will deny the remaining two requests because they were not discussed in the pleadings or at the hearing and are otherwise improper for consideration in a motion requesting stay relief.

**IT IS THEREFORE ORDERED** that NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion for Relief From Automatic Stay, Docket No. 45, be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**. Specifically, the court grants Shellpoint relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and (2) regarding 11441 Allerton

---

[6] In its Supplement, Debtor further asserts, without a supporting declaration or affidavit, that it has invested $133,000 in improvements and repairs on the Allerton Property. Even assuming this is true, this representation is not relevant to the court's determination under Sections 362(d)(1) and (2).

6

Park Drive #411, Las Vegas, NV 89109 and further waives the 14-day stay under Fed. R. Bankr. P. 4001(a)(3).  The court denies the remaining requests for Shellpoint's Motion for Relief From Automatic Stay.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

CENSO LLC
ATTN:  OFFICER OR MANAGING AGENT
9811 W. CHARLESTON BLVD., SUITE 2-351
LAS VEGAS, NV 89117

# # #