COREY B. BECK, ESQ.
Nevada Bar No.: 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, NV 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
Email: becksbk@yahoo.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In Re: | ) | BK-S-19-16636-MKN |
| | ) | Chapter 11 |
| CENSO LLC. | ) | |
| | ) | |
| | ) | HEARING DATE: September 2, 2020 |
| Debtor. | ) | HEARING TIME:   9:30 AM |
| | ) | |

**MOTION FOR RELIEF FROM JUDGMENT PURSUANT
TO FRCP RULE 59 AND BANKRUPTCY RULE 9023**

   The Debtor, CENSO LLC., by and through their counsel, COREY B. BECK, ESQ., of THE LAW OFFICE OF COREY B. BECK, P.C. respectfully files this motion as follows;

**FACTS**

1.   Motion for Relief From Stay regarding 11441 Allerton Park Drive, #411 Las Vegas, NV 89109 (hereinafter "Allerton property") was by Michael W. Chen, Esq., on behalf of NEWREZ LLC., d/b/a ShellPoint Mortgage Servicing on May 18, 2020.

2.   An Order Lifting Stay on subject property was entered on July 17, 2020. *See Exhibit "1" - Order Lifting Stay.*

3.   In this motion, movant will assert that Censo, LLC., has direct relationship with creditor.

4.   In addition, movant will contend that Debtor does dispute validity of debt.

5.   In addition, Censo through Melani Schulte is seeking to rent subject property for $2,800.00/month, which is more than contractual monthly payment - $2,500.00/month. *See Exhibit "2" - Declaration of Melani Schulte.*

6.     Debtor is seeking to have stay reinstated so that it could be rented out without the threat of immediate foreclosure. *See Exhibit "2" - Declaration of Melani Schulte.*

7.     Debtor has made offer and would tender adequate protection payment during pending of adversary complaint. *See Exhibit "2" - Declaration of Melani Schulte.*

## **LEGAL ARGUMENT**

**FRCP Rule 59**

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
    (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
    (b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.
    (c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
    (d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

    (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

**Rule 9023**

Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.  (As amended Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 25, 2014, eff. Dec. 1, 2014.)

                               Notes of Advisory Committee on Rules—1983
Rule 59 F.R.Civ.P. regulates motions for a new trial and amendment of judgment. Those motions must be served within 10 days of the entry of judgment. No similar time limit is contained in Rule 3008 which governs reconsideration of claims.
                               Committee Notes on Rules—2009 Amendment
The rule is amended to limit to 14 days the time for a party to file a post judgment motion for a new trial and for the court to order sua sponte a new trial. In 2009, Rule 59 F. R. Civ. P. was amended to extend the deadline for these actions to 28 days after the entry of judgment. That deadline corresponds to the 30-day deadline for filing a notice of appeal in a civil case under Rule 4(a)(1)(A) F.R.App.P. In a bankruptcy case, however, the deadline for filing a notice of appeal is 14 days. Therefore, the 28-day deadline for filing a motion for a new trial or a motion to alter or amend a judgment would effectively override the notice of appeal deadline under Rule 8002(a) but for this amendment.

1    This motion is timely under Federal Rules of Bankruptcy Procedure. Court Order Lifting
2 Stay was entered on July 17, 2020. This motion is filed on July 31, 2020. Therefore, said
3 motion if filed within 14 days of entry of the order. Rule 9023 of the Federal Rules of
4 Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure. The bottom
5 line is that the Debtor falls within the 14 days of the entry of the order to seek relief under Rule
6 59. Undersigned counsel submits there is valid basis for amending finding of facts. Therefore,
7 providing basis to reimpose the stay.
8    On July 17, 2020, Order Lifting Stay, Court found there was "cause" to lift stay. In
9 particular, Court found that ShellPoint did not share debtor-creditor relationship. Under 11
10 U.S.C. §506(a)(1) notes "an allowed claim of a creditor secured by a lien on property in which
11 the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured
12 claim to the extent of the value of such creditor's interest in the estate interest in such property."
13    In particular, Censo is asserting through its own adversary action - Censo, LLC., v.
14 NEWREZ LLC., d/b/a ShellPoint Mortgage Servicing Case # 20-01077-MKN - that ShellPoint
15 has unsecured claim. §506(a)(1) references estate's interest in property. Debtor contends that
16 estate has direct and strong interest in property. Debtor's predecessor purchased subject property
17 at HOA foreclosure sale. Property has been transferred to Censo, LLC. Moreover, United States
18 District Court order states that Ke Aloha Holdings, LLC., was owner of the property but subject
19 to Fannie Mae's deed of trust (federal interest). "The Court quiets title and dealings that
20 Defendant Ke Aloha acquired the subject property to Fannie Mae's deed of trust." Therefore,
21 under §506 analysis, debtor satisfies "interest in such property".
22    For purposes of considering Motion for Relief From Stay, Debtor is seeking to rent out
23 property at $2,850.00/month, which is more than $2,500.00/month contractual payment. Debtor
24 through counsel submits this property is necessary for reorganization. As Debtor has spent
25 $133,000.00 on improvements and repairs. Debtor's intent is to rent out subject property.
26 Moreover, Debtor offered adequate protection prior to Motion for Relief From Stay hearing
27 being heard. Moreover, Debtor will tender adequate protection payments during pendency of
28 adversary action. *See Exhibit "2" - Declaration of Melani Schulte.* It is fair and equitable to

reimpose stay while adversary action is pending subject to adequate protection payments being tendered to the Bank by the Debtor.

**RELIEF REQUESTED**

1. Order Reconsidering July 17, 2020 Order Lifting Stay;

2. Order reimposing stay conditioned on payment of adequate protection;

3. All other relief the court deems appropriate.

DATED this 31st day of July, 2020.

                          Respectfully submitted,

                          /s/ COREY B. BECK
                          COREY B. BECK, ESQ.
                          Nevada Bar No. 005870
                          THE LAW OFFICE OF COREY B. BECK, P.C.
                          425 South Sixth Street
                          Las Vegas, NV 89101
                          Tel: (702) 678-1999
                          Fax: (702) 678-6788
                          becksbk@yahoo.com

                          Attorney for Debtor

                            ###