**TIFFANY & BOSCO, P.A.**
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Krista J. Nielson, Esq.
Nevada Bar No. 10698
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 20-71093

Attorneys for *Secured Creditor* Selene Finance LP

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No. 19-16636-mkn |
| CENSO LLC., | Chapter 11 |
| Debtor. | **RESPONSE TO MOTION TO VALUE COLLATERAL AND MODIFY RIGHTS OF SELENE FINANCE LP PURSUANT TO 11 U.S.C §506(a), §1111, AND §1123 (1161 DANA MAPLE COURT, LAS VEGAS, NV 89123)** |

### RESPONSE TO MOTION TO VALUE COLLATERAL

Selene Finance LP ("Creditor") as secured creditor of the above-entitled Debtor, Censo, LLC (hereinafter "Debtor"), hereby responds to Debtor's Motion to Value Collateral ("Motion"). The basis of the objection is stated below:

**I.      STATEMENT OF FACTS**

On or about April 16, 2009, Kathleen Fraker ("Borrower") executed a promissory note in the principal sum of $219,850.00 (the "Note"), which was made payable to Taylor, Bean & Whitaker Mortgage Corp. The Note is secured by a deed of trust (the "Deed of

1

1  Trust") encumbering the real property located at 1161 Dana Maple Court, Las Vegas, NV
2  89123 ("Subject Property"). [1] Creditor currently holds possession of the Note, which is
3  indorsed in blank, and the Deed of Trust has been assigned to Creditor.  The Borrower is
4  not a party to this bankruptcy proceeding.

5        Borrower ultimately failed to pay the Homeowners Association ("HOA") fees and
6  he HOA subsequently recorded a lien, a notice of default, and ultimately proceeded to
7  hold its foreclosure sale.  At the sale, an entity known as KE Aloha Holdings LLC ("HOA
8  purchaser") purchased the Subject Property for $16,500.00.  The HOA purchaser then
9  filed a complaint in state court to quiet title in its own name.
10

11        On December 31, 2014, a Quitclaim Deed purporting to transfer the property to
12  Ke Aloha Holdings Series V, of the Ke Aloha Holdings LLC, A Nevada Series Limited-
13  Liability Company was recorded with the Clark County Recorder's Office.

14        On December 11, 2018, Censo LLC was formed with the Nevada Secretary of
15  State.
16
         On January 9, 2019, a Grant, Bargain, Sale Deed purporting to transfer the
17
18  property to Censo LLC was recorded with the Clark County Recorder's Office.

19        On January 16, 2019, the state court granted Defendant's Motion for Summary
20  Judgment and found that the HOA purchaser holds an interest in the property subject to
21  the underlying First Deed of Trust.  Undeterred in its attempt to obtain the Subject
22  Property for pennies of its actual worth, Censo LLC filed the instant Bankruptcy Case on
23
   October 11, 2019.  The filing of this bankruptcy petition is merely a delay tactic employed
24
25
26
   ---
   1 The Note and Deed of Trust are collectively referred to herein as the "Loan."

2

by the debtor to delay Secured Creditor from foreclosing on its deed of trust, as it is legally entitled to do.

On February 6, 2020, Creditor filed its Proof of Claim with a total secured claim in the amount of $330,345.25 and a pre-petition arrearage claim in the amount of $137,660.41. *See* Claim No. 1-1 on the Claim Register.

On July 15, 2020, Debtor filed a Motion to Value Collateral seeking to limit Creditor's claim to a purported fair market value of $280,000.00 based upon an appraisal dated January 2, 2019.

## II.     ARGUMENT

**A.     THERE IS NO CONTRACTUAL PRIVITY BETWEEN THE PARTIES AND DEBTOR CANNOT MODIFY CREDITOR'S CLAIM WITHOUT VIOLATING 11 U.S.C. §524(e).**

The most substantially flaw with the Debtor's Motion is that the Debtor cannot modify the underlying claim as the Debtor, Censo LLC, does not have contractual privity with Creditor, and any modification would impermissibly modify the liability of non-debtor, Kathleen Fraker. The Debtor has no contractual relationship with Creditor or liability on the underlying debt. By proposing to modify the instant claim, Debtor is unilaterally forcing Creditor to extend financing to Debtor on terms that the Debtor proposes. Moreover, any modification of Kathleen Fraker's respective personal liability, would violate 11 U.S.C. §524. Section 524(a) provides for the discharge of personal liability on certain debts *of the debtor*. Section 524 does not, however, provide for the release or modification of personal liability for a third party non-debtor. To the contrary, 11 U.S.C. § 524(e) expressly provides that a discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt. 11 U.S.C. § 524(e). The Ninth Circuit has repeatedly recognized this and reiterated for over two decades that the bankruptcy court does not have the authority to release the

liability of non-debtors, and a plan which contains such a provision may not be confirmed. *Deocampo v. Potts*, 836 F.3d 1134, 1143 (9th Cir. 2016)(noting that "we have 'repeatedly held without exception' that, in a Chapter 11 proceeding, '§524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors.")(citing *In re Lowenschuss*, 67 F.3d 1394 (9th Cir. 1995)); *see also, Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 (9th Cir. 2002); *In re American Hardwoods, Inc.*, 885 F.2d 621, 626 (9th Cir. 1989); *In re Sun Valley Newspapers, Inc.,* 171 B.R. 71, 77 (9th Cir. B.A.P. 1994).

The Debtor's Motion, however, seeks to alter and modify the personal liability of non-debtor, Kathleen Fraker. Here, Debtor is neither liable for nor a party to any of the Note and Deed of Trust. Despite this fact, Debtor's Motion seeks to modify the terms of the Loan on the basis that Debtor received an interest in the Property through the HOA sale. The Kathleen Fraker, however, remains liable for the debt pursuant to the loan documents. Based upon the foregoing, Creditor's claim cannot be modified as such a modification would effectively discharge the liability of non-filing Kathleen Fraker in violation of Section 524(e). Any attempt to value the collateral, as a consequence, is irrelevant and immaterial and for this reason, the instant Motion must be denied.

**B.   CREDITOR REQUESTS AN OPPORTUNITY TO OBTAIN A VERIFIED APPRAISAL OF THE SUBJECT PROPERTY**

11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

The Debtor's Motion alleges the Subject Property's value is $280,000.00 and requests the Court to reduce Creditor's secured claim from $330,345.25 to a secured claim of $280,000.00. Creditor requests a continuance of Debtor's Motion for at least 60 days to allow the Creditor to obtain a verified appraisal of the Subject Property. As it will require access to the Subject Property to conduct an interior inspection, the Creditor would

4

1  request the cooperation of the Debtor. Based upon the foregoing, Creditor requests that
2  the Court continue the Debtors' Motion for at least 60 days to allow the Creditor to
3  conduct an appraisal on the Subject Property.
4    WHEREFORE, Creditor respectfully requests:
5    1. The Debtor's Motion to value Collateral be denied; or in the alternative,
6    2. The Debtor's Motion to Value Collateral be continued for at least 60 days
7  to afford the Creditor an opportunity to obtain an appraisal of the Subject Property; and
8    3. For such other and further relief as this Court deems just and proper.

  DATED this 6th day of August, 2020.

                **TIFFANY & BOSCO, P.A.**

                By /s/ Ace C. Van Patten, Esq.
                ACE C. VAN PATTEN, ESQ.
                Attorney for Secured Creditor
                10100 W. Charleston Boulevard
                Suite 220
                Las Vegas, NV 89135

**TIFFANY & BOSCO, P.A.**
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Krista J. Nielson, Esq.
Nevada Bar No. 10698
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 20-71093

Attorneys for *Secured Creditor* Selene Finance LP

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No.: 19-16636-mkn |
| CENSO LLC., | Chapter  11 |
| Debtor, | **CERTIFICATE OF SERVICE** |

### CERTIFICATE OF SERVICE

1. On this 6th day of August, 2020, I served the following documents:

**RESPONSE TO MOTION TO VALUE COLLATERAL AND MODIFY RIGHTS OF SELENE FINANCE LP PURSUANT TO 11 U.S.C §506(a), §1111, AND §1123 (1161 DANA MAPLE COURT, LAS VEGAS, NV 89123)**

2. I caused to be served the above-named document by the following means to the persons as listed below:

   X   **a. ECF System**

      Corey B. Beck
      becksbk@yahoo.com
      Attorney for Debtor

      U.S. Trustee - LV - 11
      USTPRegion17.lv.ecf@usdoj.gov
      Trustee

6

1       X   **b. United States mail, postage fully prepaid:**

        Corey B. Beck
        425 South 6th Street
        Las Vegas, NV 89101
        Attorney for Debtor

        Censo LLC.
        9811 W. Charleston Blvd.
        Suite 2-351
        Las Vegas, NV  89117
        Debtor

      **I declare under penalty of perjury the foregoing is true and correct.**

DATED this 6th day of August, 2020.

By: __/s/ Michelle Benson__

7