COREY B. BECK, ESQ.
Nevada Bar No.: 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, NV 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
Email: becksbk@yahoo.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: ) | BK-S-19-16636-MKN |
| ) | Chapter 11 |
| CENSO LLC. ) | |
| ) | |
| ) | HEARING DATE: September 30, 2020 |
| Debtor. ) | HEARING TIME:   9:30 AM |
| _____ ) | |

**MOTION TO VALUE COLLATERAL AND MODIFY RIGHTS OF FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") C/O DITECH FINANCIAL , LLC. FKA GREEN TREE SERVICING PURSUANT TO 11 U.S.C §506(a), §1111, AND §1123 (5900 NEGRIL AVENUE, LAS VEGAS, NV 89130)**

Debtor, CENSO LLC. and  by and its attorney, Corey B. Beck, Esq., move this Court to value collateral pursuant to 11 U.S.C. §506(a), §1111 and §1123, and Bankruptcy Rules 3012 and 9014.  This Motion is based on the following Memorandum of Points and Authorities, the Debtor's Declaration and attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

## POINTS AND AUTHORITIES

1. The Debtor filed a Chapter 11 petition on October 11, 2019.

2. Debtor is in the process of preparing a Chapter 11 plan.

3. Censo LLC. is the owner of the real property located at: 5900 Negril Avenue, Las Vegas, NV 89130.

4. As of the date the Chapter 11 petition, there is no second deed of trust recorded against this property.

5. The first deed of trust is serviced by Federal National Mortgage Association ("Fannie Mae") secured amount known.

1

6. Debtor had the Property appraised by Quality Appraisal Services. The appraiser valued the property at $363,000.00 **(A true and correct copy if the appraisal is attached as Exhibit "1").**

7. The subject property is not the primary residence.

8. Federal National Mortgage Association ("Fannie Mae") listed total claim of $517,569.54 in the Motion for Relief From Stay.

9. Because value of the property is less than the debt owed on the first deed of trust the Debtor is seeking an Order of this Court valuing the collateral for purposes of a cram down against the holders fo the first deed of trust.

## B. ARGUMENT

A wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a). The 9th Circuit reviewed and discussed *Nobelman v. American Savings Bank,* 508 U.S. 11 324 (1993), regarding claims "secured" by real property, and the subsequent majority and minority interpretation and application of *Nobelman* to 11 U.S.C. §506 compelling and held:

"Section 506(a) divides creditors' claims into 'secured ...claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the debtor has a security interest in the debtor's property, §506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest ...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under Bankruptcy Code, 'secured claim' is a term of art and not every claim is secured by a lien on property will be considered a 'secured claim'.

Debtor further requests that the valuation of the collateral be binding against the holder of the first deed of trust.

DATED this 21st day of August, 2020.

      /s/ COREY B. BECK
COREY B. BECK, ESQ.
Nevada Bar No.: 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, NV 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
Email: becksbk@yahoo.com

Attorney for Debtor