COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: ) | BK-S-19-16636-MKN |
| ) | Chapter 11 |
| CENSO, LLC. ) | |
| ) | |
| ) | HEARING DATE: September 2, 2020 |
| Debtor. ) | HEARING TIME:  9:30 AM |
| _____ ) | |

**OPPOSITION TO NEWREZ, LLC., D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION FOR RELIEF FROM AUTOMATIC STAY and MOTION TO ACCOUNT FOR AND SEQUESTER RENTAL INCOME AND/OR FOR ADEQUATE PROTECTION**

COMES NOW, Debtor, CENSO, LLC. ("Debtor"), by and through their attorney, COREY B. BECK, ESQ., hereby opposes the NewRez, LLC., d/b/a/ Shellpoint Mortgage Servicing's ("secured creditor") Motion for Relief From Automatic Stay as follows:

1. Ke Aloha Holding, LLC., purchased 5900 Negril Avenue ("Subject Property") on December 23, 2013 at a HOA foreclosure sale. *See Exhibit "1" - HOA Foreclosure Deed/ Trustee's Deed of Sale.*

2. Ke Aloha Holdings, LLC., deeded subject property to Ke Aloha Holdings, LLC., on December 31, 2014. *See Exhibit "2" - December 31, 2014 Deed.*

3. Ke Aloha Holdings, LLC., transferred property to Censo, LLC., on January 9, 2019. *See Exhibit "3" - January 9, 2019 Deed.*

4. Debtor filed Motion to Value Property on August 20, 2020. Hearing is set for September 30, 2020. Debt is approximately $517,569.54. Value is $363,000.00. *See Exhibit "4" - Copy of Appraisal.*

5. Debtor has made offer of adequate protection - $1,400.00/month while Motion to

Value and Motion for Relief From Automatic Stay are pending.

6. In this opposition, Debtor will distinguish facts in case-at-bar from case law offered by Similarly.

## LEGAL AUTHORITY

## CASE LAW CITED BY MOVANT IS DISTINGUISHABLE FROM FACTS OF THIS CASE

In re Wright 183 B.R. 541 (Bankr. C.D. Ill. 1995) cited by movant is distinguishable from instant case. Case cited was Chapter 12 bankruptcy not Chapter 11 reorganization. In Wright, Debtor's parents transferred property at issue to the Wrights/Debtors. The loan was executed with the parents of the debtor. In instant case, Debtor purchased property at HOA foreclosure. Debtor has direct relationship in that consideration was paid at HOA sale for property. Debtor is not "stranger" to the property as it is executed through foreclosure sale.

Similarly, In re Kizelnik 190 B.R. 171 (Bankr. S.D.N.Y. 1995) which was cited by movant is distinguishable from instant case. In Kizelnik, Chapter 13 petitioner was tenant/optionee of premises. Court ruled that Chapter 13 debtor did not have standing. Case cited is Chapter 13 as opposed to Chapter 11. Moreover, in case-at-bar, Censo, LLC., is directly on title by virtue of HOA purchase which is distinct from rationale of Kizalnik case.

In addition, In re Parks is also cited by movant in support of motion. Parks is distinguishable because it is a Chapter 13 case not Chapter 11. Moreover, Parks dealt with property which is inherited. In instant case, Debtor purchased property at HOA foreclosure sale.

With respect to adequate protection, Debtor has submitted offer of $1,400.00/month. Debtor asserts that it is inconsistent to have interest in cash collateral (right to recover income from property) but than also arguing this Debtor has no standing under the note. Secured creditor argues that payment of "rents" (adequate protection) exists by virtue of note which creditor is demanding of this debtor. See Page 8 Line 28 of Motion for Relief From Stay (attached Deed of Trust). In particular, creditor cites basis for payment of rents is underlying note. It is also reasonable that there is a nexus "claim" between secured creditor and debtor. Debtor has "claim" and sufficient basis to modify rights of secured creditor.

In particular, if creditor has valid basis for payments of rent (adequate protection) then Debtor has basis to assert that creditor's claim can be modified in Chapter 11 reorganization. If Debtor has liability under note (obligation to pay rent) then it should be stated that Bank has "claim." It follows that there is debtor/creditor relationship sufficient that rights of Bank can be modified under Chapter 11 reorganization.

DATED this 24th day of August, 2020.

    /s/ COREY B. BECK, ESQ.
COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | BK-S-19-16636-MKN |
| CENSO, LLC. | Chapter 11 |
| Debtor. | HEARING DATE: September 2, 2020<br>HEARING TIME: 9:30 AM |

**CERTIFICATE OF MAILING OF OPPOSITION TO NEWREZ, LLC., D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION FOR RELIEF FROM AUTOMATIC STAY and MOTION TO ACCOUNT FOR AND SEQUESTER RENTAL INCOME AND/OR FOR ADEQUATE PROTECTION**

I hereby certify that on the 24th day of August, 2020, I mailed a true and correct copy of the *OPPOSITION TO NEWREZ, LLC., D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION FOR RELIEF FROM AUTOMATIC STAY and MOTION TO ACCOUNT FOR AND SEQUESTER RENTAL INCOME AND/OR FOR ADEQUATE PROTECTION,* was sent ECF electronic mail, facsimile and/or first class mail, postage pre-paid, to the following parties of interest, at their last known addresses, as follows:

Michael Chen, Esq.                                **SENT VIA ECF ELECTRONIC MAIL**
McCARTHY & HOLTHUS
9510 West Sahara Avenue
Suite 200
Las Vegas, NV 89117
Ph.: (702) 685-0329
Fax: (866) 339-5691
NVBK@McCarthyHolthus.com
Mchen@Mccarthyholthus.com

                            /s/ VANESSA ANDERSON
                            An Employee of
                            The Law Office of Corey B. Beck, P.C.