EXHIBIT "3"

## RECORDING COVER PAGE

Inst #: 20200210-0001617
Fees: $42.00
02/10/2020 12:31:22 PM
Receipt #: 3984118
Requestor:
MCCARTHY & HOLTHUS, LLP
Recorded By: TAH  Pgs: 10
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

Must be typed or printed clearly in black ink only.

APN: 164-02-113-031

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

### TITLE OF DOCUMENT (DO NOT Abbreviate)

Order

Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.

Recording requested by:

McCarthy & Holthus, LLP

Return to:

Name    McCarthy & Holthus, LLP

Address    9510 W. Sahara Ave., Suite 200

City/State/Zip    Las Vegas, NV 89117

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES W. PENGILLY,<br><br>    Plaintiffs,<br><br>v.<br><br>KE ALOHA HOLDINGS et al.,<br><br>    Defendants. | Case No. 2:14-cv-01463-RFB-NJK<br><br>**ORDER** |
| AND ALL RELATED COUNTER ACTIONS, | |

## I. INTRODUCTION

Before the Court are Defendant Ke Aloha Holdings, LLC's ("Ke Aloha") Motion for Release of Funds, Defendant West Charleston Lofts Owners Association's Motion of Summary Judgment, and Defendant Ditech Financial LLC f/ka/ Green Tree Servicing, LLC's ("Ditech") Motion for Summary Judgment. ECF Nos. 179, 183, and 184. For the following reasons, the Court grants Green Tree Servicing LLC's Motion for Summary Judgment and Ke Aloha's Motion for Release of Funds and denies the other motions.

## II. PROCEDURAL BACKGROUND

Plaintiff James W. Pengilly ("Pengilly") began this case in the Eighth Judicial District Court of Clark County, Nevada, where he sought quiet title and declaratory relief that a HOA foreclosure sale conducted pursuant to Chapter 116 of the Nevada Revised Statutes ("NRS") in December 2013 was unlawful. ECF No. 1-2. Defendant United States Internal Revenue Service

Case 2:14-cv-01463-RFB-NJK  Document 195  Filed 10/31/19  Page 2 of 9

(the "IRS") removed the case to federal court on September 10, 2014. ECF No. 1. The IRS answered the complaint on October 20, 2014. ECF No. 8. Defendants Bill Blanchard, Douglas L. Crook, Erika Geiser, and Kenneth R. Sailley moved for summary judgment on February 13, 2015, which Ke Aloha also joined on February 24, 2015. ECF Nos. 14, 15. Counter Defendant West Charleston Lofts Owners Association filed a motion to dismiss on June 24, 2015. ECF No. 38. On January 13, 2016, the Court denied all pending motions without prejudice so that discovery could continue. ECF No. 70. On March 30, 2016, the parties filed new motions for summary judgment. ECF Nos. 81 – 85. On March 31, 2017, the Court stayed the case pending petitions for writs of certiorari before the United States Supreme Court in two relevant cases. Bourne Valley Ct. Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017); Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., 388 P.3d 970 (Nev. 2017). ECF No. 142. On April 10, 2019, the Court lifted the stay. ECF No. 178. The instant motions were filed on May 17, 2019. ECF Nos. 181, 183, 184.

### III.  FACTUAL BACKGROUND

The Court makes the following findings of disputed and undisputed facts:

#### a. Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 11441 Allerton Park, # 411, Las Vegas, Nevada 89109 (the "property"). The property sits in a community governed by the West Charleston Lofts Owners Association (the "HOA"). The HOA requires its community members to pay HOA dues.

On or about December 21, 2009, James W. Pengilly, as trustee of the James W. Pengilly Trust, obtained a loan from Bank of America, N.A. ("BANA") in the amount of $414,000. The deed of trust was recorded against the property on March 29, 2010. The deed listed Pengilly as the

- 2 -

borrower, BANA as the lender, and Recon Trust Company as the trustee. On April 7, 2011, BANA recorded an assignment of the deed of trust to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. On November 17, 2011, an assignment of the deed of trust was recorded, showing that Countrywide Home Loans, Inc. had assigned the deed of trust to Ditech on September 29, 2011. On March 19, 2013 a corrective corporational assignment of the deed of trust was recorded, showing that BANA, as successor by merger to BAC Home Loans Servicing had assigned the deed of trust to Ditech effective September 29, 2011.

Pengilly fell behind on HOA dues. Between September 2013 and December 2013, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell, and finally a notice of foreclosure sale. On or around December 13, 2013, Ke Aloha purchased the property as evidenced by a foreclosure deed recorded on December 19, 2013.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in January 2010. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. Ditech serviced the note and was listed as the beneficiary of the deed of trust, on behalf of Fannie Mae, at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide").[1] The Guide provides that servicers may act as record

///

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 3 -

beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The Court finds there to be no material disputed facts.

## IV. LEGAL STANDARD

### a. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### b. Wrongful Enjoinment Under Fed. R. Civ. P. 65(c)

Rule 65(c) of the Federal Rules of Civil Procedure allows the Court to issue preliminary injunctions or temporary restraining orders "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A party is considered wrongfully enjoined or restrained when, "it turns out [that] the party enjoined had the right all along to do what it was enjoined from doing." Nintendo of America, Inc. v. Lewis Galoob Toys, Inc., 16 F.3d 1032, 1036 (9th Cir. 1994). There is a rebuttable presumption that the wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond. Id.

V.  **DISCUSSION**

   a. **Summary Judgment Motion**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3), resolves this matter. The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovksy, 869 F.3d at 927–31. Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.

Despite Berezovksy, Ke Aloha argues that summary judgment is not warranted because at the time of the HOA sale, the publicly recorded documents showed Ditech as the beneficiary of

///

Case 19-16636-mkn    Doc 89-3    Entered 08/31/20 14:01:36    Page 9 of 11

Case 2:14-cv-01463-RFB-NJK   Document 195   Filed 10/31/19   Page 7 of 9

the deed of trust. Ke Aloha also argues that NRS 111 prevents an unrecorded interest from being asserted against it, and that the Federal Foreclosure Bar does not apply to bona fide purchasers.

The Court finds that none of these arguments have merit. In Daisy Trust v. Wells Fargo Bank, N.A., the Nevada Supreme Court upheld the application of the Federal Foreclosure Bar in a case substantially similar to this one, holding that it was not necessary for the deed of trust beneficiary to have publicly recorded its interest in order to establish that it was the owner of the loan at the time of the foreclosure sale. 445 P.3d 846, 849 (Nev. 2019). The Nevada Supreme Court also specifically considered and rejected whether the recordation statutes of NRS 106.210 or NRS 111.325 required that the enterprise record its interest, and rejected those arguments, finding that internal documents and printouts from the enterprise's internal database were sufficient to show a principal-agency relationship between the record deed of trust beneficiary and the government sponsored enterprise. Id. at 848 – 50. Furthermore, because the Nevada Supreme Court found that Nevada's recording statutes did not require the government sponsored enterprise to publicly record its ownership interest, the Nevada Supreme Court found it unnecessary to address arguments that a party's status as a bona fide purchaser insulates it from the Federal Foreclosure Bar's effect. Id. at 849. Thus this Court adopts that same reasoning and does not address Ke Aloha's bona fide purchaser argument here.

Here, as in Daisy Trust, Plaintiffs attach printouts from Fannie Mae's Servicer and Investor Reporting ("SIR") electronic database. The printouts are accompanied by a declaration of Graham Babin, an employee of Fannie Mae. Babin translates the printouts and identifies the Guide. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the servicing history of the loan. The Court finds this evidence sufficient to support the fact that there was a principal-agency relationship between

Fannie Mae and the record beneficiary of the deed of trust, such that Fannie Mae owned the loan on the date of the foreclosure sale.

Based on the foregoing, the Court grants summary judgment in favor of Ditech and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims as a result.

### b. Motion to Release Funds

The Court now discusses Ke Aloha's unopposed motion for release of funds deposited with the Court Clerk's registry. Ke Aloha attaches to its unopposed motion documents, primarily an email, that purport to establish that Pengilly has relinquished all rights to the property. As Ke Aloha has now established a superior right to the property at issue, Ke Aloha argues that it is entitled to the funds previously deposited by Pengilly with the Court, as the deposits were made solely for Ke Aloha's benefit in the event that it was wrongfully enjoined. The Court notes that in the state court hearing in which the original preliminary injunction issued, there was a hearing in which the state court determined the appropriate monthly bond amount to be $1,200, a finding that this Court upheld at a hearing and subsequently issued written order. ECF Nos. 37, 41. The Court further notes that under Local Rule 7-2, Pengilly is deemed to have consented to the motion as no opposition has been filed. For these reasons, the Court thus finds that Ke Aloha is entitled to have the bond executed in its favor and grants the motion to release funds.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Ditech's Motion for Summary Judgment (ECF No. 184) is granted as to its quiet title claim. The Court quiets title and declares that Defendant Ke Aloha acquired the property subject to Fannie Mae's deed of trust.

**IT IS FURTHER ORDERED** that Defendant West Charleston Lofts Owners Association's Motion for Summary Judgment (ECF No. 183) is dismissed as moot, as the Court has dismissed the claims upon which this motion was based.

**IT IS FURTHER ORDERED** that Defendant Ke Aloha Holding's LLC's Motion to Release Funds (ECF No. 179) is granted. Defendant Ke Aloha shall submit to the Court within 7 days of the date of this order the name and address where the funds deposited with the Clerk of the Court should be sent. The Court will then issue a separate written order directing release of all funds plus interest to the address designated by Defendant Ke Aloha Holdings, LLC.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this case.

**DATED**: October 31, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

I hereby attest and certify on 2-4-2020
th... ... foregoing document is a full, true
a... ... copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
By _____ Deputy Clerk

- 9 -