cKristin A. Schuler-Hintz, Esq. SBN 7171
Michael Chen, Esq. SBN 7307
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (877) 369-6122
Fax (866) 339-5691

Attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | ) Case No.  19-16636-mkn |
| | ) |
| | ) Chapter 11 |
| Censo LLC., | ) |
| | ) |
| Debtor. | ) **RESPONSE TO MOTION FOR RELIEF** |
| | ) **FROM JUDGMENT PURSUANT TO** |
| | ) **FRCP RULE 59 AND BANKRUPTCY** |
| | ) **RULE 9023** |
| | ) |
| | ) **Date: 9/2/2020** |
| | ) **Time: 9:30am** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

NEWREZ LLC., d/b/a Shellpoint Mortgage Servicing ("NEWREZ"), Secured Creditor

that had obtained the Order Terminating the Automatic Stay (Dkt. No. 65) that is the subject of

the Debtor's Motion for Relief from Judgment herein, hereby opposes said Motion, by and through undersigned counsel, as set forth below.

## FACTS

1. On 5/18/2020, NEWREZ LLC moved from relief from the automatic stay pursuant to 11 U.S.C. Sec. 362.  See Dkt. No. 45.

2. On 6/15/2020, the Debtor filed its Opposition to said Motion.  See Dkt. No. 52.

3. The initial hearing set on the Motion for Relief from Stay was 6/24/2020 at 9:30am.  See Dkt. No. 47.  The Parties voluntarily continued the initially set hearing to 7/8/2020.  See Dkt. No. 53 and 54.

4. Argument on said Motion was held on 7/8/2020, and the parties fully and meaningfully proffered their arguments to this Court at that time.

5. On 7/17/2020, this Court ruled on the Motion for Relief from Stay and issued its Order, as Dkt. No. 65.  See also, Debtor's Exhibit 1 to the subject Motion.

6. NEWREZ opposes the Debtor's Motion for Relief from Judgment as it fails to carry its burden of demonstrating any grounds for the relief sought under Rule 50/FRBP 9023.

## ARGUMENT

While FRCP Rule 59, and made applicable to Bankruptcy by FRBP 9023, allows for the remedy of relief from judgment (colloquially called a motion for reconsideration) rendered by the Court, it is generally and cautiously applied only in extraordinary circumstances:

Given a court's interest in the finality of judgments, "[m]otions…..for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Ciena Corp. v. Clovis Corp.*, 352 F.Supp 2d 526, 527 (D.DE 2005).  Reconsideration is not permitted simply to allow a "second bite at

the apple."  See *Bhatnagar v. Surrendra Overseas Ltd*., 52 F.3d 1220, 1231 (3d Cir, 1995).  Litigants who fail in their "first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct its mistakes it made in the previous one….[or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *Kennedy Indus.*, 2006 WL 1892685, at *1 (quotation omitted); see also *Brambles USA v. Blocker*, 735 F.Supp 1239, 1240 (D.DE 1990) ("it is not appropriate to re-litigate issues already decided by a court on a motion for reconsideration).

*In Re W.R. Grace & Co.*, 398 B.R. 368, 370 (Bankr. D. DE 2008)

Furthermore, the appropriate use of Rule 59 is stated thus:

The function of a Rule 59( e) motion is to allow a court an opportunity to correct manifest errors of law or fact, or consider the import of newly discovered evidence.  *Publishers Resource, Inc. v. Walker-Davis Publications, Inc*., 762 F.2d 557, 561 (7th Cir. 1985); *Keene Corp. v. International Fidelity Ins. Co*., 561 F.Supp 656, 665 (N.D. IL 1982), aff'd , 736 F.2d 388 (7th Cir. 1984); *F/H Industries, Imc. v. Nat. Fire Ins. Co*., 116 F.R.D. 224, 226 (N.D. IL 1987).  It is not to allow the moving party another "bite at the apple" by permitting that party to argue issues more properly raised prior to final judgment.  *In re BNT Terminals, Inc*., 125 B.R. 963, 977 (Bankr. N.D. IL 1990).  Furthermore, Rule 59( e) "is not a procedural folly to be filed by a losing party who simply disagrees with the decision, otherwise the Court would be inundated with motions from dissatisfied litigants." Id.

*In Re Martinez*, 179 B.R. 90, 95-96 (Bankr. ND IL 1995)

A Motion for Reconsideration is an "extraordinary means of relief," and mandates a correspondingly "heavy burden" of proof by Movant.  The Movant must demonstrate one of the

three following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  See *Calyon N.Y. Branch v. Am. Home Mortgage Corp.*, 383 B.R. 585, 589 (Bankr. D.DE 2008); see also *Energy Future Holdings Corp.*, 575 B.R. 616, 634 (Bankr. D.DE 2017).

In this matter, the Movant fails to carry such burden.   It is unclear as to which of the above bas(es) of proof the Debtor is explicitly claims as foundation to the Motion, but it is clear that intervening change in law is not one of them.  The Debtor appears, perhaps, to be claiming either the presence of "new evidence" of increased adequate protection capability/substantial funds advanced to improve the collateral, and/or clear error of law/fact with regards to the Court failing to find a "debtor-creditor" relationship is the basis for the Motion.  Each is examined in turn.

In the first instance, the Debtor may be claiming that it can now offer more adequate protection to NEWREZ based on allegation of rental income springing from the subject real property.  See Debtor's Motion, Fact Section, paragraph 5.  However, the Debtor's "evidence" of such constitutes mere aspirational anecdote of an intent to rent the subject property at the rate of $2,800.00/month.  The Declaration of Melani Schulte states that it is her desire to do so, NOT that it is indeed being rented for such amount.  See Declaration as Exhibit 2, paragraph 4 ("I am seeking to rent the property for $2,850.00/month.").  No other details appear in the Declaration: no proposed lease agreement, prospective tenant, tenancy term (annual or month-to-month), or any other indicia of any actual rental arrangement beyond a mere hope for such agreement. Indeed, the Docket currently reflects in the latest Monthly Operating Report (filed August 5, 2020), that the subject property derives NO rental income at this time.  As such, this allegation is neither "new" (adequate protection offer(s) were argued at the motion for relief hearing) nor

actually "evidence" of any capacity of the Debtor to offer NEWREZ increased adequate protection, and thus completely fails to support a remedy under Rule 59/FRBP 9023 under prong 2 of the analysis.  The effort here more aptly resembles the prohibited "2nd crack at the apple" on previously insufficient arguments on adequate protection.

Next, the Debtor appears to claim that it is advanced the sum of $133,000.00 to improve the property, ostensibly as some sort of "new evidence" (but it is not clear how that relates to the ruling the underlying motion for relief from stay).  However, this is not anything new that the Debtor is presenting to the Court.  Counsel for the Debtor, in fact, stated as much at the oral argument on 7/6/2020, and in fact this Court further queried the Debtor on such advances.  The Debtor revealed that its predecessor title holder KE Aloha (with same ownership as Censo, LLC) and/or Melanie Schulte personally made those advances to improve the property.  Aside from the fact that this admission makes Ms. Schulte/KE Aloha a creditor to her own LLC in this case (undermining any semblance of corporate formality), its real import, as in the above example, is that this is neither "new" nor "evidence" (simply a bald allegation in the Declaration) that would otherwise upset the Court's previous ruling on stay relief.

Finally, the Debtor then claims that the Court should have found a "debtor-creditor" relationship.  It does not appear that this is "new evidence" per se, as the issue of the non-contractual privity as between the parties was explicitly briefed and argued in the Motion for Relief from Stay/Opposition thereto.  Also, the Debtor does not proffer any additional evidence: both the chain of title of the collateral and promissory note, as well as Judge Boulware's judgment remain of record.  Accordingly, it can only be characterized as an attack upon the Court's finding of fact/law under prong 3 of the abovementioned analysis.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

Under this prong of analysis, the burden of showing is indeed quite high:  there is no uniform or agreed upon definitions of the meaning of "manifest injustice" or "clear error or law or fact."  Some courts have stated that "manifest injustice" means "an error in the trial court that is direct, obvious, and observable….the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it."  See *In re Titus*, 479 B.R. 362, 367-8 (Bankr. W.D. PA 2012).  Also, courts have stated that "clear error in fact or law" is a plain and indisputable error "that amounts to a complete disregard of the controlling law or the credible evidence in the record."  See *Energy Future Holdings Corp*., 575 B.R. 616, 638 (Bankr. D, DE 2017).  The Debtor's argument is devoid of specificity as to how the Court "gets it wrong:"  There is no citation of any controlling law that would militate finding a debtor-creditor relationship, not any new "facts" that would fit into that purported paradigm.  The Debtor simply appears to make conclusory allegation of manifest injustice in the factual finding, but does not demonstrate how.

As it stands/stood at the time, the evidence presented in the motion for relief /oral argument demonstrated that neither Ms. Schulte, KE Aloha, LLC, or Censo, LLC  (the "Schulte entities") are parties to the promissory note secured by deed of trust (they are not signatories to the debt instrument, and was not the party pledging the collateral as security – the original borrower/mortgagor was James Pengilly), nor did the US District Court find that such relationship exists between the NEWREZ and the Shulte entities.  In a confusing manner, the Debtor seems to claim that Judge Boulware's Judgment indeed found such, but in reality it did not.  The judgment only stated that title inured to KE Aloha (and thus Censo), but it was subject to a prior lien encumbrance in favor of NEWREZ.  This is NOT the same meaning as a true debtor-creditor relationship under a long term real estate finance purchase agreement, where

Censo, LLC was obligated to make regular monthly installment payments to NEWREZ.  In fact, Debtor's own Motion for Relief from Judgment curiously claims the opposite conclusion from the evidence:  that NEWREZ is at the same time a creditor obligate under the promissory note, but without lien rights in the collateral.  In reality it is the Debtor's own interpretation of facts in support of this Motion (an obvious self-serving interpretation) that constitute the manifest injustice and clear error of fact/law given the promissory note and prior ruling by Judge Boulware.

Because the Debtor's own Motion is devoid of satisfactory proof of any "manifest injustice" or clear error of fact or law," then it must be denied in its entirety.

## CONCLUSION

For all the foregoing reasons, the Debtor's Motion for Relief from Judgment under Rule 59/FRBP 9023 must be denied in its entirety.

Respectfully submitted,
Dated: 8/31/2020                              McCarthy & Holthus, LLP


By:    /s/  Michael Chen
       Michael Chen, Esq.
       Attorney for Respondent
       NewRez LLC d/b/a Shellpoint Mortgage
       Servicing, its assignees and/or successors