Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 18, 2020

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                                    )   Case No.: 19-16636-MKN
                                                          )   Chapter 11
CENSO, LLC,                                               )
                                                          )
                    Debtor.                               )   Date:   September 16, 2020
                                                          )   Time:   9:30 a.m.
                                                          )

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO**
**FRCP RULE 59 AND BANKRUPTCY RULE 9023**[1]

On September 16, 2020, the Motion for Relief from Judgment Pursuant to FRCP Rule 59 and Bankruptcy Rule 9023 ("Motion") brought by Censo LLC ("Debtor"). The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND**

On October 11, 2019, Debtor filed a voluntary Chapter 11 petition. (ECF No. 1).

On December 11, 2019, Debtor filed its schedules of assets and liabilities ("Schedules") as well as its statement of financial affairs ("SOFA"). (ECF No. 22). On its property Schedule "A/B," Debtor listed, *inter alia*, certain real property located at 11411 Allerton Park Drive, No.

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-referenced case as they appear on the docket maintained by the Clerk of the Court, unless otherwise noted. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq., unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRCP" are to the Federal Rules of Civil Procedure.

1

411, Las Vegas, Nevada 89135 ("Allerton Property") and 5900 Negril Avenue, Las Vegas, Nevada 89130 ("Negril Property").  Other than three parcels of real property, Debtor lists only potential claims against mortgage servicers and lenders having an unknown value.  On its secured creditor Schedule D, Debtor lists three parties having an interest in the Allerton Property, identified as Fannie Mae, Green Tree Servicing LLC, and Red Rock Financial Services.  Debtor lists three parties having an interest in the Negril Property, identified as Fannie Mae, Green Tree Servicing LLC, and MTC Financial/Trustee Corps.  The claims of those parties are designated as contingent and disputed, and the value of the Allerton Property is stated as $358,268 while the value of the Negril Property is stated as $295,966.  In Part 1 of its SOFA, Debtor attests that it has no income, and has made no payments or transfers of property within the past year.

On March 2, 2020, an order was entered extending to June 2, 2020, the exclusivity period under Section 1121 for the Debtor to file a proposed Chapter 11 plan of reorganization.  (ECF No. 40).

On May 18, 2020, creditor Newrez LLC, dba Shellpoint Mortgage Servicing ("Newrez") filed a motion for relief from stay as to the Allerton Property ("Allerton RAS Motion") and noticed it to be heard on June 24, 2020.  (ECF Nos. 45 and 47).  The Allerton RAS Motion sought, *inter alia*, to terminate the automatic stay and to waive the 14-day stay under FRBP 4001(a)(3), as well as attorney's fees and costs.

On June 15, 2020, Debtor filed an opposition to the Allerton RAS Motion.  (ECF No. 52).  Attached to the Debtor's opposition were unauthenticated copies of five documents consisting of three deeds, an order entered by the United States District Court for the District of Nevada on October 31, 2019, and an appraisal of the Allerton Property as of January 12, 2020 showing a value of $369,000.

On July 7, 2020, Debtor filed a supplement to its opposition.  (ECF No. 58).

On July 17, 2020, an order was entered granting the Allerton RAS Motion under Sections 362(d)(1) and 362(d)(2) ("Allerton RAS Order").  (ECF No. 65).  The order terminated the automatic stay and waived the 14-day stay under FRBP 4001(a)(3), but denied all other relief.

On July 28, 2020, Newrez filed a separate motion for relief from stay as to the Negril Property and noticed it to be heard on September 2, 2020 ("Negril RAS Motion"). (ECF Nos. 69 and 71).

On July 31, 2020, Debtor filed the instant Motion seeking relief from the Allerton RAS Order. (ECF No. 73). Attached to the Motion is a copy of Allerton RAS Order and a declaration of the Debtor's principal, Melani Schulte ("Schulte Declaration"). Debtor seeks relief under FRCP 59 that is applicable under FRBP 9023.

On August 24, 2020, Debtor filed an opposition to the Negril RAS Motion. (ECF No. 88).

On September 1, 2020, Newrez filed an opposition to the instant Motion. (ECF No. 91).

On September 15, 2020, Debtor filed its reply in support of the instant Motion. (ECF No. 95).

**DISCUSSION**

By the instant Motion, Debtor seeks relief under FRCP 59 but does not identify any specific subsection under FRCP 59 that would be applicable to its request. It appears, however, that the Debtor is seeking relief under FRCP 59(e) to alter or amend the Allerton RAS Order. The burden of proof and persuasion rests upon the moving party. See, e.g., Carroll v. Nakatani, 342 F.3d 934, 944-45 (9th Cir. 2003). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. Bundorf v. Jewell, 142 F. Supp.3d 1133, 1136 (D. Nev. 2015), quoting Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. Id., citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs, *see Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890

(9th Cir. 2000), and it is not intended to give an unhappy litigant one additional chance to sway the judge.  Bundorf v. Jewell, 142 F. Supp.3d at 1136.

In the Allerton RAS Order, the court concluded that the undisputed circumstances constitute cause under Section 362(d)(1) to allow Newrez to proceed with its remedies against the Allerton Property.  The court also concluded that the Debtor failed to meet its burden imposed by Section 362(g)(2) to establish that the Allerton Property is necessary to an effective reorganization under Section 362(d)(2)(B).  The only evidence the Debtor offers for relief from the Allerton RAS Order is the Schulte Declaration attesting that the Debtor is seeking to rent the Allerton Property and that the threat of foreclosure by Newrez negatively affects its ability to find a tenant.  See Schulte Declaration at ¶¶ 4-5.

Accepting these representations as true, Debtor still has failed to meet its burden to obtain relief from the Allerton RAS Order.  None of the assertions can be characterized as newly discovered evidence especially when the Debtor offered only copies of unauthenticated documents rather than written testimony in its original opposition to the Allerton RAS Motion.  None of the representations now made by the Debtor's principal could not have been made in its prior response.  More important, other than its assertion that the Allerton Property is necessary to an effective reorganization, see Schulte Declaration at ¶ 8, Debtor still does not even attempt to satisfy its burden of demonstrating a reasonable possibility of a successful reorganization within a reasonable time.  See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (1988).  No suggestion is made that a proposed plan of reorganization has been formulated, much less filed, and no explanation is offered why the Allerton Property would be necessary to a reorganization encompassing the Debtor's other two properties.

Additionally, Debtor identifies no clear error in granting relief under Section 362(d)(1) or 362(d)(2), nor does it identify an intervening change in any law, much less controlling law, warranting relief from the Allerton RAS Order.

Under these circumstances, the court concludes that the Debtor has failed to meet its burden of demonstrating that it is entitled to relief under FRCP 59.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Judgment Pursuant to FRCP Rule 59 and Bankruptcy Rule 9023, brought by Censo LLC, Docket No. 73, be, and the same hereby is, **DENIED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
CENSO LLC
ATTN: OFFICER OR MANAGING AGENT
9811 W. CHARLESTON BLVD., SUITE 2-351
LAS VEGAS, NV 89117

###