COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:                                    )     BK-S-19-16636-MKN
                                     )     Chapter 11

CENSO, LLC.                               )
                                      )

                                      )     HEARING DATE: June 30, 2021
                      Debtor.    )     HEARING TIME:   9:30 AM
_____)

### MOTION FOR CONTEMPT FOR VIOLATION OF INTERIM ADEQUATE PROTECTION ON FIRST LIEN SECURED BY REAL PROPERTY AT 5900 NEGRIL AVENUE, LAS VEGAS NEVADA 89130

      Debtor, CENSO, LLC., by and through their attorney, Corey B. Beck, Esq., files this

Motion for Contempt for Violation of Interim Adequate Protection on First Lien Secured by Real

Property at 5900 Negril Avenue, Las Vegas, Nevada 89130. This Motion is based on the

following Memorandum of Points and Authorities, attached Exhibits, all papers and pleadings on

file herein, and any other argument or evidence permitted by the Court.

### FACTUAL BACKGROUND

1.     On January 27, 2021, Debtor and New Rez, LLC., d/b/a/ ShellPoint Mortgage
Servicing (hereinafter "ShellPoint") entered into Interim Adequate Protection
Order. *See Exhibit "1" - Copy of Interim Adequate Protection Order.*

2.     On April 5, 2021, Michael Chen, Esq., c/o NewRez LLC d/b/a/ ShellPoint
Mortgage Servicing sent letter regarding breach of Interim Adequate Protection
Order to undersigned counsel. *See Exhibit "2" - Copy of Breach Letter.*

3.     Debtor tendered required payments to ShellPoint. *See Exhibit "3" - Proof of
Payments.*

4.     Debtor through counsel submitted proof of payments. Notwithstanding, the proof

of payments, ShellPoint stated there was still money owing and that ShellPoint would seek relief from stay order. *See Exhibit "4" - Copy of April 26, 2021 Email.*

5. In addition, ShellPoint paid the property taxes notwithstanding the order for the debtor to pay the property taxes. *See Exhibit "5" - Declaration of Melani Schulti - Paragraph 5.*

6. Similarly, debtor had maintained and paid insurance prior to the stipulation. Debtor had paid insurance in a timely manner (prior to renewal of April 22, 2021). Notwithstanding these facts, ShellPoint had paid the insurance even though agreement states that the debtor shall pay property insurance. *See Exhibit "5" - Declaration of Melani Schulti - Paragraph 6.*

7. Debtor has tendered May 2021 payment to New Rez, LLC., d/b/a/ ShellPoint Mortgage Servicing. *See Exhibit "6" - Proof of Payment.*

**LEGAL ARGUMENT**

**1.     Legal Standard**

1. Bankruptcy courts have original *and* exclusive jurisdiction over "all cases under title 11" and have "original but not exclusive jurisdiction" of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. §§ 1334 (a) and (b). The exclusive jurisdiction encompasses "all matters *connected with* the bankruptcy estate." *In re Birting Fisheries, Inc.,* 300 B.R. 489, 498-99 (9th Cir. BAP 2003) (emphasis in original).

2. Matters connected with the bankruptcy estate are considered "core proceedings," and bankruptcy courts may hear and enter final judgments in such proceedings "arising under" title 11 and "arising in" a title 11 case. *Stern v. Marshall*, 131 S.Ct. 2594, 2603 (2011); 28 U.S.C. § 157(b)(1). "A matter "arises under" the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law." *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010). A matter "arises in" a title 11 case "if it is an administrative matter unique to the bankruptcy

process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted" in the Code. Id. Congress has defined "core proceedings" to include sixteen different categories listed in section 157(b)(2). *Stern v. Marshall*, 131 S.Ct. at 2603.

3.  A bankruptcy court plainly has jurisdiction to interpret and enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2205, 174 L. Ed. 2d 99 (2009); *In re Birting Fisheries*, 300 B.R. at 499 (holding that a **bankruptcy** court's core jurisdiction continues in order for it to enforce its orders); *In re Franklin*, 802 F.2d 324 (9th Cir. 1986) (holding that a bankruptcy judge had subject matter jurisdiction to construe effect of a stipulation).

    Additionally, where a bankruptcy court has expressly retained jurisdiction, that jurisdiction will be construed as exclusive, "so as not to render the provision a nullity." *In re Birting Fisheries*, 300 B.R. at 499. Indeed, it is important that bankruptcy courts retain jurisdiction to construe their own orders "if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner." *In re Franklin*, 802 F.2d at 326.

4.  A party in interest may move for an order of contempt pursuant to Bankruptcy Rule 9020. Fed. R. Bankr. Pr. 9020. Rule 9020 provides that motions for contempt are contested matters governed by Rule 9014.[1] Id. Bankruptcy courts have the power to impose civil contempt. *In re Stasz*, 387 B.R. 271, 275 (B.A.P. 9th Cir. 2008) (citing 11 U.S.C. § 105(a)); *In re California Litfunding, a Nevada Corp.*, 360 B.R. 310, 325 (Bankr. C.D. Cal. 2007) (A bankruptcy court has inherent power to sanction under section 105(a) of the Bankruptcy Code as is "necessary or appropriate to carry out the provisions of this title."). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific

and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002); In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003).

Thereafter, the burden "shifts to the condemners to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d at 1069. The bankruptcy court has discretion in deciding whether to impose civil contempt sanctions. *In re Goodman*, 991 F.2d 613, 620 (9th Cir. 1993).

ShellPoint has purposely hindered the efforts of the debtor to comply with the Interim Adequate Protection Order.  ShellPoint has not operated in "good faith" as they have ignored the terms of the adequate protection order.  ShellPoint has "pattern and practice" of not following court order.  Debtor has established contempt as payments have been tendered but not acknowledged.  Similarly, ShellPoint has not honored agreement regarding insurance and payment of real estate tax provisions.  Shellpoint's actions are not proper as ShellPoint has threatened lifting stay without proper basis.  Debtor had to endure a lot of unnecessary stress and time as a result of ShellPoint's actions.

## **RELIEF REQUESTED**

1.     Order granting motion for contempt for violation of Interim Adequate Protection Order regarding real property 5900 Negril Avenue, Las Vegas, NV 89130.

2.     Order for sanctions and reasonable attorney's fees.

DATED this 28th day of May, 2021.

    /s/ COREY B. BECK
COREY B.  BECK, ESQ.
Nevada Bar No.  005870
THE LAW OFFICE OF COREY B.  BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada  89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
Becksbk@yahoo.com

Attorney for Debtor

# EXHIBIT "1"

1  Kristin A. Schuler-Hintz, Esq. SBN 7171
2  Michael Chen, Esq. SBN 7307                        E-filed: 1/27/2021
   **McCarthy & Holthus, LLP**
3  9510 West Sahara Avenue, Suite 200
   Las Vegas, NV 89117
4  Phone (877) 369-6122
5  Fax (866) 339-5691

6  Attorneys for Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees
7  and/or successors

8

9

10                   UNITED STATES BANKRUPTCY COURT

11                          DISTRICT OF NEVADA

12

13

14  In re:                              ) Case No. 19-16636-mkn
                                        )
15  Censo LLC,                          ) Chapter 11
                                        )
16                                      )
           Debtor.                      )
17                                      ) **STIPULATION FOR INTERIM**
18                                      ) **ADEQUATE PROTECTION ON FIRST**
                                        ) **LIEN SECURED BY REAL PROPERTY**
19                                      ) **AT 5900 NEGRIL AVENUE, LAS VEGAS,**
                                        ) **NV 89130**
20                                      )
21                                      )
                                        ) DATE:  1/27/2021
22                                      ) TIME:   9:30 a.m.
23                                      )
                                        )
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27  _____ )

28

29

1

Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors ("Secured Creditor"), and Censo LLC. ("Debtor") by and through their respective attorneys of record STIPULATE as follows:

## RECITALS

A. On 5/4/2006, Peter Arsaga and Melissa Hexum, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $328,000.00 on the property commonly known as 5900 Negril Avenue, Las Vegas, NV 89130 ("Subject Property").

B. On or about 10/11/2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Nevada District of Nevada, and claims title ownership interest in the subject real property.

C. As of the date of filing of said bankruptcy case, the total amount of Secured Creditor's claim with regard to the Subject Property was approximately $502,112.94 (Proof of Claim #3).

D. The parties have conferred and agree upon interim adequate protection for Secured Creditor's first lien secured by the Subject Property and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. This Stipulation affects the real property commonly known as 5900 Negril Avenue, Las Vegas, NV 89130 ("Subject Property").

2. Commencing 2/1/2021, Debtor shall make regular monthly payments to Secured Creditor in the amount of $1,733.00. These payments will be applied contractually to the loan.

///
///
///
///
///
///

2

3. Payments shall be made directly to NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Secured Creditor at NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, PO Box 10826, Greenville, SC 29603, with reference to the last four digits of the Loan Number 5562, or as otherwise directed.

4. On or before 1/31/2021, Debtor will provide proof of current insurance on the property listing NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing as loss payee, and will continue to maintain current insurance, and all property tax and HOA (Homeowner's Association Assessment) obligations immediately on the subject real propety.  Accordingly, Secured Creditor shall then de-escrow the loan for taxes and insurance.

5. In the event Debtor fails to timely perform any of the obligations set forth in this stipulation, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing.  Debtor shall have fifteen (15) calendar days from the date of the written notification to cure the default and to pay an additional $100.00 for attorneys' fees for each occurrence.  An additional $150.00 will also be due if court certification of the default required.

6. If Debtor fails to cure the default, Secured Creditor may lodge a Declaration of Default and Order Terminating the Automatic Stay.  Upon entry of the Order, the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with and hold a trustee's sale of the subject property, pursuant to applicable state law, without further Court Order or proceeding being necessary.  Upon entry of Order, Secured Creditor may also commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required.

///
///
///
///
///

2

7. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, the repayment terms of this Order shall immediately cease in effect and become null and void, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note, and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

IT IS SO STIPULATED:

Submitted by:
McCarthy & Holthus, LLP

 /s/ Michael Chen
Michael Chen, Esq.
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
(877) 369-6122
bknotice@mccarthyholthus.com

Approved/Disapproved

 /s/ Corey B. Beck
Corey B. Beck, Esq.
(702) 678-1999

3

File No. NV-20-162386
Adequate Protection Order, Case No. 19-16636-mkn

Rev 12.09

EXHIBIT "2"

# McCarthy ◆ Holthus

*A Limited Liability Partnership*
*A Multijurisdictional Law Firm*
**9510 West Sahara Avenue, Suite 200**
**Las Vegas, NV 89117**
**Telephone (877) 369-6122**
**Facsimile (866) 339-5691**
**www.McCarthyHolthus.com**
Email to all personnel:
First initial and last name@mccarthyholthus.com

4/5/2021

Corey B. Beck, Esq.
425 South 6th Street
Las Vegas, NV 89101
becksbk@yahoo.com

## VIA ELECTRONIC MAIL AND US MAIL

Re:   Matter          NewRez LLC d/b/a Shellpoint Mortgage Servicing v. Censo LLC.
      Loan No. ending with 5562
      Case No.        19-16636-mkn
      Property        5900 Negril Avenue, Las Vegas, NV 89130
      M&H File No.    NV-20-162386

Dear Mr. Beck:

Our firm represents NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") in the above-referenced matter.  This letter will serve as the required notice under the Order and Stipulation for *Interim* adequate protection, entered with the Court on 1/29/2021 [Dkt 148] ("Order"), for the above-referenced case.

Shellpoint has not received all required payments due under the Order and Censo LLC ("Debtor") is due for the 3/1/2021 and 4/1/2021 payments, in the sum of $3,466.00 (see attached payment history).  Further, Debtor is required to pay attorney fees of $100.00 for this default notification.  Accordingly, to cure the default under the terms of the Order Debtor is required to tender funds in the sum of $3,566.00.  If applicable, your account may have additional escrow amounts that have been paid out and are due on the loan.

| **Arizona Office** | **California Office** | **Colorado  Office** | **New Mexico Office** | **Oregon Office** | **Washington Office** |
|---|---|---|---|---|---|
| 8502 E. Via De Ventura Blvd. Suite 200 Scottsdale, AZ 85258 (480) 302-4100 Facsimile (480) 302-4101 | 2763 Camino Del Rio S, Suite 100 San Diego, CA 92108 (619) 685-4800 Facsimile (619) 685-4811 | 7700 E. Arapahoe Road, Suite 150 Centennial, CO 80112 (877) 369-6122 Facsimile (866) 894-7369 | 6501 Eagle Rock NL, Suite A-3 Albuquerque, NM 87113 (505) 219-4900 Facsimile (505) 750-9803 | 920 SW 3rd Avenue 1st Floor Portland, OR  97204 (971) 201-3200 Facsimile (971) 201-3202 | 108 1st Ave South Suite 300 Seattle, WA 98104 (206) 319-9100 Facsimile (206) 780-6862 |

Corey B. Beck
Page 2

Please forward **certified funds in the sum of $3,566.00** payable to NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, and send to NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, PO Box 10826, Greenville, SC 29603, within **15-days** from the date of this letter.  In order to timely cure this default, payment must be received on or before **4/20/2021**.

If you fail to reinstate the arrearages shown above, we will have no alternative but to commence all actions necessary to obtain complete possession of the subject Property.

If you have any questions, please do not hesitate to contact our office.   Also, please advise your client(s) that all contacts with our office *must be through their attorney*.

Cordially,
**McCarthy & Holthus, LLP**

/s/  Michael Chen
Michael Chen, Esq.

Cc:    Censo LLC.
       9811 W. Charleston Blvd.
       Suite 2-351
       Las Vegas, NV 89117

# EXHIBIT "3"



Check was Cashed 2/2/2021

https://onlinebanking.usbank.com/USB/af(Uz1Z9lELfIWbmohJ2w..



check was cashed 3/15/2021

https://onlinebanking.usbank.com/USB/af/Uz1Z9lELflWbmohJ2w..



CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

CENSO LLC
DEBTOR IN POSSESSION
BANKRUPTCY CASE #19-16636-MKN
9811 W CHARLESTON BLVD STE 2-351
LAS VEGAS, NV 89117

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

1241

04/01/2021

PAY TO THE
ORDER OF    NEWREZ LLC FKA NEW PENN FINANCIAL LLC DBA SHELLPOINT MORTGAGE SERVICING    $    1,733.00

**** ONE THOUSAND, SEVEN HUNDRED THIRTY-THREE AND 00/100 DOLLARS

DOLLARS

NEWREZ LLC FKA NEW PENN FINANCIAL
LLC DBA SHELLPOINT MORTGAGE
SERVICING
PO BOX 10826
GREENVILLE, SC 29603-0826
MEMO    LN#579385562/5900 NEGRIL AVE

VOID AFTER 90 DAYS

⑈00⑆1241⑈ ⑆121201694⑆ ⑈5375865110⑆

Check was Cashed 4/12/2021

1 of 1

4/14/2021, 12:30 PM

# EXHIBIT "4"

RE: Censo - Case # 19-16636-MKN – Proof of Payments

From: Michael Chen (mchen@mccarthyholthus.com)
To:    becksbk@yahoo.com
Cc:    ldrivick@mccarthyholthus.com
Date:  Monday, April 26, 2021, 08:48 AM PDT

Corey,

My client has reviewed the proof of payments, and they have already been accounted for before our notice of default was issued.  Please see the attached payment history.

The Dbr is in default under the Stipulation, and the amount to cure is $3466.  Since the Debr did not cure within the deadline specified (Apr. 20), then my client is within its rights to proceed on the default and issue the lift stay order.

Unless the Debr cures IMMEDIATELY, my client will continue to obtain relief from stay.  Please advise of the Debtor's intention here.

Mike

Michael W. Chen | Associate Attorney | Member State Bar of Nevada and Arizona



McCarthy ♦ Holthus, LLP

m. 9510 W. Sahara, Ste 200

d. 877-369-6122 ext 1990| c. 702-985-3842

e.  Mchen@Mccarthyholthus.com

w. http://www.mccarthyholthus.com

"Service Second to None"

Offices in: AR | AZ | CA | CO | ID | NV | NM | OR | TX | WA

Should escalation be required, please contact: Kristin Schuler-Hintz at Khintz@Mccarthyholthus.com.

Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose. The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are

EXHIBIT "5"

COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:                                                    ) | BK-S-19-16636-MKN |
|                                                              ) | Chapter 11 |
| CENSO, LLC.                                            ) | |
|                                                              ) | |
|                       Debtor.                         ) | |
| _____ ) | |

**DECLARATION IN SUPPORT OF MELANI SCHULTE**
**IN SUPPORT OF MOTION FOR CONTEMPT AGAINST SHELLPOINT**

I, Melani Schulte, declare under penalty of perjury the following:

1.     That I agreed to Interim Adequate Protection Order on 5900 Negril Avenue property which was filed on January 27, 2021 - Docket # 146.

2.     That I have tendered all required payments.  I have provided proof of payments for February 2021 to April 2021, which have been cashed by ShellPoint.

3.     Notwithstanding, the payments submitted and proof of payments to counsel for ShellPoint.  ShellPoint is still maintaining there is a "default" and to submit stay relief order.

4.     Under the adequate protection order, I was required to pay property taxes on the subject property from the time of the stipulation going forward, which was for the final payment of the tax year 2021 starting in March 2021.

5.     After preparing the check for the property taxes on the Negril Property, I went to pay the tax payment at the Clark County Treasurer's Office which was due March 1, 2021, with a 10 day grace period. The clerk at the Clark County Treasurer's Office advised me that ShellPoint had paid the taxes on March 1, 2021, even when ShellPoint knew they were not to do this per the stipulation and

agreement. The Clark County Tax Treasurer advised me that they could not accept my payment because it was the end of the tax year, ShellPoint had already paid it, and that there was no longer a balance due. *See Exhibit "1" - Copy of Check to Clark County Treasurer.*

6.    My insurance policy (policy #2006163725) was up for renewal for April 22, 2021 to April 22, 2022. Per the Stipulation Order, I made sure that ShellPoint was named as additional interests. I paid the annual renewal fee of $770.00 on April 6, 2021 (check #1252). This check was cashed by Century National Insurance on April 9, 2021. Century National Insurance also received a payment for insurance from Shellpoint.  On April 24, 2021, I received a check for $770.00 from Century National Insurance. On April 26, 2021, I contacted Century National Insurance and advised them that this was in violation of the stipulation and that they needed to put a stop payment on the check that they issued to me and refund ShellPoint $770.00 as this was again in violation of the stipulation and order.

7.    That I maintained and paid insurance on the Negril property as the Interim Adequate Protection Order required.

8.    I have submitted the payment for May 2021 dated May 1, 2021 and mailed certified mail return receipt requested.

9.    That I followed all the court orders and rules.  I've signed under oath every time I submit something to the court under penalty of perjury. I am under the belief that it is ShellPoint and their respective legal counsel to follow the same orders and rules of the court. They have not done so. They have filed erroneous and/or incorrect documentation into the bankruptcy court. Further, these are intentional acts to damage Censo, LLC., and make it appear as if Censo, LLC., is not following the court orders and mandates. It has been difficult to come to a conclusion regarding our bankruptcy as we don't get any cooperation from ShellPoint and/or their legal counsel. I believe that filing false documents on the

court and then continuing to try to collect on erroneous information is not in the bankruptcy court's best interest.

10.     I am filing this motion for contempt to let the judge know that I have complied with all orders regarding this Negril property. I have done so honestly and under oath. Shell point and their legal representatives namely Michael Chen, Esq., have not done so. After receiving their alleged default letter, my counsel Corey B. Beck, Esq., reached out to Michael Chen, Esq., with the proof of payments showing compliance with all orders. Michael Chen, Esq., claimed that we were still in default. Obviously, he should be expected to comply with all court orders, as I have to. ShellPoint and their counsel should be held to account for their actions and/or non-actions.

11.     If I didn't file this motion for contempt, Honorable Judge Nakagawa would believe that I'm not complying with his orders. These actions by ShellPoint and their counsel allow the court to become biased against me even though I have complied with all orders issued by the court. This needs to stop.

**I DECLARE UNDER PENALTY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

DATED this ___ day of May, 2021.

_____
MELANI SCHULTE, c/o Censo, LLC.

EXHIBIT "1"

**1223**

**CENSO LLC**
DEBTOR IN POSSESSION
BANKRUPTCY CASE #19-16636-MKN
9811 W CHARLESTON BLVD STE 2-351
LAS VEGAS, NV 89117

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

03/01/2021



PAY TO THE
ORDER OF    **CLARK COUNTY TREASURER**          **$**      **709.58**

**\*\*\*\* SEVEN HUNDRED NINE AND 58/100 DOLLARS**                                    DOLLARS

🄯 PROTECTED AGAINST FRAUD 🄯



CLARK COUNTY TREASURER
500 S GRAND CENTRAL PARKWAY
PO BOX 551220
LAS VEGAS, NV 89155-1220                              **VOID AFTER 90 DAYS**

MEMO    NEGRA #125-25-214-015 TAXES

⑆001223⑆ ⑉121201694⑉ 153758651100⑈

---

**1223**

**CENSO LLC**
**Date:** 03/01/2021      **Check #**1223      **Account:** CENSO LLC
**Pay to:** CLARK COUNTY TREASURER

| Property | Unit | Reference | Description | Amount |
|---|---|---|---|---|
| NEGRA - 125-25-214-015 - 5900 NEGRIL ... | | | NEGRA #125-25-214-015 TAXES | 709.58 |
| | | | | 709.58 |

---

**1223**

**CENSO LLC**
**Date:** 03/01/2021      **Check #**1223      **Account:** CENSO LLC
**Pay to:** CLARK COUNTY TREASURER

| Property | Unit | Reference | Description | Amount |
|---|---|---|---|---|
| NEGRA - 125-25-214-015 - 5900 NEGRIL ... | | | NEGRA #125-25-214-015 TAXES | 709.58 |
| | | | | 709.58 |



 


# EXHIBIT "6"



CENSO LLC
DEBTOR IN POSSESSION
BANKRUPTCY CASE #19-16636-MKN
9811 W CHARLESTON BLVD STE 2-351
LAS VEGAS, NV 89117



U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

1259



05/01/2021

PAY TO THE
ORDER OF     **NEWREZ LLC FKA NEW PENN FINANCIAL LLC DBA SHELLPOINT MORTGAGE SERVICING**     $     1,733.00

**** ONE THOUSAND, SEVEN HUNDRED THIRTY-THREE AND 00/100 DOLLARS

DOLLARS

NEWREZ LLC FKA NEW PENN FINANCIAL
LLC DBA SHELLPOINT MORTGAGE
SERVICING
PO BOX 10826
GREENVILLE, SC 29603-0826
MEMO  LN#579385562/5900 NEGRIL AVE

8 PROTECTED AGAINST FRAUD 8

VOID AFTER 90 DAYS

⑆001259⑆ ⑆121201694⑆ 1537586511100⑆

---

CENSO LLC
Date: 05/01/2021     Check #1259     Account: CENSO LLC
Pay to: NEWREZ LLC FKA NEW PENN FINANCIAL LLC DBA SHELLPOINT MORTGAGE SERVICING

1259

| Property | Unit | Reference | Description | Amount |
|---|---|---|---|---|
| NEGRA - 125-25-214-015 - 5900 NEGRIL ... | | | LN#579385562/5900 NEGRIL AVE | 1,733.00 |
| | | | | 1,733.00 |

---

CENSO LLC
Date: 05/01/2021     Check #1259     Account: CENSO LLC
Pay to: NEWREZ LLC FKA NEW PENN FINANCIAL LLC DBA SHELLPOINT MORTGAGE SERVICING

1259

| Property | Unit | Reference | Description | Amount |
|---|---|---|---|---|
| NEGRA - 125-25-214-015 - 5900 NEGRIL ... | | | LN#579385562/5900 NEGRIL AVE | 1,733.00 |
| | | | | 1,733.00 |



PAYMENT RECORD






