

MAY 28 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CENSO, LLC,<br>        Debtor. | BAP No. NV-20-1240-FLT<br><br>Bk. No. 2:19-bk-16636-MKN |
| CENSO, LLC,<br>        Appellant,<br>v.<br>NEWREZ, LLC, dba Shellpoint Mortgage Servicing,<br>        Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

Before: FARIS, LAFFERTY, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

The bankruptcy court granted relief from the automatic stay to allow NewRez, LLC, dba Shellpoint Mortgage Servicing ("Shellpoint") to enforce a lien on real property owned by chapter 11[1] debtor Censo, LLC. Censo

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules

sought relief from that order under Rule 9023, but the bankruptcy court denied its motion. Censo appeals from the latter order.

The bankruptcy court did not abuse its discretion in denying reconsideration. We AFFIRM.

## FACTS[2]

### A. Prepetition events

In December 2009, James Pengilly borrowed $414,000 from Bank of America, N.A., and executed a promissory note secured by a deed of trust on real property located in Las Vegas, Nevada (the "Property"). At some point, the Federal National Mortgage Association ("Fannie Mae") acquired the note and deed of trust from Bank of America. Shellpoint is the current servicer of the loan.

In or around 2013, Mr. Pengilly defaulted on his homeowners association ("HOA") assessments, and the HOA initiated foreclosure proceedings. Ke Aloha Holdings, LLC ("KAH") purchased the property at the HOA sale in December 2013 and transferred the Property to Ke Aloha Holdings Series II, LLC ("KAH II") a year later. KAH II later transferred the Property to Censo in January 2019. KAH, KAH II, and Censo are all managed by Melani Schulte.

---

of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to review the bankruptcy court's docket in this case, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

In 2014 (before KAH transferred the Property to KAH II), Mr. Pengilly sued the HOA, KAH, and others in state court to set aside the foreclosure sale. In response, KAH sought a declaration that the HOA sale extinguished the first deed of trust. After the case was removed to federal court, the district court held that the HOA sale was valid and the buyer (KAH) took the Property subject to Fannie Mae's senior lien.

**B.    Censo's chapter 11 petition**

A few weeks before the district court ruling,[3] Censo filed a chapter 11 petition. It scheduled the Property as an asset and valued it at $358,268. Censo scheduled then-servicer Green Tree Servicing LLC as holding a $595,000 contingent and disputed claim.

On February 3, 2020, Censo filed a motion seeking a 120-day extension of the exclusivity period. The bankruptcy court granted the motion, but, to date, Censo has not filed a proposed plan of reorganization or disclosure statement.

**C.    The motion for relief from the automatic stay**

Shellpoint filed a motion for relief from the automatic stay ("Stay Relief Motion"), seeking permission to commence foreclosure proceedings in state court. It sought stay relief under § 362(d)(2) because there was no equity in the Property. It represented that the amount secured by the lien totaled $601,292.15, while the Property value was only $358,268. It argued

---

[3] Censo was not a party to the district court litigation. No one argues that the automatic stay voided the district court's decision.

3

that the Property was not necessary to Censo's reorganization because it yielded no income and its maintenance was a drain on estate resources.

Shellpoint additionally sought stay relief for cause under § 362(d)(1) because Censo had not offered adequate protection payments, nor could it afford to offer adequate protection payments. It also pointed to the lack of a debtor-creditor relationship between itself and Censo as cause to lift the automatic stay. It argued that it was not in contractual privity with Censo, so it had no "claim" against the debtor. As such, the debt could not be reorganized in the bankruptcy case.

Censo opposed the Stay Relief Motion. It represented that it had spent thousands of dollars improving the Property. It further contended that it had a direct debtor-creditor relationship with Shellpoint because its predecessor-in-interest purchased the Property and the federal court quieted title in KAH; thus, Censo was not a "stranger" to the Property or the loan.

A day before the hearing, Censo filed a supplemental opposition in which it represented that it had filed an adversary complaint to challenge Shellpoint's lien and offered $1,000 monthly adequate protection payments for the duration of the lawsuit.[4] It also stated that it had been paying HOA

---

[4] The bankruptcy court recently dismissed the adversary proceeding. We reject Shellpoint's argument that the dismissal "moots" Censo's argument that the bankruptcy court erred in granting the Stay Relief Motion while the adversary proceeding was pending. We can still grant Censo relief on appeal.

fees and insurance and had spent $133,000 on repairs to the Property.

After a hearing, the bankruptcy court issued an order granting the Stay Relief Motion ("Stay Relief Order"). It determined that Shellpoint had established that the Property lacked any equity; Censo did not dispute that the appraised value of the Property was far less than the amount of Shellpoint's claim. The bankruptcy court also pointed out Censo's lack of progress toward reorganization, despite receiving an extension of the exclusivity period. It held that Censo had failed to present any evidence that the Property was necessary to an effective reorganization, so stay relief was appropriate under § 362(d)(2).

The bankruptcy court further held that cause existed to lift the automatic stay under § 362(d)(1). It rejected Censo's position that it had a direct debtor-creditor relationship with Shellpoint. It also pointed out that Censo had not made any adequate protection payments.

**D.    The motion for reconsideration**

Censo filed a timely Rule 9023 motion for relief from the Stay Relief Order ("Motion for Reconsideration"). It argued that it had a "direct and strong" interest in the Property because its predecessor-in-interest bought the Property.

Censo stated for the first time in its Motion for Reconsideration that it was seeking to lease the Property for $2,850 per month, which was more than the $2,500 per month due under the note. It also reiterated that it had spent money on repairs and improvements and had offered adequate

5

protection payments to Shellpoint for the duration of the adversary proceeding. It attached the declaration of Ms. Schulte, who offered conclusory statements that the Property was necessary to Censo's reorganization.

Shellpoint opposed the Motion for Reconsideration and argued that Censo was not entitled to a second bite at the apple. It stated that the statements in Ms. Schulte's declaration were neither "new" nor "evidence" sufficient to warrant relief under Rule 9023. Similarly, Censo's other assertions were previously raised in connection with the Stay Relief Motion and were not new evidence.

The bankruptcy court held a hearing and issued an order denying the Motion for Reconsideration ("Reconsideration Order"). It noted that it had granted the Stay Relief Motion because the undisputed facts demonstrated "cause" under § 362(d)(1) and Censo had failed to show that the Property had any equity and was necessary to an effective reorganization under § 362(d)(2). Even accepting Censo's representations that it was seeking to rent the Property and that the threat of foreclosure would negatively affect its ability to rent the Property, the court held that relief from the Stay Relief Order was not warranted. It noted that none of Censo's assertions were newly discovered evidence or otherwise could not have been raised in its opposition to the Stay Relief Motion. Moreover, it determined that the Motion for Reconsideration and Ms. Schulte's declaration did not satisfy Censo's burden of showing that the Property was necessary to a successful

6

reorganization, particularly where Censo had not offered a plan of reorganization.

The bankruptcy court also held that Censo did not identify any clear error or intervening change in law.

Censo filed a notice of appeal from only the Reconsideration Order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Censo's Motion for Reconsideration.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's denial of a motion for relief under Rule 9023, which follows Civil Rule 59. *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003); *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en

7

banc).

## DISCUSSION

**A.    This appeal is limited to the Reconsideration Order.**

Censo has only appealed from the Reconsideration Order and not the Stay Relief Order. Generally, an appellant must file a notice of appeal that includes a copy of the order appealed from. *See* Rule 8003(a)(3)(B). Censo's notice of appeal identified and attached only the Reconsideration Order as the order on appeal. It did not reference or attach the Stay Relief Order.

Even if an order "does not appear on the face of the notice of appeal," the Ninth Circuit has instructed that we are to consider: "(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." *Le v. Astrue*, 558 F.3d 1019, 1022-23 (9th Cir. 2009) (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003)). Although Censo raised issues that were implicated by both orders, its appellate brief repeatedly and unequivocally stated that it was appealing the Reconsideration Order and never directly asserted any error arising from the Stay Relief Order. We thus cannot reasonably infer from its arguments that it intended to appeal from the earlier order. Further, Shellpoint's answering brief responded to the arguments in Censo's opening brief and accordingly addressed only the Reconsideration Order. Expanding the appeal at this stage to include the Stay Relief Order would thus prejudice Shellpoint.

Additionally, at oral argument, counsel for Censo conceded that the

Stay Relief Order was not properly before the Panel.

Our review is limited to the Reconsideration Order.

**B.    The bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.**

Censo argues that the bankruptcy court should have granted it relief from the Stay Relief Order. We disagree.

Rule 9023 incorporates and shares the same standard as Civil Rule 59. *See Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 112 (9th Cir. BAP 2013). The Ninth Circuit has stated that Civil Rule 59(e):

> offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. A Rule 59(e) motion may **not** be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted). Censo has not met this standard.

The bankruptcy court held that stay relief was warranted under § 362(d)(2)[5] because the Property lacked any equity and there was no

---

[5] Section 362(d) provides, in relevant part:

(d) On request of a party in interest and after notice and a hearing, the

9

indication that it was necessary to Censo's effective reorganization.[6] The court did not abuse its discretion when it declined to revisit the Stay Relief Order.

Censo failed to offer the bankruptcy court any newly discovered evidence that would warrant reconsideration of the Stay Relief Order. The only arguably "new" information that Censo offered in its Motion for Reconsideration was its intention to rent the Property. But Censo offered nothing about the lack of equity in the Property or Censo's lack of progress toward a timely reorganization. Ms. Schulte's bald statement that the Property was necessary to Censo's effective reorganization was conclusory and not "newly discovered" evidence. *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) ("Evidence 'in the possession of

---

court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if—
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization[.]

§ 362(d)(1)-(2).

[6] The bankruptcy court also held that "cause" existed to lift the stay under § 362(d)(1) because Censo had not made any progress toward reorganization, it did not offer Shellpoint adequate protection payments, and it did not have any debtor-creditor relationship with Shellpoint. Because we affirm the bankruptcy court's decision under § 362(d)(2), we need not reach the arguments under § 362(d)(1).

10

the party before the judgment was rendered is not newly discovered.'" (citation omitted)). Therefore, Censo gave the bankruptcy court no new evidence to reconsider its decision that stay relief was appropriate under § 362(d)(2).

Censo additionally argues that the bankruptcy court erred by finding that it failed to prosecute its bankruptcy case because it had recently filed an adversary complaint against Shellpoint. This was not newly discovered evidence, and Censo had pointed it out to the bankruptcy court at the hearing on the Stay Relief Motion. Nor were these statements sufficient to establish ground for relief from the original order. It was incumbent upon Censo to show that there is "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 376 (1988) (citation omitted). The bankruptcy court held that the recently-filed adversary proceeding did not amount to any progress toward reorganization: Censo's exclusivity period had expired and it had not filed a plan, disclosure statement, or valuation motion. The court did not err in holding that Censo failed to show any prospect of an effective reorganization within a reasonable amount of time. Therefore, the court properly granted relief from the automatic stay and correctly declined to reconsider that decision.

Finally, Censo argues generally that this case presents "highly unusual circumstances" that warrant relief under Rule 9023. However, Censo has not identified any facts of this case that would warrant this

extraordinary relief. At oral argument, counsel for Censo argued that the commencement of the adversary proceeding made this case "highly unusual." But there is nothing unusual about a debtor initiating an adversary proceeding to challenge a secured claim. The bankruptcy court was unpersuaded that this case was anything more than a debtor using the automatic stay to delay a creditor while making no measurable progress toward reorganization in a "relatively uncomplicated" case. We similarly do not see any "highly unusual circumstances" warranting reconsideration. The bankruptcy court did not err in denying the Motion for Reconsideration.

## CONCLUSION

The bankruptcy court did not abuse its discretion. We AFFIRM.

FILED

MAY 28 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

---

In re: CENSO, LLC

    Debtor

------------------------------

CENSO, LLC

    Appellant

v.

NEWREZ, LLC, DBA Shellpoint Mortgage Servicing

    Appellee

BAP No.: **NV-20-1240-FLT**

Bk.Ct. Appeal Reference#: 20-29
Bankr. No.: 2:19-bk-16636-MKN
Chapter 11

May 28, 2021

---

## JUDGMENT

ON APPEAL from the United States Bankruptcy Court for Nevada - Las Vegas.

THIS CAUSE came on to be heard on the record from the above court.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is AFFIRMED.

**FOR THE PANEL,**

Susan M Spraul
Clerk of Court
**By:** Vincent Barbato, Deputy Clerk

**Date:** May 28, 2021

Case 19-16636-mkn    Doc 175    Entered 06/29/21 13:06:40    Page 14 of 15

(1 of 2)

FILED

JUN 21 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

---

| | |
|---|---|
| In re: CENSO, LLC | |
| Debtor | BAP No.: **NV-20-1240-FLT** |
| ------------------------------ | |
| CENSO, LLC | Bankr. No.: 2:19-bk-16636-MKN |
| Appellant | Chapter 11 |
| v. | |
| NEWREZ, LLC, DBA Shellpoint Mortgage Servicing | June 21, 2021 |
| Appellee | |

---

# PROOF OF SERVICE OF MANDATE

A certified copy of the attached judgment was sent to:

CLERK
U.S. BANKRUPTCY COURT

BkCt, Las Vegas
U.S. Bankruptcy Court
Foley Federal Building
300 Las Vegas Boulevard South
Las Vegas, NV 89101-0000

Honorable Mike K. Nakagawa
U.S. Bankruptcy Court
Foley Federal Building
300 Las Vegas Boulevard South
Ste. 3-210
Las Vegas, NV 89101-0000

on June 21, 2021
By: Vincent Barbato, Deputy Clerk

FILED

MAY 28 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

---

In re: CENSO, LLC

Debtor

-------------------------------

CENSO, LLC

Appellant

v.

NEWREZ, LLC, DBA Shellpoint Mortgage Servicing

Appellee

BAP No.: **NV-20-1240-FLT**

Bk.Ct. Appeal Reference#: 20-29
Bankr. No.: 2:19-bk-16636-MKN
Chapter 11

May 28, 2021

---

### JUDGMENT

ON APPEAL from the United States Bankruptcy Court for Nevada - Las Vegas.

THIS CAUSE came on to be heard on the record from the above court.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is AFFIRMED.

### FOR THE PANEL,

Susan M Spraul
Clerk of Court
By: Vincent Barbato, Deputy Clerk

Date: May 28, 2021

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Susan M Spraul, Clerk

by Deputy Clerk (VINCENT J. BARBATO)

DATE: 06/21/2021