COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:                                    )    BK-S-19-16636-MKN
                                          )    Chapter 11
CENSO, LLC.                               )
                                          )
                                          )
                Debtor.                   )
_____)

**REPLY TO NEWREZ, LLC DBA SHELLPOINT MORTGAGE SERVICING'S OPPOSITION TO MOTION FOR CONTEMPT FOR VIOLATION OF INTERIM ADEQUATE PROTECTION ON FIRST LIEN SECURED BY REAL PROPERTY AT 5900 NEGRIL AVENUE, LAS VEGAS NEVADA 89130**

COMES NOW, Debtor, CENSO, LLC. ("Debtor"), by and through their attorney, COREY B. BECK, ESQ., hereby files this reply to NewRez, LLC., d/b/a/ Shellpoint Mortgage Servicing's Opposition to Motion for Contempt for Violation of Interim Adequate Protection on First Lien Secured by Real Property at 5900 Negril Avenue, Las Vegas, Nevada 89130 as follows;

ShellPoint's pattern and practice of operating in "bad faith" and ignoring terms of Stipulation for Interim Adequate Protection is literately continuing to now. Page 2 of the Adequate Protection Order notes that "Debtor will provide proof of current insurance on the property listing NewRez, LLC., f/k/a New Penn Financial LLC d/b/a ShellPoint Mortgage Servicing as loss as payee". *See Exhibit "1" - Interim Adequate Protection Order Page 2 Paragraph 4.* Notwithstanding court order, ShellPoint is seeking to have "Melissa J. Hexum and Peter Arsaga" on policy. *See Exhibit "2" - Copy of May 12, 2021 Letter from ShellPoint.* In fact, Order acknowledges that the debtor will provide proof of insurance. There is no basis to contact Westwood Insurance Agency when the debtor has complied with the terms of the Order.

1  Moreover, if ShellPoint had carefully contemplated terms of the Adequate Protection Order
2  ShellPoint would have engaged debtor and counsel.
3      Shellpoint asserts in its opposition that the Adequate Protection Order was not violated.
4  ShellPoint has not refuted direct argument of the debtor regarding mortgage payments.
5  ShellPoint did not acknowledge proof of payments when specific evidence of amounts, checks,
6  as well as evidence of checks clearing were provided.
7      Similarly, Shellpoint breached the court order with respect to the payment of the property
8  taxes even through loan was de-escrowed through the stipulation. *See Exhibit "3" - Declaration*
9  *of the Debtor - Page 2 Paragraph 6.*  In particular, ShellPoint paid property taxes in March 2021.
10  *See Declaration of Debtor - Page 3 Paragraph 3.*  Payment violates the January 27, 2021 Interim
11  Adequate Protection Order.  *See Exhibit "1" - Interim Adequate Protection.*
12      Finally, ShellPoint continues to violate Adequate Protection Order with respect to
13  payment of insurance.  As previously mentioned, ShellPoint is requiring insurance in 3rd party's
14  name when Order clearly states that Debtor shall provide proof of insurance.  Moreover,
15  ShellPoint paid the property insurance.  Notwithstanding, that the debtor had complied with the
16  responsibility of having insurance placed and ShellPoint as loss payee beneficiary.  *See Exhibit*
17  *"3" - Declaration of the Debtor - Page 2 Paragraph 6.*
18      ShellPoint further asserts in its opposition that there is no damages.  This is incorrect.
19  Actions taken are in violation of the Adequate Protection Order.  Moreover, Debtor as well as
20  counsel has had to expend a lot of time following up and protecting the interests of the debtor.
21      ShellPoint should not be excused in any way because if the bank followed the order as
22  well as acted in a careful and thoughtful manner then not any of the inappropriate actions would
23  have been brought to the court.
24  *  *  *
25  *  *
26  *
27
28

**RELIEF REQUESTED**

1. Order sustaining Motion for Sanctions;

2. Reasonable attorney's fees and costs.

DATED this 19th day of July, 2021.

                                                    /s/ COREY B. BECK, ESQ.
COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: ) | BK-S-19-16636-MKN |
| ) | Chapter 11 |
| CENSO, LLC. ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |

**<u>CERTIFICATE OF MAILING OF REPLY TO NEWREZ, LLC DBA SHELLPOINT MORTGAGE SERVICING'S OPPOSITION TO MOTION FOR CONTEMPT FOR VIOLATION OF INTERIM ADEQUATE PROTECTION ON FIRST LIEN SECURED BY REAL PROPERTY AT 5900 NEGRIL AVENUE, LAS VEGAS NEVADA 89130</u>**

I hereby certify that on the 19th day of July, 2021, I mailed a true and correct copy of the *OPPOSITION TO NEWREZ, LLC., D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION FOR RELIEF FROM AUTOMATIC STAY and MOTION TO ACCOUNT FOR AND SEQUESTER RENTAL INCOME AND/OR FOR ADEQUATE PROTECTION,* was sent ECF electronic mail, facsimile and/or first class mail, postage pre-paid, to the following parties of interest, at their last known addresses, as follows:

Ariel E. Stern, Esq.                                    **<u>SENT VIA ECF FILING</u>**
Natalie L. Winslow, Esq.
Nicholas E. Belay, Esq.
Akerman LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph.: (702) 634-5000
Fax: (702) 380-8572
Email: nicholas.belay@akerman.com
Email: natalie.winslow@akerman.com
Email: ariel.stern@akerman.com
Email: akermanlas@akerman.com
Email: elizabeth.streible@akerman.com

                                        /s/ VANESSA ANDERSON
                                        An Employee of
                                        The Law Office of Corey B. Beck, P.C.

# EXHIBIT "1"

Kristin A. Schuler-Hintz, Esq. SBN 7171  
Michael Chen, Esq. SBN 7307  
**McCarthy & Holthus, LLP**  
9510 West Sahara Avenue, Suite 200  
Las Vegas, NV 89117  
Phone (877) 369-6122  
Fax (866) 339-5691  

E-filed: 1/27/2021

Attorneys for Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 19-16636-mkn |
| Censo LLC, | ) Chapter 11 |
| Debtor. | ) **STIPULATION FOR INTERIM ADEQUATE PROTECTION ON FIRST LIEN SECURED BY REAL PROPERTY AT 5900 NEGRIL AVENUE, LAS VEGAS, NV 89130**<br>)<br>) DATE: 1/27/2021<br>) TIME: 9:30 a.m. |

1

File No. NV-20-162386  
Adequate Protection Order, Case No. 19-16636-mkn

Rev 12.09

Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, its assignees and/or successors ("Secured Creditor"), and Censo LLC. ("Debtor") by and through their respective attorneys of record STIPULATE as follows:

## RECITALS

A. On 5/4/2006, Peter Arsaga and Melissa Hexum, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $328,000.00 on the property commonly known as 5900 Negril Avenue, Las Vegas, NV 89130 ("Subject Property").

B. On or about 10/11/2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Nevada District of Nevada, and claims title ownership interest in the subject real property.

C. As of the date of filing of said bankruptcy case, the total amount of Secured Creditor's claim with regard to the Subject Property was approximately $502,112.94 (Proof of Claim #3).

D. The parties have conferred and agree upon interim adequate protection for Secured Creditor's first lien secured by the Subject Property and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. This Stipulation affects the real property commonly known as 5900 Negril Avenue, Las Vegas, NV 89130 ("Subject Property").

2. Commencing 2/1/2021, Debtor shall make regular monthly payments to Secured Creditor in the amount of $1,733.00. These payments will be applied contractually to the loan.

///
///
///
///
///
///

2

File No. NV-20-162386
Adequate Protection Order, Case No. 19-16636-mkn

Rev 12.09

3. Payments shall be made directly to NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Secured Creditor at NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, PO Box 10826, Greenville, SC 29603, with reference to the last four digits of the Loan Number 5562, or as otherwise directed.

4. On or before 1/31/2021, Debtor will provide proof of current insurance on the property listing NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing as loss payee, and will continue to maintain current insurance, and all property tax and HOA (Homeowner's Association Assessment) obligations immediately on the subject real propety. Accordingly, Secured Creditor shall then de-escrow the loan for taxes and insurance.

5. In the event Debtor fails to timely perform any of the obligations set forth in this stipulation, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have fifteen (15) calendar days from the date of the written notification to cure the default and to pay an additional $100.00 for attorneys' fees for each occurrence. An additional $150.00 will also be due if court certification of the default required.

6. If Debtor fails to cure the default, Secured Creditor may lodge a Declaration of Default and Order Terminating the Automatic Stay. Upon entry of the Order, the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with and hold a trustee's sale of the subject property, pursuant to applicable state law, without further Court Order or proceeding being necessary. Upon entry of Order, Secured Creditor may also commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required.

///
///
///
///
///

7. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, the repayment terms of this Order shall immediately cease in effect and become null and void, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note, and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

IT IS SO STIPULATED:

Submitted by:
McCarthy & Holthus, LLP

*/s/ Michael Chen*
Michael Chen, Esq.
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
(877) 369-6122
bknotice@mccarthyholthus.com

Approved/Disapproved

*/s/ Corey B. Beck*
Corey B. Beck, Esq.
(702) 678-1999

EXHIBIT "2"



**Shellpoint**
Mortgage Servicing
PO Box 7050 Troy MI 48007-7050

May 12, 2021

WESTWOOD INSURANCE AGENCY INC
8407 FALLBROOK AVE STE 200
WEST HILLS, CA 91304

Borrower Name:     MELISSA J HEXUM
Co-Borrower:       PETER ARSAGA
Property Address:  5900 NEGRIL AVE
                   LAS VEGAS, NV 89130
Policy Number:
Loan Number:

Dear WESTWOOD INSURANCE AGENCY INC:

We recently received an evidence of insurance for the above referenced property. Upon review, we noted that the following information is incorrect:

The Named Insured is incorrect on the policy. Please update the name listed on the policy to read as follows:

**MELISSA J HEXUM**
**PETER ARSAGA**

Please make sure that this change is applied to the policy and send an updated copy to:

Shellpoint Mortgage Servicing
ISAOA / ATIMA
PO Box 7050
Troy, MI 48007-7050

If you should have any questions, please contact the Shellpoint Mortgage Servicing Insurance Department.

Insurance Department
Shellpoint Mortgage Servicing

Phone:    (877) 491-7277 Monday - Friday, 8 am to 6 pm ET
Fax:      (248) 878-2370

If your obligation for this account was previously discharged in a bankruptcy proceeding, and if the obligation was not reaffirmed, this letter is being sent for informational purposes only. We are not attempting to collect, recover, or offset the discharge debt as your personal liability.
NameIns          TTY Service is available by contacting 711          02/22/2017

002998300001727185700000001     00000                                                    00291



EXHIBIT "3"

COREY B. BECK, ESQ.
Nevada Bar No. 005870
LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In Re:                                    )   BK-S-19-16636-MKN
                                          )   Chapter 11
CENSO, LLC.                               )
                                          )
            Debtor.                       )
_____)

**DECLARATION IN SUPPORT OF MELANI SCHULTE
IN SUPPORT OF MOTION FOR CONTEMPT AGAINST SHELLPOINT**

I, Melani Schulte, declare under penalty of perjury the following:

1. That I agreed to Interim Adequate Protection Order on 5900 Negril Avenue property which was filed on January 27, 2021 - Docket # 146.

2. That I have tendered all required payments. I have provided proof of payments for February 2021 to April 2021, which have been cashed by ShellPoint.

3. Notwithstanding, the payments submitted and proof of payments to counsel for ShellPoint. ShellPoint is still maintaining there is a "default" and to submit stay relief order.

4. Under the adequate protection order, I was required to pay property taxes on the subject property from the time of the stipulation going forward, which was for the final payment of the tax year 2021 starting in March 2021.

5. After preparing the check for the property taxes on the Negril Property, I went to pay the tax payment at the Clark County Treasurer's Office which was due March 1, 2021, with a 10 day grace period. The clerk at the Clark County Treasurer's Office advised me that ShellPoint had paid the taxes on March 1, 2021, even when ShellPoint knew they were not to do this per the stipulation and

agreement. The Clark County Tax Treasurer advised me that they could not accept my payment because it was the end of the tax year, ShellPoint had already paid it, and that there was no longer a balance due. *See Exhibit "1" - Copy of Check to Clark County Treasurer.*

6. My insurance policy (policy #2006163725) was up for renewal for April 22, 2021 to April 22, 2022. Per the Stipulation Order, I made sure that ShellPoint was named as additional interests. I paid the annual renewal fee of $770.00 on April 6, 2021 (check #1252). This check was cashed by Century National Insurance on April 9, 2021. Century National Insurance also received a payment for insurance from Shellpoint. On April 24, 2021, I received a check for $770.00 from Century National Insurance. On April 26, 2021, I contacted Century National Insurance and advised them that this was in violation of the stipulation and that they needed to put a stop payment on the check that they issued to me and refund ShellPoint $770.00 as this was again in violation of the stipulation and order.

7. That I maintained and paid insurance on the Negril property as the Interim Adequate Protection Order required.

8. I have submitted the payment for May 2021 dated May 1, 2021 and mailed certified mail return receipt requested.

9. That I followed all the court orders and rules. I've signed under oath every time I submit something to the court under penalty of perjury. I am under the belief that it is ShellPoint and their respective legal counsel to follow the same orders and rules of the court. They have not done so. They have filed erroneous and/or incorrect documentation into the bankruptcy court. Further, these are intentional acts to damage Censo, LLC., and make it appear as if Censo, LLC., is not following the court orders and mandates. It has been difficult to come to a conclusion regarding our bankruptcy as we don't get any cooperation from ShellPoint and/or their legal counsel. I believe that filing false documents on the

court and then continuing to try to collect on erroneous information is not in the bankruptcy court's best interest.

10. I am filing this motion for contempt to let the judge know that I have complied with all orders regarding this Negril property. I have done so honestly and under oath. Shell point and their legal representatives namely Michael Chen, Esq., have not done so. After receiving their alleged default letter, my counsel Corey B. Beck, Esq., reached out to Michael Chen, Esq., with the proof of payments showing compliance with all orders. Michael Chen, Esq., claimed that we were still in default. Obviously, he should be expected to comply with all court orders, as I have to. ShellPoint and their counsel should be held to account for their actions and/or non-actions.

11. If I didn't file this motion for contempt, Honorable Judge Nakagawa would believe that I'm not complying with his orders. These actions by ShellPoint and their counsel allow the court to become biased against me even though I have complied with all orders issued by the court. This needs to stop.

**I DECLARE UNDER PENALTY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

DATED this ___ day of May, 2021.

_____
MELANI SCHULTE, c/o Censo, LLC.