## * * § 362 INFORMATION SHEET * *

| | | |
|---|---|---|
| CENSO LLC | 19-16636-mkn | |
| DEBTOR | Case No: | MOTION #: |
| Selene Finance LP | 11 | |
| MOVANT | CHAPTER: | |

---

***Certification of Attempt to Resolve the Matter Without Court Action:***

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:*  9/20/2021          *Signature:*  */s/ Ramir M. Hernandez, Esq.*

Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION:    1161 Dana Maple Court, Las Vegas, Nevada 89123

NOTICE SERVED ON:    Debtor(s) ⊠ ;      Debtor's counsel ⊠ ;      Trustee ⊠ ;

DATE OF SERVICE:    9/20/2021

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st    $356,020.29 | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other | Other |
| Total Encumbrances    $356,020.29 | Total Encumbrances |
| APPRAISAL of OPINION as to VALUE: $280,000.00 per the Stipulation Resolving Motion to Value Collateral and Modify Rights of Selene Finance LP Pursuant to 11 U.S.C. §506(A), §1111, and §1123 (1161 Dana Maple Court, Las Vegas, NV 89123) and Vacating Hearing (Dkt. 155) | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note:    $220,256.35 | |
| Interest Rate:    5.000% | |
| Duration:    360 months | |
| Payment per Month:    $1,182.38 P&I | |
| Date of Post-Petition Default:    11/01/2019 | |
| Amount in Post-Petition Arrears:    $28,998.96 | |
| Date of Notice of Default:    06/20/2019 | |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Submitted by:    Ramir M. Hernandez, Esq. | Submitted by: |
| Signature:    */s/ Ramir M. Hernandez, Esq.* | Signature: |

WRIGHT, FINLAY & ZAK, LLP
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
rhernandez@wrightlegal.net
*Attorney for Secured Creditor, Selene Finance LP*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.:  19-16636-mkn |
| | Chapter:    11 |
| CENSO LLC, | |
| | **MOTION FOR RELIEF FROM** |
| Debtor. | **AUTOMATIC STAY** |
| | |
| | Hearing Date:  October 27, 2021 |
| | Hearing Time: 9:30 AM |

Movant, Selene Finance LP  ("Movant" hereafter), by and through its counsel of record,

Ramir M. Hernandez, Esq. of Wright, Finlay & Zak, LLP, hereby moves this Court pursuant to

11 U.S.C. § 362, for its Order Terminating Automatic Stay.

/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././

1      This Motion is based upon the attached Memorandum of Points and Authorities, the 362

2  Information Sheet, and all documents filed in support of the Motion.

3      DATED this 20th day of September, 2021.

4                                    WRIGHT, FINLAY & ZAK, LLP

5

6                                    */s/ Ramir M. Hernandez, Esq.*
                                     Ramir M. Hernandez, Esq.
7                                    Nevada Bar No. 13146
                                     7785 W. Sahara Ave., Ste. 200
8                                    Las Vegas, NV 89117
9                                    *Attorney for Secured Creditor, Selene Finance LP*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTORY STATEMENT

Movant requests the Court to grant it relief from the automatic stay because it is not adequately protected and there is insufficient equity in the property for the benefit of the Debtor or the Debtor's estate.

## II.    LEGAL STANDARD

11. U.S.C. § 362 states,

d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)  with respect to a stay of an act against property under subsection (a) of this section, if—

(A)   the debtor does not have an equity in such property; and

(B)   such property is not necessary to an effective reorganization;

## III.    STATEMENT OF FACTS

**A.    The Secured Debt[1].**

**1.**    On April 16, 2009, non-debtor borrower Kathleen Fraker ("Fraker"), executed a Promissory Note (the "Note") promising to pay the principal amount of $219,850.00 with an interest rate in the amount of 5.2500% and monthly principal and interest payments due on the first day of each month for 360 months to commence June 1, 2009.  A true and correct copy of the Note is attached hereto as **Exhibit 1**.

---

[1] Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary. Selene Finance LP, directly or through an agent, has possession of the promissory note and held the note at the time of filing of the Movant's Motion for Relief from the Stay. The promissory note has been duly indorsed.

**2.**     On April 16, 2009, Fraker executed a Deed of Trust representing the first priority lien secured by the real property commonly known as 1161 Dana Maple Court, Las Vegas, Nevada 89123 (the "Property"). A true and correct copy of the Deed of Trust recorded April 22, 2009, as Instrument 20090422-0002513 in the official records of Clark County, Nevada, is attached hereto as **Exhibit 2**.

**3.**     On July 25, 2011, Fraker executed a Loan Modification Agreement agreeing to pay the principal balance of $220,256.35 with monthly principal and interest payments of $1,182.38 due on the first day of each month from October 1, 2011 through September 1, 2041. True and correct copies of the Loan Modification Agreement recorded August 7, 2012, as Instrument 201208070001616 in the official records of Clark County, Nevada, and the corresponding Amended and Restated Note are attached hereto as **Exhibits 3 and 4,** respectively.

**4.**     On April 26, 2012, Mortgage Electronic Registration Systems, Inc. granted, assigned and transferred its interest in the Deed of Trust and Note to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.  A true and correct copy of the Assignment recorded April 30, 2012, as Instrument 201204300000376 in the official records of Clark County, Nevada, is attached hereto as **Exhibit 5**.

**5.**     On March 20, 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP granted, assigned and transferred its interest in the Deed of Trust and Note to The Secretary of Housing and Urban Development.  A true and correct copy of the Assignment recorded May 13, 2014, as Instrument 20140513-0001984 in the official records of Clark County, Nevada, is attached hereto as **Exhibit 6**.

**6.**     On April 1, 2014, The Secretary of Housing and Urban Development by Bayview Loan Servicing, LLC, its attorney in fact granted, assigned and transferred its interest in the Deed of Trust and Note to Bayview Loan Servicing, LLC.  A true and correct copy of

the Assignment recorded June 12, 2014, as Instrument 20140612-0001040 in the official records of Clark County, Nevada, is attached hereto as **Exhibit 7**.

**7.** On March 8, 2014, Bayview Loan Servicing, LLC granted, assigned and transferred its interest in the Deed of Trust and Note to Selene Finance LP. A true and correct copy of the Assignment recorded March 22, 2018, as Instrument 20180322-0000106 in the official records of Clark County, Nevada, is attached hereto as **Exhibit 8**.

**B.    Title to the Property.**

**1.** On December 17, 2013, the Property was sold at a non-judicial HOA foreclosure sale to KE Aloha Holdings LLC for $16,500.00 (the "HOA Sale"). A true and correct copy of the Foreclosure Deed is attached as **Exhibit 9**.

**2.** On January 10, 2014, KE Aloha commenced a quiet title action against Fraker and Bank of America, N.A. in the Eighth Judicial District Court for the State of Nevada as case number A-14-694279-C (the "Quiet Title Action").

**3.** On December 31, 2014, a Quitclaim Deed was recorded in the official records of Clark County, Nevada, as Instrument 20141231-0000747, whereby KE Aloha transferred its interest in the Property to KE Aloha Holdings Series V. A true and correct copy of the Quitclaim Deed is attached as **Exhibit 10**.

**4.** Findings of Fact and Conclusions of Law were entered in the Quiet Title Action in favor of Bank of America, N.A., on January 16, 2019, wherein the Court ruled the HOA Sale did not extinguish the Deed of Trust and the Deed of Trust remains a valid, secured encumbrance against the Property. A true and correct copy of the Findings of Fact and Conclusions of Law is attached as **Exhibit 11**.

**5.** On January 9, 2019, a Grant, Bargain Sale Deed was recorded in the official records of Clark County, Nevada, as Instrument 20190109-0002528, wherein KE Aloha Holdings Series V transferred its interest in the Property to CENSO LLC ("Debtor"). A true and correct copy of the Grant, Bargain Sale Deed is attached as **Exhibit 12**.

**6.** Debtor filed the instant Chapter 11 Petition as Case No. 19-16636-mkn on October 11, 2019.

**C.**     **The Status of the Property**

1.     Pursuant to the Stipulation Resolving Motion to Value Collateral and Modify Rights of Selene Finance LP Pursuant to 11 U.S.C. §506(A), §1111, and §1123 (1161 Dana Maple Court, Las Vegas, NV 89123) and Vacating Hearing (Dkt. 155) (the "Stipulation"), the value of the property as of the date of the Stipulation is $280,000.00. A true and correct copy of the Stipulation is attached hereto as **Exhibit 13**.

2.     As of September 8, 2021, Secured Creditor's Note and Deed of Trust are contractually due for March 1, 2012 and post-petition due for November 1, 2019. The total post-petition indebtedness owed to Movant under the Note, exclusive of attorney's fees, other miscellaneous costs and interest that continues to accrue, is as follows:

| | |
|---|---|
| 1 Payment of $1,289.88 (11/1/19): | $1,289.88 |
| 12 Payments of $1,283.19 each (12/1/19-11/1/20): | $15,398.28 |
| 10 Payments of $1,231.08 each (12/1/20-9/1/21): | $12,310.80 |
| Total | $28,998.96 |

3.     As set forth in Secured Creditor's Relief from Stay Coversheet filed concurrently herewith, the total amount due under Secured Creditor's Deed of Trust, is $356,020.29 through October 1, 2021, broken down as follows:

| | |
|---|---|
| Unpaid Principal Balance | $217,551.21 |
| Interest: | $105,149.36 |
| Escrow Advances: | $26,066.93 |
| Late Charges: | $672.02 |
| Corporate Advances: | $6,580.77 |
| Total to Payoff | $356,020.29 |

There is little to no equity once the estimated costs of sale are factored in. Accordingly, as detailed below, there is little to no equity in the Property for the benefit of Debtor or the estate:

| | |
|---|---|
| Fair Market Value: | $280,000.00 |
| Less: | |
| Secured Creditor Deed of Trust: | $356,020.29 |
| Estimated Costs of Sale (8% of sale): | $22,400.00 |
| Equity in the Property | -$98,420.29 |

4.      Although Debtor is past due on the payments owed to Secured Creditor, Secured Creditor sent correspondence to Debtor's counsel and Chapter 13 Trustee by electronic mail on September 14, 2021, pursuant to LR 4001(a)(2) to resolve the matter without Court action. To date, Debtor has failed to propose any resolution of the outstanding arrears. A true and correct copy of the 4001 Letter is attached hereto as **Exhibit 14**.

5.      The automatic stay in the Bankruptcy Action precludes Secured Creditor from exercising its post-default remedies under the Note and Deed of Trust with respect to the Property and requires that Secured Creditor seek relief from the automatic stay to exercise its non-bankruptcy rights therein

## IV.    STATEMENT OF FACTS

### A.  RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(D)(1) BECAUSE SECURED CREDITOR IS NOT ADEQUATELY PROTECTED

11. U.S.C. § 362 states,

d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)   the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

11 U.S.C. §362(d)(1)(Emphasis added). The Ninth Circuit has found cause to grant relief from stay under Section 362(d)(1) when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, when a debtor has failed to make consistent and timely post-petition payments to his/her secured creditors, or when the debtor is using bankruptcy as a means to delay payment or foreclosure. *In re Harlan*, 783 F.2d 839 (BAP 9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (BAP 9th Cir. 1985). A lack of adequate protection has further been found to exist when there is an insufficient equity cushion in the Property and/or if the value of the collateral is decreasing. See for e.g. *Pistole v. Mellor (In r Mellor)*, 734 F.2d 1396 (9th Cir. 1984). The Ninth Circuit has held that a 20% equity cushion is what is required for a secured creditor to be considered adequately protected for purposes of a motion for relief analysis (Id.).

As of September 8, 2021, the subject loan is in default under the Note and Deed of Trust for the months of March 1, 2012 through September 1, 2021 and post-petition due for the months of November 1, 2019 through September 1, 2021. Debtor's failure to timely tender periodic payments to Secured Creditor, on its own, provides sufficient cause to grant relief under § 362(d)(1) pursuant to the holdings in *Harlan* and *Ellis*. Additionally, as discussed above, the Property is currently encumbered by liens which do not leave an equity cushion.

Based on the foregoing, Secured Creditor submits that Debtor is unable and/or unwilling to provide adequate protection to Secured Creditor and, thus, Secured Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**B. SECURED CREDITOR IS ENTITLED TO RELIEF FROM STAY UNDER 11 U.S.C. § 326(d)(2) AS NO EQUITY EXISTS IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR REORGANIZATION**

11. U.S.C. § 362 states,

d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(2)  with respect to a stay of an act against property under subsection (a) of this section, if—

(A)   the debtor does not have an equity in such property; and

(B)   such property is not necessary to an effective reorganization;

11 U.S.C. §362(d)(2). For purposes of 11 U.S.C. § 362(d)(2), "equity" is defined as the difference between the value of the property and all encumbrances upon it. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984); *La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283 (Bankr.S.D.Cal.1982). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under Section 362(d)(1). *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980).

Debtor and Secured Creditor agreed to value the property at $280,000.00. Pursuant to the facts set forth above the Property is encumbered by liens totaling $356,020.29, thereby resulting

in the absence of an equity cushion. (See Secured Creditor's Relief from Stay Coversheet and **Exhibit 13** attached hereto, Stipulation Resolving Motion to Value). Since there is little to no equity in the Property for the benefit of the bankruptcy estate, Secured Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## V.    REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Secured Creditor requests that the Court take judicial notice of the following facts:

1.  That the Property has a fair market value of $361,200.00.

## VI.    CONCLUSION

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief requested by Secured Creditor as set forth in the Proposed Order attached hereto as **Exhibit 15** and as requested herein.

WHEREFORE, Secured Creditor respectfully prays for an order of this Court as follows:

1.  Terminating the automatic stay of 11 United States Code § 362 to allow Movant to enforce its remedies to obtain possession of the Subject Property in accordance with applicable law;

2.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.  That the requirements of Local Bankruptcy Rule 9021 be waived;

4.  That the order be binding in any and all chapters following any subsequent conversion of this case under a different chapter of Title 11 of the United States Code, unless a specific exception has been provided herein; and

5.  For such other and further relief as the court deems just and proper.

DATED this 20th day of September, 2021.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez, Esq.*
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
*Attorney for Secured Creditor, Selene Finance LP*

## Exhibit 1

## Exhibit 1

## Exhibit 1

# NOTE

| FHA CASE NO. |
|---|
| ███████████ |

**April 16, 2009**
[Date]

**1161 Dana Maple Court**
**Las Vegas, NV  89123**

[Property Address]

### 1.  PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Taylor, Bean & Whitaker Mortgage Corp.**

and its successors and assigns.

### 2.  BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of **Two Hundred Nineteen Thousand Eight Hundred Fifty and no/100**                                    Dollars (U.S. **$219,850.00**          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Five and One Quarter**            percent (  **5.2500**  %) per year until the full amount of principal has been paid.

### 3.  PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.  MANNER OF PAYMENT
   **(A)  Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **June 01, 2009**         . Any principal and interest remaining on the first day of        **May 2039**          , will be due on that date, which is called the "Maturity Date."
   **(B)  Place**
Payment shall be made at **Taylor, Bean & Whitaker Mortgage Corp., 1417 North Magnolia Ave, Ocala, FL 34475**

or at such other place as Lender may designate in writing by notice to Borrower.

   **(C)  Amount**
Each monthly payment of principal and interest will be in the amount of U.S. $ **1,214.02**        . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

MULTISTATE FHA FIXED RATE NOTE                                                                                        6/96

MULTISTATE
ITEM 6432L1 (022709)

GreatDocs®
*(Page 1 of 3)*
T6432_20090408.100007

**(D) Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge      ☐ Graduated Payment Allonge

☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent ( **4.0000** %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

MULTISTATE FHA FIXED RATE NOTE                                                                 6/96

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_____(Seal)       _____(Seal)
Kathleen Fraker                   -Borrower                                      -Borrower

_____(Seal)       _____(Seal)
                                  -Borrower                                      -Borrower

_____(Seal)       _____(Seal)
                                  -Borrower                                      -Borrower

*[Sign Original Only]*

Without recourse, pay to the order of

By: Taylor, Bean & Whitaker
    Mortgage Corp.

Erla Carter-Shaw, E.V.P.

MULTISTATE FHA FIXED RATE NOTE                                    6/96

MULTISTATE                                                GreatDocs®
ITEM 6432L3 (022709)                                      *(Page 3 of 3)*

## Exhibit 2

## Exhibit 2

## Exhibit 2

20090422-0002513
Fee: $23.00    RPTT: $0.00
N/C Fee: $0.00
04/22/2009    13:57:03
T20090138474
Requestor:
NEVADA TITLE LAS VEGAS
Debbie Conway    JRV
Clark County Recorder    Pgs: 10

Parcel Number: **177-22-617-055**

~~RECORDING REQUESTED BY~~
Name: **Taylor, Bean & Whitaker Mortgage Corp.**

RETURN TO ~~& Mail Tax statement to :~~
Name:    **Taylor, Bean & Whitaker Mortgage Corp.**
Address:    **1417 North Magnolia Ave.**
            **Ocala, FL 34475**

I hereby affirm that this document submitted for recording does not contain personal information.

_Cindy guadagno    E6_
                    Cindy guadagno
09-03-0315 SDV  [Space Above This Line For Recording Data]    Name/Title

## DEED OF TRUST

FHA CASE NO.

MIN: **100029500033042197**

THIS DEED OF TRUST ("Security Instrument") is made on    **April 16, 2009**    . The grantor is
**Kathleen Fraker, As a Single Woman**

                                            ("Borrower"). The trustee is
**Nevada title**

                                            ("Trustee"). **The beneficiary is**
**Mortgage Electronic Registration Systems, Inc. ("MERS").** MERS is a separate corporation that is acting
solely as nominee for Lender and Lender's successors and assigns). MERS is organized and existing under the
laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel.
(888) 679-MERS. **Taylor, Bean & Whitaker Mortgage Corp.**

                                            ("Lender") is organized and existing
under the laws of **FL**                                                  , and
has an address of **1417 North Magnolia Ave, Ocala, FL  34475**

                                            . Borrower owes Lender the principal sum of
**Two Hundred Nineteen Thousand Eight Hundred Fifty and no/100**
Dollars (U.S. **$219,850.00**        ). This debt is evidenced by Borrower's note dated the same date as this
Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due
and payable on    **May 01, 2039**    . The beneficiary of this Security Instrument is MERS (solely as
nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This
Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower

**NEVADA FHA DEED OF TRUST**                                6/96
**MERS**
ITEM 2695L1                                        GreatDocs™
(0709)                                            *(Page 1 of 9)*

                                            T2696_20090220.100000

irrevocably grants and conveys to Trustee, in Trust, with power of sale, the following described property located in **Clark**                                                    County, Nevada:

**See Attached Exhibit A.**

(If the legal description is a metes and bounds description, the name and mailing address of the person who prepared the legal description or if a document including the same legal description has been previously recorded, the information necessary to identify and locate the previous recording is:

**Taylor, Bean & Whitaker Mortgage Corp.**
**1417 North Magnolia Ave**
**Ocala, FL 34475**                                                                                                )

which currently has the address of            **1161 Dana Maple Court**
                                                [Street]

**Las Vegas**                    , Nevada        **89123**          ("Property Address"):
[City]                                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

   **1.   Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

   **2.   Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum

**NEVADA FHA DEED OF TRUST**
**MERS**
ITEM 2695L2                                                                      **GreatDocs™**
(0709)                                                                           *(Page 2 of 9)*

for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

   3.  **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

   FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

   SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

   THIRD, to interest due under the Note;

   FOURTH, to amortization of the principal of the Note; and

   FIFTH, to late charges due under the Note.

   4.  **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

   In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged

**NEVADA FHA DEED OF TRUST**
**MERS**
ITEM 2695L3
(0709)

GreatDocs™
*(Page 3 of 9)*

Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

**NEVADA FHA DEED OF TRUST**
**MERS**
ITEM 2695L4
(0709)

GreatDocs™
*(Page 4 of 9)*

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8.    Fees.** Lender may collect fees and charges authorized by the Secretary.

**9.    Grounds for Acceleration of Debt.**

**(a)    Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)    Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b)    Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)    The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c)    No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)    Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)    Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within **eight months** from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **eight months**        from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.    Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by

**NEVADA FHA DEED OF TRUST**
**MERS**
ITEM 2695L5
(0709)

GreatDocs™
*(Page 5 of 9)*

Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

**NEVADA FHA DEED OF TRUST**
**MERS**
ITEM 2695L6
(0709)

GreatDocs™
*(Page 6 of 9)*

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17.   Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18.   Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a

NEVADA FHA DEED OF TRUST
MERS
ITEM 2695L7
(0709)

GreatDocs™
*(Page 7 of 9)*

foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19.  Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

**20.  Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**21.  Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $

**22.  Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Graduated Payment Rider

☐ Growing Equity Rider       ☐ Planned Unit Development Rider

☐ Adjustable Rate Rider      ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider  ☐ Other [Specify]

**NEVADA FHA DEED OF TRUST**
**MERS**
**ITEM 2695L8**
**(0709)**

GreatDocs™
*(Page 8 of 9)*

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Kathleen Fraker_ _____ (Seal)        _____ (Seal)
**Kathleen Fraker**                -Borrower                                     -Borrower

_____ (Seal)        _____ (Seal)
                         -Borrower                                     -Borrower

_____ (Seal)        _____ (Seal)
                         -Borrower                                     -Borrower

State of ___Nevada_____
County of ___Clark_____

This instrument was acknowledged before me on __April 17, 2009__ (date) by _____
__Kathleen Fraker_____
_____
_____ (name[s] of person[s]).

_Cindy Guadagno_
                                                        Notary Public
_Cindy Guadagno_

CINDY GUADAGNO
Notary Public State of Nevada
No. 02-74482-1
My appt. exp. Mar. 28, 2010

MAIL TAX STATEMENTS TO

Name:      **Taylor, Bean & Whitaker Mortgage Corp.**
           **1417 N Magnolia Ave**
Address:   **Ocala, FL 34475**

02-74482-1
3/28/2010

**NEVADA FHA DEED OF TRUST**
**MERS**
**ITEM 2695L9**
**(0709)**

GreatDocs™
*(Page 9 of 9)*

Escrow No.: 09-03-0315-SDV

## EXHIBIT "A"

### LEGAL DESCRIPTION

PARCEL ONE (1):

LOT THREE HUNDRED FOUR (304) IN BLOCK THREE (3) OF MOONDANCE
AT SILVERADO RANCH – UNIT 3, AS SHOWN BY MAP THEREOF ON FILE IN
BOOK 87, OF PLATS, PAGE 18, IN THE OFFICE OF THE COUNTY RECORDER
OF CLARK COUNTY, NEVADA

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND ENJOYMENT
IN, TO AND OVER THE PRIVATE DRIVES, OPEN-SPACE AREAS AND
ASSOCIATION PROPERTY, SUBJECT TO, AND MORE PARTICULARLY SET
FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND
RESTRICTIONS FOR SILVERADO, RECORDED JULY 15, 1995 IN BOOK 950714
AS DOCUMENT NO. 01596 AND THE DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS OF
SAGE CREEK AT SILVERADO RANCH, RECORDED JANUARY 15, 1997 IN
BOOK 970115 AS DOCUMENT NO. 00001 IN THE OFFICE OF THE COUNTY
RECORDER OF CLARK COUNTY, NEVADA, WHICH EASEMENT IS
APPURTENANT TO PARCEL ONE (1).

Exhibit 3

Exhibit 3

Exhibit 3

*APN # 177-22-617-055*

*N8*

Inst #: 201208070001616
Fees: $23.00
N/C Fee: $25.00
08/07/2012 11:36:52 AM
Receipt #: 1262612
Requestor:
**KIMBLE MONROE**
Recorded By: STN   Pgs: 7
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

**Recording Requested by/**
**After Recording Return To:**

Stewart Lender Services
Attn: Modification Recordation
9700 Bissonnet Street, Suite 1500
Houston, TX  77036

# LOAN MODIFICATION AGREEMENT

Order ID: 7411299                            Project ID: 231068
Loan Number: ▮▮▮▮▮▮
Borrower: KATHLEEN FRAKER

Original Loan Amount: *219,850.00*
PIN /Tax ID: 177-22-617-055
Recording Reference: See Exhibit 'B'

Recording Requested by
Bank of America, N.A.
WHEN RECORDED MAIL TO:

Bank of America, N.A.
7105 Corporate Drive
(PTX-B-36)
Plano, TX 75024
DocID#: 06544444447105A

Space Above for Recorder's Use
_____

### LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement (the "Agreement"), made on July 20, 2011 between KATHLEEN
FRAKER (the "Borrower(s)") and Bank of America, N.A. ("Lender"), amends and supplements that
certain (Mortgage/Deed of Trust) (the "Security Instrument") dated the 25th day of August, 2009 which
covers the real and personal property described in the Security Instrument and defined therein as the
'Property', located at 1161 DANA MAPLE COURT, LAS VEGAS, NV 89123.
The real property described being set forth as follows:

### SAME AS IN SAID SECURITY INSTRUMENT

In consideration of the mutual promises and agreements exchanged, the parties hereto agree to modify
the Security Instrument as follows:

The fifth [and sixth] sentence[s] of the first paragraph of the Security Instrument is[are] hereby amended
to read in its[their] entirety as follows:

Borrower owes Lender the principal sum of two hundred twenty thousand two hundred fifty six and
35/100, (U.S. Dollars) ($220,256.35). This debt is evidenced by Borrower's note dated the same date as
the Security Instrument, as amended and restated as of the date herewith ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on September 1, 2041. The
Borrower[s] shall comply with all other covenants, agreements and requirements of the Security
Instrument. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in

WDGGovLnModAgree                    Page 1 of 3



whole or in part of the Security Instrument. Except as otherwise specifically provided in this Agreement, the Security Instrument shall remain unchanged, and the Borrower[s] and Bank of America, N.A. shall be bound by, and comply with all of the terms and provisions thereof, as amended by this Agreement, and the Security Instrument shall remain in full force and effect and shall continue to be a first lien on the above-described property. All capitalized terms not defined herein shall have the same meanings as set forth in the Security Instrument.

SIGNED AND ACCEPTED THIS ___25___ DAY OF ___July  2011___
BY

___Kathleen Fraker___
KATHLEEN FRAKER

_____

(ALL SIGNATURES MUST BE ACKNOWLEDGED)

State of _Nevada_, County of _Clark_____ On this _25th_ day of _July_, _2011_ before me the undersigned, a Notary Public in and for said State, personally appeared ___Kathleen Fraker___ known to me, or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged that ___she___ executed the same.

Witness my hand and official seal.            Signature ___Sherry Hansen___

___Sherry Hansen___
Name (typed or printed)

My commission expires: _Jan 26, 2013_

NOTARY PUBLIC
SHERRY K. HANSEN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JAN. 26, 2013
No: 94-1245-1

**************************************************************************************************
As evidenced by their signatures below, the Co-Owner(s) consent to this Modification of the Mortgage.

**CO-OWNER(S)**

_____      Dated:_____
Co-Owner(s) Signature

_____
Co-Owner(s) Name (typed or printed)

STATE OF _____

COUNTY OF _____

On _____ before me, _____

WDGGovLnModAgree            Page 2 of 3            WDGLMAGM 7382 07/20/2007

**DO NOT WRITE BELOW THIS LINE**

--------------------------------------------------------------------------------

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A.,

By: Stewart Lender Services, Inc., its attorney in fact

By: _____          7/11/2012
          Christina Vuong, A.V.P., Stewart Lender Services, Inc.          Date

STATE OF TEXAS

COUNTY OF HARRIS

On July 11, 2012 before me, Myra Leblanc Notary Public- Stewart Lender Services, Inc., personally appeared Christina Vuong, A.V.P., Stewart Lender Services, Inc. personally known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

Signature _____
          Myra Leblanc

MYRA LEBLANC
Notary Public, State of Texas
My Commission Expires
June 30, 2015

My commission expires:  June 30, 2015

**Recording Requested by/After Recording Return To:**

Stewart Lender Services
Attn: Modification Recordation
9700 Bissonnet Street, Suite 1500
Houston, TX 77036

Order ID: 7411299                          Project ID: 231068
Loan Number: ███████

## EXHIBIT B

Borrower Name: KATHLEEN FRAKER
Property Address: 1161 DANA MAPLE COURT, LAS VEGAS, NV 89123

This Modification Agreement amends and supplements that certain Mortgage/Deed of Trust (the Security Instrument) recorded on 04/22/2009 as Instrument/Document Number: 200904220002513, and/or Book/Liber Number: N/A at Page Number: N/A in the real records of CLARK County, State of NV.

**Additional County Requirements:**
Original Loan Amount: *219,850.00*

<u>Exhibit 4</u>

<u>Exhibit 4</u>

<u>Exhibit 4</u>



**Bank of America**

**Home Loans**
Bank of America, N.A.
100 Beecham Drive Suite 104
Pittsburgh, PA 15205

Notice Date: July 20, 2011

KATHLEEN FRAKER
1161 DANA MAPLE COURT
LAS VEGAS, NV 89123

Account No:
FHA Case No.:

Property Address:
1161 DANA MAPLE COURT
LAS VEGAS, NV 89123

## AMENDED AND RESTATED NOTE
### State of Nevada

Origination Date: 25th day of August, 2009

**1. PARTIES**
"Borrower" means each person signing at the end of this Note; and the person's successors and assigns.
"Lender" means Bank of America, N.A. and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of two hundred twenty thousand two hundred fifty six and 35/100 (Dollars U.S.) $220,256.35 plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of five and no/100, (5.000%) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**
**(A) Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on October 1, 2011. Any principal and interest remaining on the September 1, 2041 will be due on that date, which is called the "Maturity Date."

**(B) Place**
Payment shall be made to Payment Processing PO Box 10219 Van Nuys, CA 91410, or at such place as Lender may designate in writing by notice to Borrower.

**(C) Amount**
Each monthly payment of principal and interest will be in the amount of U.S. 1,182.38. This amount will be part of a larger monthly payment required by the Security Instrument that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of 4.00% of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.

This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the Principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first- class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

## 10. GROUNDS FOR ACCELERATION OF DEBT

### (A) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under

this Note if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

**(B) Sale Without Credit.** Lender shall, if permitted by applicable law (including section 341 (d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1702j-3(d) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been in accordance with the requirements of the Secretary.

**(C) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payment, Lender does not waive its right with respect to subsequent events.

**(D) Regulations of HUD.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclosure if not paid. This Note and the Security Instrument do not authorize acceleration of foreclosure if not permitted by regulations of the Secretary.

**(E) Mortgage Not Insured.** Borrower agrees that should the Security Instrument and this Note secured thereby not be eligible under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 10, require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date thereof, declining to insure the Security Instrument and this Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by lender when the unavailability of insurance is solely due to Lender's failure to remit mortgage insurance premium to the Secretary.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

_Kathleen Fraker_     Dated   7/25/11
KATHLEEN FRAKER

ER-OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _Joana Gutierrez_
Joana Gutierrez
Assistant Vice President

# NOTE

FHA CASE NO.

**April 16, 2009**
[Date]

**1161 Dana Maple Court**
**Las Vegas, NV  89123**

[Property Address]

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Taylor, Bean & Whitaker Mortgage Corp.**

and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Two Hundred Nineteen Thousand Eight Hundred Fifty and no/100** Dollars (U.S. $**219,850.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Five and One Quarter** percent ( **5.2500 %**) per year until the full amount of principal has been paid.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

**(A)  Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **June 01, 2009**    . Any principal and interest remaining on the first day of    **May 2039**    , will be due on that date, which is called the "Maturity Date."

**(B)  Place**

Payment shall be made at **Taylor, Bean & Whitaker Mortgage Corp., 1417 North Magnolia Ave, Ocala, FL 34475**

or at such other place as Lender may designate in writing by notice to Borrower.

**(C)  Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ **1,214.02**    . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

MULTISTATE FHA FIXED RATE NOTE

6/96

MULTISTATE
ITEM 6432L1 (022709)

GreatDocs®
(Page 1 of 3)
T6432_20090408.100007

**(D)  Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge        ☐ Graduated Payment Allonge

☐ Other [specify]

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6.  BORROWER'S FAILURE TO PAY

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent ( **4.0000** %) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_Kathleen Fraker_ _____(Seal)
**Kathleen Fraker**                    -Borrower

_____(Seal)
                                     -Borrower

_____(Seal)
                                     -Borrower

_____(Seal)
                                     -Borrower

_____(Seal)
                                     -Borrower

_____(Seal)
                                     -Borrower

*[Sign Original Only]*

Without recourse, pay to the order of

By: Taylor, Bean & Whitaker
    Mortgage Corp.

_____
Erla Carter-Shaw, E.V.P.

Exhibit 5

Exhibit 5

Exhibit 5

Inst #: 201204300000376
Fees: $18.00
N/C Fee: $25.00
04/30/2012 08:02:43 AM
Receipt #: 1148478
Requestor:
CORELOGIC
Recorded By: ECM   Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Recording Requested By:
**Bank of America**
Prepared By: **Bank of America**
800-444-4302
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

Tax ID:       **177-22-617-055**
Property Address:
**1161 Dana Maple Ct**
**Las Vegas, NV 89123-5345**
                        4/24/2012

MIN #:                              MERS Phone #: 888-679-6377

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP** whose address is **451 7TH ST.SW #B-133, WASHINGTON DC 20410** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:       **TAYLOR, BEAN & WHITAKER MORTGAGE CORP.**
Made By:              **KATHLEEN FRAKER, AS A SINGLE WOMAN**
Trustee:               **NEVADA TITLE**
Date of Deed of Trust: **4/16/2009**       Original Loan Amount: **$219,850.00**

Recorded in **Clark County, NV** on: **4/22/2009**, book **N/A**, page **N/A** and instrument number **20090422-0002513**

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
~~APR 2 6 2012~~

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _____
         Susan Douglas
         Assistant Secretary

State of **California**
County of **Ventura**

On _4-26-12_ before me, _____ Shannon J. Moore _____, Notary Public, personally appeared
_____ Susan Douglas _____, who proved to me on the basis of satisfactory evidence to be the person
(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ Shannon J. Moore _____    **(Seal)**
My Commission Expires: _02-18-15_

> SHANNON J. MOORE
> Commission # 1925966
> Notary Public - California
> Los Angeles County
> My Comm. Expires Feb 18, 2015

DocID#

<u>Exhibit 6</u>

<u>Exhibit 6</u>

<u>Exhibit 6</u>

Inst #: 20140513-0001984
Fees: $18.00
N/C Fee: $0.00
05/13/2014 02:26:16 PM
Receipt #: 2023121
Requestor:
DEFAULT SERVICES - AVENUE 3
Recorded By: ECM    Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Ralph Flores**
**800-444-4302**

When recorded mail to:
**Bayview Asset Management, LLC**
**Attn: Ramona Careaga**
**4425 Ponce De Leon Blvd., 5th Floor**
**Coral Gables, FL 33146**

Tax ID:    **177-22-617-055**
Property Address:
**1161 Dana Maple Court**
**Las Vegas, NV 89123-5345**

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:    **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS**

Made By:    **KATHLEEN FRAKER, AS A SINGLE WOMAN**

Trustee:    **NEVADA TITLE**

Date of Deed of Trust: **4/16/2009**    Original Loan Amount: **$219,850.00**

Recorded in **Clark County**, NV on: 4/22/2009, book N/A, page N/A and instrument number 20090422-0002513

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
___MAR 2 0 2014___

**BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP**

By: _____
        **Manuel Paredes**  ,
        **Assistant Vice President**

State of **California**
County of **Los Angeles**

On **MAR 2 0 2014** before me, **Shannon Steeg**, Notary Public, personally appeared
**Manuel Paredes**, who proved to me on the basis of satisfactory evidence to be the person
(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _Shannon Steeg_
My Commission Expires: **May 17, 2017**

```
SHANNON STEEG
Commission # 2021493
Notary Public - California
Los Angeles County
My Comm. Expires May 17, 2017
```

(Seal)

DocID# ▋▋▋▋▋▋

# Exhibit 7

# Exhibit 7

# Exhibit 7

Inst #: 20140612-0001040
Fees: $18.00
N/C Fee: $25.00
06/12/2014 12:30:23 PM
Receipt #: 2054531
Requestor:
DEFAULT SERVICES - AVENUE 3
Recorded By: MJM  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Veronica Coria**
**800-444-4302**

When recorded mail to:
**Bayview Asset Management, LLC**
**Attn: Ramona Careaga**
**4425 Ponce De Leon Blvd., 5th Floor**
**Coral Gables, FL 33146**

Tax ID:       **177-22-617-055**
Property Address:
**1161 Dana Maple Court**
**Las Vegas, NV 89123-5345**

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** does hereby grant, sell, assign, transfer and convey unto **BAYVIEW LOAN SERVICING, LLC** whose address is **4425 PONCE DE LEON BOULEVARD, 5TH FLOOR, CORAL GABLES, FL 33146** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:          **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS**

Made By:           **KATHLEEN FRAKER, AS A SINGLE WOMAN**

Trustee:           **NEVADA TITLE**

Date of Deed of Trust: **4/16/2009**      Original Loan Amount: **$219,850.00**

Recorded in **Clark County**, NV on: **4/22/2009**, book **N/A**, page **N/A** and instrument number **20090422-0002513**

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

_____4-1-14_____

*Power of Attorney recorded in
Miami-Dade County,
Florida as CFN: 2014R0235684,
Book 29092, Page 0708

**THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY BAYVIEW LOAN SERVICING, LLC, ITS ATTORNEY IN FACT** *

By: _____
            CHERYL LOFTON          ,
            F-VP

State of  FLORIDA
County of  MIAMI-DADE

Maria Hernandez

On  4/1/14  before me,  CHERYL LOFTON  , a Notary Public, personally
appeared _____, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public:  Maria Hernandez  (Seal)
My Commission Expires:  8/15/14

MARIA HERNANDEZ
MY COMMISSION # DD993365
EXPIRES August 15, 2014
(407) 398-0153    FloridaNotaryService.com

DocID# ██████████

# Exhibit 8

# Exhibit 8

# Exhibit 8

Inst #: 20180322-0000106
Fees: $40.00
03/22/2018 07:46:42 AM
Receipt #: 3352727
Requestor:
CHARLES A BROWN AND ASSOC D
Recorded By: MAYSM Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

Prepared by, Recording Requested By and Return to:
SELENE FINANCE LP
9990 RICHMOND AVE., SUITE 400 SOUTH
HOUSTON, TX 77042
Prepared By:
Printed Name:__V. CUMBIE__
Parcel: 177-22-617-055

# ASSIGNMENT OF DEED OF TRUST

*FOR VALUE RECEIVED,*  BID 622008
ASSIGNOR: BAYVIEW LOAN SERVICING LLC, ITS SUCCESSORS AND ASSIGNS, whose address is
4425 PONCE DE LEON BLVD., CORAL GABLES, FL 33146, does hereby assign and transfer to
ASSIGNEE: SELENE FINANCE LP, whose address is 9990 RICHMOND AVE, STE 400 S, HOUSTON, TX
77042, all its right, title and interest in and to the described Deed of Trust:
BORROWER: KATHLEEN FRAKER, AS A SINGLE WOMAN
BENEFICIARY: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
TAYLOR, BEAN & WHITAKER MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS .
DATED: 4/16/2009          AMOUNT: $219,850.00
RECORDED: 4/22/2009 at Instrument or Document 20090422-0002513,
in the CLARK County Clerk's Office, State of NEVADA.

Property Address: 1161 DANA MAPLE COURT, LAS VEGAS, NEVADA 89123
Legal Description: SEE ATTACHED

Executed this  MAR 0 8 2018       .

BAYVIEW LOAN SERVICING, LLC

By:         Robert G. Hall
Title:         Vice President

STATE OF FLORIDA

COUNTY OF __MIAMI-DADE__

On __MAR 0 8 2018__ before me _Rogelio A. Portal_____, the undersigned notary public, personally appeared __Robert G. Hall__ the __Vice President__ of BAYVIEW LOAN SERVICING, LLC, ITS SUCCESSORS AND ASSIGNS, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Notary Public in and for the State of FLORIDA
Notary's Printed Name: _Rogelio A. Portal_____
My Commission Expires: _____

For.219850 dated 4/16/2009

ROGELIO A. PORTAL
MY COMMISSION # FF 950830
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

EXHIBIT "A"

LEGAL DESCRIPTION

PARCEL ONE (1):

LOT THREE HUNDRED FOUR (304) IN BLOCK THREE (3) OF MOONDANCE AT SILVERADO RANCH -- UNIT 3, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 87, OF PLATS, PAGE 18, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND ENJOYMENT IN, TO AND OVER THE PRIVATE DRIVES, OPEN-SPACE AREAS AND ASSOCIATION PROPERTY, SUBJECT TO, AND MORE PARTICULARLY SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR SILVERADO, RECORDED JULY 15, 1995 IN BOOK 950714 AS DOCUMENT NO. 01596 AND THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS OF SAGE CREEK AT SILVERADO RANCH, RECORDED JANUARY 15, 1997 IN BOOK 970115 AS DOCUMENT NO. 00001 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, WHICH EASEMENT IS APPURTENANT TO PARCEL ONE (1).

# Exhibit 9

# Exhibit 9

# Exhibit 9

Inst #: 201312180001844
Fees: $19.00 N/C Fee: $25.00
RPTT: $617.10 Ex: #
12/18/2013 02:02:44 PM
Receipt #: 1877062
Requestor:
ABSOLUTE COLLECTION SERVICE
Recorded By: GILKS  Pgs: 4
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN: 177-22-617-055

WHEN RECORDED MAIL DEED AND
TAX STATEMENTS TO:

KE Aloha Holdings LLC
9330 W Sahara Ave, Ste 210
Las Vegas, NV 89117

Title No.    A4490
Account NO.  107073
TS No.       45010-13-39646G1

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Foreclosure Deed

The undersigned declares:

| | | | |
|---|---|---|---|
| 1) | The grantee herein **WAS NOT** the foreclosing beneficiary | | |
| 2) | The amount of the unpaid debt together with costs was | $ | 3,800.00 |
| 3) | The amount paid by the grantee at the trustee sale was | $ | 16,500.00 |
| 4) | The documentary transfer tax is | $ | 617.10 |
| 5) | City Judicial District of **LAS VEGAS** | | |

**Sagecreek HOA**, does hereby grant and convey, but without covenant or warranty, express or implied, all title of the unit's owner to the unit, to: **KE Aloha Holdings LLC** (Grantee), the real property in the County of Clark, State of Nevada, commonly known as **1161 Dana Maple Ct., Las Vegas, NV 89123** Assessor's Parcel No. **177-22-617-055** and described more fully as follows:

Legal Description-shown on the Subdivision map recorded in Book No. 87 Page(s) 18, Lot 304, Block 3, Inclusive, of Maps of the Country of Clark, State of Nevada. See Exhibit A.

This conveyance is made pursuant to the power of sale granted to **Sagecreek HOA** and conferred upon its designated and authorized agent, by the Nevada Revised Statutes and its Declaration of Covenants, Conditions and Restrictions, recorded on **7/14/95**, in Book No. **950714** as Instrument No. **01596**, in the Official Records of the Clark County Recorder.

A Notice of Delinquent Assessment Lien was recorded on **1/30/13**, in Book No. **20130130** as Instrument No. **0000201**, in the Official Records of said County. After the expiration of

more than 30 days from the recordation and mailing of the Notice of Delinquent assessment Lien, a Notice of Default and Election to Sell was recorded on **5/13/13**, in Book No. **20130513** as Instrument No. **0000085**, in the Official Records of said County. After the expiration of more than 90 days from the recordation and mailing of the Notice of Default and Election to Sell, a Notice of Sale was recorded on **10/28/13** in the Clark County Recorder's Office in Book No. **20131028** as Instrument No. **0004099**. All notices were mailed, posted, published and served in accordance with Nevada Law.

At the time and place fixed in the Notice of Sale, Absolute Collection Services, LLC., agent for **Sagecreek HOA**, did sell said property above described at public auction on **12/17/13**, to said Grantee, being the highest bidder, for **$16,500.00**, in satisfaction of the obligations secured by the association's lien.

Dated: 12/18/13

_____

Richard Kaye on behalf of **Sagecreek HOA**


STATE OF NEVADA          )
                         ) ss.
COUNTY OF CLARK          )


On 12/18/13, before me, Kelly Mitchell, a notary public in and for the County of Clark, State of Nevada, personally appeared RICHARD KAYE, known to me to be the person described in the foregoing Foreclosure Deed, who acknowledged to me that he executed the same freely, voluntarily, and for the uses and purposes therein mentioned.

WITNESS my hand and seal.

*Kelly Mitchell*
_____
Kelly Mitchell, Notary Public
My Commission Expires: 7/10/16
Certificate No. 08-7504-1

KELLY MITCHELL
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 7-10-2016
Certificate No: 08-7504-1

Order No.: 45010-13-39646G1
Customer Ref.: A4490

## EXHIBIT "A"

PARCEL I:

LOT THREE HUNDRED FOUR (304) IN BLOCK THREE (3) OF MOONDANCE AT SILVERADO RANCH-UNIT 3, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 87 OF PLATS, PAGE 18, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

RESERVING THEREFROM A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND OF ENJOYMENT IN, TO AND OVER THE PRIVATE DRIVES, OPEN SPACE AREAS AND ASSOCIATION PROPERTY, SUBJECT TO, AND MORE PARTICULARLY SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR SILVERADO, RECORDED JULY 14, 1995 IN BOOK 950714 AS DOCUMENT NO. 01596 AND THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR SAGE CREEK AT SILVERADO RANCH, RECORDED JANUARY 15, 1997 IN BOOK 970115 AS DOCUMENT NO. 00001 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AS THE SAME MAY FROM TIME TO TIME BE AMENDED AND/OR SUPPLEMENTED.

PARCEL II:

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND ENJOYMENT IN, TO AND OVER THE PRIVATE DRIVES, OPEN-SPACE AREAS AND ASSOCIATION PROPERTY, SUBJECT TO, AND MORE PARTICULARLY SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS FOR SILVERADO, RECORDED JULY 14, 1995 IN BOOK 950714 AS DOCUMENT NO. 01596 AND THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR SAGE CREEK AT SILVERADO RANCH, RECORDED JANUARY 15, 1997 IN BOOK 970115 AS DOCUMENT NO. 00001 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, WHICH EASEMENT IS APPURTENANT TO PARCEL I.

S8AZOTP.1474 Rev. 3/29/2012

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 177-22-617-055
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land     b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse    d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg       f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural    h. ☐ Mobile Home
      ☐ Other

   | FOR RECORDERS OPTIONAL USE ONLY |
   |---|
   | Book_____    Page:_____ |
   | Date of Recording: _____ |
   | Notes: |

3. a. Total Value/Sales Price of Property          $ 16,500.00
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:                           $ 120,994.00
   d. Real Property Transfer Tax Due                $ 617.10

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section _____
   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Kelly Mitchell_          Capacity: Grantor

Signature _____          Capacity: _____

| **SELLER (GRANTOR) INFORMATION**<br>**(REQUIRED)** | **BUYER (GRANTEE) INFORMATION**<br>**(REQUIRED)** |
|---|---|
| Print Name: Sagecreek HOA | Print Name: KE Aloha Holdings LLC |
| Address: PO Box 12117 | Address: 9330 W Sahara Ave #210 |
| City: Las Vegas | City: Las Vegas |
| State: NV          Zip: 89112 | State: NV          Zip: 89117 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: Absolute Collection Services | Escrow # N/A-foreclosure sale |
|---|---|
| Address: 6440 Sky Pointe Dr 140-154 | |
| City: Las Vegas | State: NV          Zip: 89131 |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# Exhibit 10

# Exhibit 10

# Exhibit 10

Inst #: 20141231-0000747
Fees: $19.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #001
12/31/2014 11:20:02 AM
Receipt #: 2267972
Requestor:
NEVADA LEGAL FORMS AND BOO
Recorded By: SOL    Pgs: 4
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

APN: 177-22-617-055

Recording requested by and mail documents and tax statements to:

Name: Ke Aloha Holdings Series V

Address: 9811 W Charleston Blvd Ste 2-351

City/State/Zip: Las Vegas, NV 89117

**DED104**
Nevada Legal Forms & Tax Services, Inc.
www.nevadalegalforms.com

RPTT: 01

# QUITCLAIM DEED

THIS INDENTURE WITNESS that the GRANTOR(S):

Ke Aloha Holdings LLC

for and in consideration of Zero _____, Dollars ($ 0.00 _____)

do hereby QUITCLAIM the right, title and interest, if any, which GRANTOR may have in all that

real property, the receipt of which is hereby acknowledged, to the GRANTEE(S):

Ke Aloha Holdings Series V,
of the
Ke Aloha Holdings LLC,
A Nevada Series Limited-Liability Company

all that real property situated in the City of    Las Vegas    , County of    Clark    ,

State of    Nevada    , bounded and described as follows:

*(Set forth legal description and commonly known address)*

**COMMONLY KNOWN ADDRESS:**

1161 DANA MAPLE COURT, LAS VEGAS, NEVADA 89123

Page -1-

**LEGAL DESCRIPTION:**

See Exhibit "ONE" attached hereto and by reference, made part hereof.

Together with all and singular hereditament and appurtenances thereunto belonging or in any way appertaining to.

In Witness Whereof, I/We have hereunto set my hand/our hands on _30 74_ day of December _____, 20 14 ____.

_____
Signature of Grantor

Melani Schulte, Managing Member
_____
Print or Type Name Here
Registrant: Mike Angell
Registrant registration number: NVDP20143316
3901 West Charleston Boulevard, Las Vegas, NV 89102, (702) 870-8977

STATE OF    NEVADA          )
COUNTY OF   CLARK           )

On this _30 74_ day of December _____, 20 14 ____, personally appeared before me, a Notary Public, _____Melani Schulte, Managing Member_____,
□ personally known to me OR □ proved to me on the basis of satisfactory evidence to be the person(s) described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that they executed the same freely and voluntarily and for the uses and purposes therein mentioned.  Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _August 23 2018_

MIKE ANGELL
Notary Public State of Nevada
No. 97-0740-1
My Appt. Exp. Aug. 23, 2018

Consult an attorney if you doubt this forms fitness for your purpose.

Page -2-

# EXHIBIT "ONE"

Parcel I:

Lot 304 in Block 3 of Moondance At Silverado Ranch - Unit 3, as shown by map thereof on file in Book 87 of Plats, Page 18 in the Office of the County Recorder of Clark County, Nevada.

Reserving Therefrom a non-exclusive easement for ingress, egress, and of enjoyment in, to and over the Private Drives, open space areas, and Association Property, subject to, and more particularly set forth in the Declaration of Covenants, Conditions and Restrictions for Silverado, recorded July 14, 1995 in Book 950714 as Document No. 01596 and the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Sage Creek At Silverado Ranch, recorded January 15, 1997 in Book 970115 as Document No. 00001 in the Office of the County Recorder of Clark County, Nevada, as the same may from time to time be amended and/or supplemented.

Parcel II:

A non-exclusive easement for ingress, egress and enjoyment in, to and over the Private Drives, open space areas and Association Property, subject to, and more particularly set forth in the Declaration of Covenants, Conditions, and Restrictions for Silverado, recorded July 14, 1995 in Book 950714 as Document No. 01596 and the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Sage Creek At Silverado Ranch, recorded January 15, 1997 in Book 970115 as Document No. 00001 in the Office of the County Recorder of Clark County, Nevada, which easement is appurtenant to Parcel I.

Assessor's Parcel No: 177-22-617-055

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. 177-22-617-055
   b._____
   c._____
   d._____

2. Type of Property:
   a. ☐ Vacant Land       b. ☑ Single Fam. Res.     FOR RECORDER'S OPTIONAL USE ONLY
   c. ☐ Condo/Twnhse      d. ☐ 2-4 Plex             Book:_____ Page:_____
   e. ☐ Apt. Bldg         f. ☐ Comm'l/Ind'l         Date of Recording:_____
   g. ☐ Agricultural      h. ☐ Mobile Home          Notes:
      ☐ Other_____

3. a. Total Value/Sales Price of Property                    $ 0.00
   b. Deed in Lieu of Foreclosure Only (value of property)  ( 0.00 )
   c. Transfer Tax Value:                                    $ 0.00
   d. Real Property Transfer Tax Due                         $ 0.00

**4. If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ___01___
   b. Explain Reason for Exemption: _Transfer between affiliated business entities with_
      _identical common ownership (went from a Regular LLC to a Series LLC)_

5. Partial Interest: Percentage being transferred: __100__ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Mili Schtte_                           Capacity __Grantor__

Signature _Mili Schtte_                           Capacity __Grantee__

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: Ke Aloha Holdings LLC | Print Name: Ke Aloha Holdings Series V* |
| Address: 9330 W Sahara Ave, Ste 210 | Address: 9811 W Charleston Blvd Ste 2-351 |
| City: Las Vegas | City: Las Vegas |
| State: NV    Zip: 89117 | State: NV    Zip: 89117 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: Nevada Legal Forms & Tax Services, Inc.    Escrow #:_____
Address: 3901 West Charleston Blvd
City: Las Vegas                    State: NV    Zip: 89102

of the Ke Aloha Holdings LLC, A Nevada Series Limited-Liability Company

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

CCOR_DV_Form.pdf ~ 01/12/09

# Exhibit 11

# Exhibit 11

# Exhibit 11

Electronically Filed
1/16/2019 10:40 AM
Steven D. Grierson
CLERK OF THE COURT

**FFCL**
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
THERA A. COOPER, ESQ.
Nevada Bar No. 13468
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: darren.brenner@akerman.com
Email: thera.cooper@akerman.com

*Attorneys for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KE ALOHA HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; QUALITY HOME LOANS SERVICING; KATHLEEN FRAKER,<br><br>Defendants. | CASE NO.    A-14-694279-C<br>DEPT. NO.    XXX<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| BANK OF AMERICA, N.A.,<br><br>Crossclaimant,<br><br>v.<br><br>SAGECREEK HOMEOWNERS ASSOCIATION; ABSOLUTE COLLECTION SERVICES;<br><br>Cross-defendants. | |

…

…

…

…

47218365;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Defendant Bank of America, N.A.'s (**Bank of America**) motion for summary judgment came for hearing on November 28, 2018. Rex Garner, Esq. appeared on behalf of Bank of America and James Fox, Esq. appeared on behalf of Plaintiff KE Aloha Holdings, LLC (**Plaintiff**). The Court, having reviewed the motion, the response in opposition, and the reply in support, and good cause appearing, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

*The Loan*

    1.    A deed of trust listing Kathleen Fraker as the borrower (**Borrower**); Taylor, Bean & Whitaker Mortgage Corp. as the lender (**Lender**); and Mortgage Electronic Registration Systems, Inc. (**MERS**), as beneficiary solely as nominee for Lender and Lender's successors and assigns, was executed on April 16, 2009, and recorded on April 22, 2009 (**Deed of Trust**).[1] The Deed of Trust granted Lender a security interest in real property known as 1161 Dana Maple Court, Las Vegas, Nevada (the **Property**) to secure the repayment of a promissory note (the **Note**) in the original amount of $219,850.00 to the Borrowers (the Note and Deed of Trust together constitute the **Loan**).

    2.    On April 30, 2012, an assignment of the Deed of Trust from MERS, as nominee for Lender and Lender's successors and assigns, to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing. LP fka Countrywide Home Loans Servicing LP was recorded.

*The HOA Foreclosure Sale and Plaintiff's Purported Acquisition of the Property*

    3.    On January 30, 2013, Absolute Collection Services, LLC (**HOA Trustee**), as agent for the Sagecreek Homeowners Association (the **HOA**), recorded a Notice of Delinquent Assessment Lien.

    4.    On May 13, 2013. the HOA Trustee, as agent for the HOA, recorded a Notice of Default and Election to Sell Under Homeowners Association Lien.

…

---

[1]The Motion for Summary Judgment referenced a prior Deed of Trust that was recorded on August 18, 2018 the (2008 Deed of Trust). The publicly available title documents with the Clark County Recorder reflect that the 2008 Deed of Trust was re-conveyed on ____. The reference to the 2008 Deed of Trust in the Motion for Summary Judgment rather than the 2009 Deed of Trust has no effect on the issues in this litigation. As a result, this Order refers to the Deed of Trust executed and recorded in April 2009 as the operative Deed of Trust.

47218365.1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

5.     In response to the Notice of Default, Bank of America, through counsel at Miles, Bauer, Bergstrom, & Winters, LLP (**Miles Bauer**), contacted the HOA Trustee on or about June 10, 2013, requesting a breakdown of the HOA arrears in order to satisfy the super-priority amount.

6.     The HOA Trustee responded on or about July 11, 2013 and provided a Statement of Account.

7.     The Statement of Account lists the HOA's quarterly assessment amount as $66.00.

8.     On or about July 25, 2013, Bank of America, through Miles Bauer, sent the HOA Trustee a check for $198.00, the equivalent of three quarterly assessments.

9.     The HOA Trustee confirmed receipt of the check on July 26, 2013.

10.     On October 28, 2013, the HOA Trustee, as agent for the HOA, recorded a Notice of Trustee's Sale, setting the sale for December 17, 2013, despite having received the tender check from Miles Bauer on behalf of Bank of America.

11.     A Foreclosure Deed was recorded against the Property on December 18, 2013. The deed states that the Property was sold in an HOA foreclosure sale on December 17, 2013, to Plaintiff.

## CONCLUSIONS OF LAW

### Standard of Proof

1.     Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. NRCP 56(c); *see also Wood v. Safeway, Inc.*, 121 Nev. 724, 730, 121 P.3d 1026, 1030 (2005). After the movant has carried its burden to identify issues where there is no genuine issue of material fact, the non-moving party must "set forth specific facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him." *Wood*, 121 Nev. at 732.

2.     While the pleadings and other evidence must be construed in the light most favorable to the nonmoving party, that party has the burden to 'do more than simply show that there is some metaphysical doubt' as to the operative facts to defeat a motion for summary judgment." *Id.* at 1031 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)). The governing law

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3

47218365;1

1    determines which "factual disputes are material and will preclude summary judgment; other factual

2    disputes are irrelevant." *Id.*

3        3.        Summary judgment is particularly appropriate where issues of law are controlling and

4    dispositive of the case. *Am. Fence, Inc. v. Wham*, 95 Nev. 788, 792, 603 P.2d 274, 277 (1979).

5    ***Bank of America Tendered the Statutory Super-Priority Amount***

6        4.        Bank of America extinguished the statutory HOA super-priority lien by tendering the

7    super-priority portion of the lien prior to the HOA Sale.

8        5.        In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (2014), the Nevada

9    Supreme Court clearly stated that a first deed of trust holder's pre-foreclosure tender prevents the

10   first deed of trust from being extinguished. 334 P.3d at 414 ("[A]s junior lienholder, [the holder of

11   the first deed of trust] could have paid off the [HOA] lien to avert loss of its security[.]"). In fact, the

12   drafters of the Uniform Common Interest Ownership Act (**UCIOA**), adopted by Nevada as NRS

13   116, *et seq.*, contemplated this result when drafting the super-priority provision, stating that "[a]s a

14   practical matter, secured lenders will most likely pay the [nine] months assessments demanded by

15   the association rather than having the association foreclose on the unit." 1982 UCIOA § 3-116 cmt.

16   1 (cited with approval in *SFR Investments*, 334 P.3d at 414.).

17       6.        Further, the Nevada Real Estate Division of the Department of Business and Industry

18   (**NRED**), the agency charged with administering the State Foreclosure Statute, has explained that it

19   is "likely that the holder of the first security interest will pay the super priority lien amount to avoid

20   foreclosure by [an HOA]." 13—01 Op. Dep't of Bus. & Indus., Real Estate Div. 18 (2012)

21   (hereinafter **NRED Letter**); *see also Folio v. Briggs*, 99 Nev. 30, 34, 656 P.2d 842, 844 (1983)

22   (explaining that courts "are obliged to attach substantial weight to [an] agency's interpretation" of a

23   statute it is charged with administering).

24       7.        This super-priority amount is equal to the amount of assessments that "would have

25   become due in the absence of acceleration during the nine months immediately preceding institution

26   of an action to enforce the lien...." *See* NRS 116.3116(2); *accord* NRED Letter (explaining that "the

27   total amount of the super priority lien attributable to assessments is no more than 9 months of the

28   monthly assessments reflected in the association's budget.").

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 — FAX: (702) 380-8572

47218365;1

8.    As a matter of statutory interpretation, the Nevada Supreme Court has held that the super-priority portion of an HOA lien does not include collection fees and foreclosure costs incurred by an HOA. *Horizons at Seven Hills v. Ikon Holdings*, 132 Nev. Adv. Op. 35, 373 P.3d 66, 69 (2016). The *Ikon Holdings* court confirmed that the super-priority amount is "limited to an amount equal to the common expense assessments due during the nine months before foreclosure." *Id.* at 72.

9.    The Nevada Supreme Court has also held—again as a matter of statutory interpretation—that a lender's tender of the super-priority portion of the statutory HOA lien extinguishes the super-priority lien, even if the tender is rejected. *Stone Hollow Ave. Trust v. Bank of America, N.A.*, Case No. 64955, 2016 WL 4543202, at *1 (Nev. 2016) (vacated on other grounds) (*Stone Hollow II*).

10.    Bank of America's tender of the super-priority lien satisfied that portion of the lien as a matter of law, rendering any bona fide purchaser claims irrelevant. *Saticoy Bay LLC Series 2141 Golden Hill v. JPMorgan Chase Bank*, No. 71246, 2017 WL 6597154, at *1 n.1 (Nev. Dec. 22, 2017) (unpublished); *BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP et al. v. Apsinwall Court Tr.*, No. 69885, 2018 WL 3544962, at *1 (Nev. July 20, 2018) (unpublished); *2713 Rue Toulouse Tr. v. Bank of Am., N.A.*, No. 68206, 2018 WL 3545339, at *1 (Nev. July 20, 2018) (unpublished).

11.    Bank of America's tender of the check constituted a valid tender sufficient to discharge the super-priority portion of the statutory HOA lien because Bank of America tendered the correct super-priority amount. *See, e.g., Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 417 P.3d 113 (Nev. 2018) (***Diamond Spur***); *Bank of Am., N.A. v. Ferrell St. Tr.*, No. 70299, 2018 WL 2021560, at *1 (Nev. Apr. 27, 2018).

12.    Because Bank of America tendered and satisfied the super-priority portion of the HOA lien prior to the HOA Sale, the HOA could only foreclosure on the sub-priority portion of the HOA lien. Since the HOA cannot transfer any greater interest than it possesses, the purchaser at the HOA foreclosure sale purchased only the sub-priority portion of the HOA lien and took the property subject to the Deed of Trust.

…

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

13.    Any remaining issues raised in Bank of America's motion for summary judgment are moot.

### The Deed of Trust Remains a Valid, Secured Encumbrance

14.    The December 17, 2013 HOA Sale did not extinguish the Deed of Trust.

15.    The Deed of Trust remains a valid, secured encumbrance against the Property.

16.    All persons or entities whom were granted title or an interest in the Property through the HOA Sale took such title or interest subject to the Deed of Trust.

17.    The Notice of Lis Pendens recorded by Plaintiff on April 9, 2014 is hereby expunged.

18.    Bank of America's Motion for Summary Judgment is granted.

### Rule 54(b) Certification

There being no reason for delay, this Order should be certified as final pursuant to NRCP 54(b). Accordingly, this Order is a final judgment for purposes of appeal.

DATED: this 11 day of December, 2018.

HONORABLE JERRY WIESE
A-14-7694279-C

*Submitted by:*

Dated this 2nd day of ~~December, 2018.~~ January 2019

**AKERMAN LLP**

DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
THERA A. COOPER, ESQ.
Nevada Bar No. 13468
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*

*Approved as to form and content by:*

Dated this 28th day of December, 2018.

**The Law Office of Mike Beede, PLLC**

MICHAEL BEEDE, ESQ.
Nevada Bar No. 13068
JAMES W. FOX, ESQ.
Nevada Bar No. 13122
2470 Street Rose Pkwy, Suite 307
Henderson, Nevada 89074

*Attorneys for Plaintiff KE Aloha Holdings, LLC*

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL. (702) 634-5000 – FAX: (702) 380-8572

6

47218365;1

Exhibit 12

Exhibit 12

Exhibit 12

Inst #: 20190109-0002528
Fees: $40.00
RPTT: $0.00  Ex #: 001
01/09/2019 03:07:16 PM
Receipt #: 3605218
Requestor:
KE ALOHA HOLDINGS LLC
Recorded By: ANI  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: FRONT COUNTER
Ofc: MAIN OFFICE

**RECORDING REQUESTED BY:**
KE ALOHA HOLDINGS, LLC
**When Recorded Mail Document**
**and Tax Statement To:**
KE ALOHA HOLDINGS, LLC  C/O CENSO LLC
9811 W. Charleston Blvd #2-351
Las Vegas, NV  89117

APN: 177-22-617-055
ADDRESS: 1161 Dana Maple Court, Las Vegas, NV 89123

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESS that the GRANTOR(S):   KE ALOHA HOLDINGS SERIES V, of the  KE ALOHA HOLDINGS LLC,  A NEVADA SERIES LIMITED-LIABILITY COMPANY**

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged,** do(es) hereby GRANT, BARGAIN, SELL and CONVEY to the GRANTEE(S): **CENSO LLC ,  a Nevada Limited Liability Company**

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

See Exhibit "A" attached hereto and by reference, made part hereof.

SUBJECT TO:    1.    Taxes for the current fiscal year.
                2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                    now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: JANUARY 9, 2019

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on    JANUARY 9, 2019
By    MELANI SCHULTE as Manager of
KE ALOHA HOLDINGS SERIES V,   of the
KE ALOHA HOLDINGS LLC,   A NEVADA
SERIES LIMITED-LIABILITY COMPANY

Signature _____
                          Notary Public

Amberlea Davis
Notary Public
14-14876-1 Exp 11/01/22

MELANI SCHULTE, Manager
KE ALOHA HOLDINGS SERIES V,  of the
KE ALOHA HOLDINGS LLC, A NEVADA
SERIES LIMITED-LIABILITY COMPANY

EXHIBIT "A"

LEGAL DESCRIPTION

PARCEL ONE (1):

LOT THREE HUNDRED FOUR (304) IN BLOCK THREE (3) OF MOONDANCE
AT SILVERADO RANCH – UNIT 3, AS SHOWN BY MAP THEREOF ON FILE IN
BOOK 87, OF PLATS, PAGE 18, IN THE OFFICE OF THE COUNTY RECORDER
OF CLARK COUNTY, NEVADA

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND ENJOYMENT
IN, TO AND OVER THE PRIVATE DRIVES, OPEN-SPACE AREAS AND
ASSOCIATION PROPERTY, SUBJECT TO, AND MORE PARTICULARLY SET
FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND
RESTRICTIONS FOR SILVERADO, RECORDED JULY 15, 1995 IN BOOK 950714
AS DOCUMENT NO. 01596 AND THE DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS OF
SAGE CREEK AT SILVERADO RANCH, RECORDED JANUARY 15, 1997 IN
BOOK 970115 AS DOCUMENT NO. 00001 IN THE OFFICE OF THE COUNTY
RECORDER OF CLARK COUNTY, NEVADA, WHICH EASEMENT IS
APPURTENANT TO PARCEL ONE (1).

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 177-22-617-055
   b. _____
   c. _____
   d. _____
2. Type of Property:
   | | | | |
   |---|---|---|---|
   | a. ☐ Vacant Land | b. ☑ Single Fam. Res. | | |
   | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | | |
   | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | | |
   | g. ☐ Agricultural | h. ☐ Mobile Home | | |
   | ☐ Other | | | |

   FOR RECORDERS OPTIONAL USE ONLY
   Book_____ Page:_____
   Date of Recording: _____
   Notes:

3. a. Total Value/Sales Price of Property     $ _____
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:     $ _____
   d. Real Property Transfer Tax Due     $ _____

**4. If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section 01_____
   b. Explain Reason for Exemption: Transfer between affiliated business entities
      with identical common owners

5. Partial Interest: Percentage being transferred: 100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Nai Echlt_____     Capacity: GRANTOR / GRANTEE

Signature _____     Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: KE ALOHA HOLDINGS LLC
Address: 9811 W. CHARLESTON BL #2-351
City: LAS VEGAS
State: NV          Zip: 89117

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: CENSO LLC
Address: 9811 W. CHARLESTON BL #2-351
City: LAS VEGAS
State: NV          Zip:89117

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____     Escrow # _____
Address: _____
City: _____     State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# Exhibit 13

# Exhibit 13

# Exhibit 13

**TIFFANY & BOSCO, P.A.**
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Krista J. Nielson, Esq.
Nevada Bar No. 10698
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 20-71093

Attorneys for *Secured Creditor* Selene Finance LP

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| IN RE: | Case No. 19-16636-mkn |
| CENSO LLC., | Chapter 11 |
|  | **STIPULATION RESOLVING MOTION TO VALUE COLLATERAL AND MODIFY RIGHTS OF SELENE FINANCE LP PURSUANT TO 11 U.S.C §506(a), §1111, AND §1123 (1161 DANA MAPLE COURT, LAS VEGAS, NV 89123) AND VACATING HEARING** |
| Debtor. |  |

**STIPULATION RESOLVING MOTION TO VALUE COLLATERAL AND MODIFY RIGHTS OF SELENE FINANCE LP PURSUANT TO 11 U.S.C §506(A), §1111, AND §1123 (1161 DANA MAPLE COURT, LAS VEGAS, NV 89123) AND VACATING HEARING**

COMES NOW the Debtor, Censo LLC. ("Debtor") and Creditor, Selene Finance LP ("Creditor"), by and through their undersigned counsels of record, and enter into that certain stipulation as follows:

WHEREAS on July 15, 2020 Debtor filed a Motion to Value Collateral and Modify Rights of Selene Finance LP Pursuant to 11 U.S.C §506(a), §1111, and §1123 (1161 Dana Maple Court, Las Vegas, NV 89123) (the "Motion to Value") (Docket Entry No. 61) seeking to value the property located at 1161 Dana Maple Court, Las Vegas, NV 89123 at $280,000.00 based on an appraisal dated January 2, 2019; and

WHEREAS the parties have agreed to resolve the pending to Motion to Value;

IT IS THEREFORE HEREBY STIPULATED as follows:

1. The value of the property as of the date of this Stipulation is $280,000.00;

2. This Stipulation does not constitute an agreement to any specific treatment regarding the underlying debt based on the above-referenced valuation;

3. Creditor does not waive any rights it may have to obtain an updated valuation of the property at the time of Confirmation;

4. Creditor does not waive any rights it has to argue that the loan cannot be modified by the Debtor;

5. Creditor does not waive any rights it may have to object to any Chapter 11 Plan of Reorganization on any grounds, including that the Plan does not provide for full payment of the entire underlying debt, or for Creditor to make an election under 11 U.S.C. §1111(b); and

6. The continued hearing on the Motion to Value scheduled for March 17, 2021 at 9:30 a.m. shall be vacated upon entry of the Order approving the instant Stipulation.

**IT IS SO STIPULATED.**

By /s/ Ace C. Van Patten, Esq.
Ace C. Van Patten, Esq.
Attorney for Creditor

By
Corey B. Beck, Esq.
Attorney for Debtor

Nola Schti   approval of Stipulation on Value
3. 4. 2021   for CENSO LLC

## Exhibit 14

## Exhibit 14

## Exhibit 14



**WRIGHT FINLAY & ZAK** LLP

**ATTORNEYS AT LAW**

Main Office
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Main Phone: (949) 477-5050
Email Fax: (949) 608-9142

www.wrightlegal.net

September 14, 2021

Corey B. Beck, Esq.
LAW OFFICE OF COREY B. BECK P.C.
425 South 6th Street
Las Vegas, NV 89101
Email: becksbk@yahoo.com

Re:   Debtor's Name              : Censo LLC
      Property Address           : 1161 Dana Maple Court, Las Vegas, Nevada 89123
      BK Case No.                : 19-16636-mkn
      Chapter                    : 11
      Petition filing date       : October 11, 2019

**LOCAL RULE 4001(a)(2) Letter and Notice of Intent to File Motion for Relief**

Counsel,

Please be advised that this firm represents Selene Finance LP ("Selene") regarding the above-referenced property.  This letter is being sent pursuant to Local Rule 4001(a)(2).

The post-petition mortgage arrears under the Note and Deed of Trust held by Selene are broken down as follows:

| | |
|---|---|
| 1 Payment of $1,289.88 (11/1/19): | $1,289.88 |
| 12 Payments of $1,283.19 each (12/1/19-11/1/20): | $15,398.28 |
| 10 Payments of $1,231.08 each (12/1/20-9/1/21): | $12,310.80 |
| Total | $28,998.96 |

If the Debtor does not bring the post-petition arrears current, or we do not timely hear from you, it is our intent to proceed with the filing of a Motion for Relief from Stay.

**Nevada Office**
7785 W. Sahara Ave., Suite 200
Las Vegas, NV  89117
Main Phone: (702) 475-7964
Main Fax: (702) 946-1345

**Arizona Office**
16427 N. Scottsdale Road, Ste. 300
Scottsdale, AZ  85254
Main Phone: (949) 477-5050

**Washington Office**
3600 15th Ave W., Ste. 200
Seattle, WA  98119
Main Phone: (949) 477-5050

**Utah Office**
2975 W. Executive Pkwy
Lehi, UT  84043
Main Phone: (702) 475-7964
Main Fax: (702) 946-1345

Page 2

In the meantime, if you have any questions or concerns regarding the above, please do not hesitate to contact us.

Sincerely,

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez*
Ramir M. Hernandez, Esq.
RMH/jdc

# Exhibit 15

# Exhibit 15

# Exhibit 15

1

2

3

4

5

6  WRIGHT, FINLAY & ZAK, LLP
   Ramir M. Hernandez, Esq.
7  Nevada Bar No. 13146
   7785 W. Sahara Ave., Ste. 200
8  Las Vegas, NV 89117
   (702) 475-7964; Fax: (702) 946-1345
9  rhernandez@wrightlegal.net
   *Attorney for Secured Creditor, Selene Finance LP*
10

11              **UNITED STATES BANKRUPTCY COURT**

12                    **DISTRICT OF NEVADA**

13  In re:                              Case No.:  19-16636-mkn
                                        Chapter:    11
14
    CENSO LLC,
15                                      **ORDER GRANTING MOTION FOR**
                                        **RELIEF FROM AUTOMATIC STAY**
16
              Debtor.                   Hearing Date:  October 27, 2021
17                                      Hearing Time: 9:30 AM
18

19

20       The Motion for Relief from Automatic Stay of Selene Finance LP ("Movant") having

21  come on regularly for hearing at the date and time set forth above before the United States

22  Bankruptcy Court. No timely Opposition having been filed, the Court being fully advised in the

    premises, and good cause appearing:
23
         **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for
24
    Relief from Automatic Stay is granted in favor of Movant.
25
         **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all stay provisions
26
    are hereby terminated as to the real property commonly described as 1161 Dana Maple Court,
27
    Las Vegas, Nevada 89123.
28

1    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the 14 day waiting

2    period of FRBP 4001(a)(3) is waived.

3    **IT IS SO ORDERED.**

4    SUBMITTED BY:

5    WRIGHT, FINLAY & ZAK, LLP

6    */s/ Ramir M. Hernandez, Esq.*

7    Ramir M. Hernandez, Esq.
Nevada Bar No. 13146

8    7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117

9    *Attorney for Secured Creditor, Selene Finance LP*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RULE 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated.

_____ I certify that this is a case under Chapter 7 or Chapter 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #