_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 30, 2021

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: 19-16636-MKN |
| | Chapter 11 |
| CENSO LLC, | |
| | |
| Debtor. | Date: September 8, 2021 |
| | Time: 10:30 a.m. |

**ORDER ON MOTON FOR CONTEMPT FOR VIOLATION OF INTERIM ADEQUATE PROTECTION ON FIRST LIEN SECURED BY REAL PROPERTY AT 5900 NEGRIL AVENUE, LAS VEGAS, NEVADA 89130[1]**

On September 8, 2021, the court heard the Motion for Contempt for Violation of Interim Adequate Protection on First Lien Secured by Real Property at 5900 Negril Avenue, Las Vegas, Nevada 89130 ("Contempt Motion"). The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND[2]**

_____

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRE" are to the Federal Rules of Evidence.

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned bankruptcy case. See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

On October 11, 2019, a "skeleton" voluntary Chapter 11 petition was filed by Censo LLC ("Debtor").  (ECF No. 1).

On December 11, 2019, Debtor filed its schedules and summary of assets and liabilities. (ECF No. 22).  On its property Schedule "A/B," Debtor listed real estate located at 1161 Dana Maple Court, Las Vegas, Nevada, 5900 Negril Avenue, Las Vegas, Nevada ("Negril Property"), and 11441 Allerton Park Drive, #411, Las Vegas, Nevada.

On July 28, 2020, NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") filed its motion for relief from the automatic stay and motion to account for and sequester rental income and/or for adequate protection regarding the Negril Property ("Adequate Protection Motion").  (ECF No. 69).  A hearing was noticed for September 2, 2020.  (ECF No. 71).

On August 24, 2020, Debtor filed its opposition to the Adequate Protection Motion. (ECF No. 88).

On December 22, 2020, Debtor filed its supplemental opposition to the Adequate Protection Motion.  (ECF No. 137).  The hearing on the Adequate Protection Motion was further continued to January 27, 2021.

On January 27, 2021, Debtor and Shellpoint entered a stipulation for interim adequate protection payments for the Negril Property and the Adequate Protection Motion was removed from calendar.  (ECF No. 146).

On January 29, 2021, the court entered an order approving the stipulation for interim adequate protection for the Negril Property ("Adequate Protection Order").  (ECF No. 148).

On February 2, 2021, notice of entry of the Adequate Protection Order was entered. (ECF No. 149).

On May 28, 2021, Debtor filed the instant Contempt Motion.  (ECF No. 161).  The matter was noticed to be heard on June 30, 2021.  (ECF No. 162).

On June 22, 2021, Debtor and Shellpoint filed a stipulation to continue the hearing on the Contempt Motion from June 30, 2021 to July 16, 2021.  (ECF Nos. 168 and 170).

On June 24, 2021, the court entered an order granting the stipulation and rescheduling the hearing for the Contempt Motion to July 21, 2021.  (ECF No. 171).

On July 7, 2021, Shellpoint filed its opposition ("Opposition") to the Contempt Motion. (ECF No. 177).

On July 19, 2021, Debtor filed its reply ("Reply") to Shellpoint's Opposition.  (ECF No. 179).

On July 21, 2021, a hearing was held on the Contempt Motion.  At the court's suggestion, the parties attempted to resolve the issues in the Contempt Motion and the hearing was continued.  (ECF No. 180).

On September 8, 2021, counsel presented argument at a continued hearing inasmuch as they had not resolved the matter.  After arguments were presented the Contempt Motion was taken under submission.

## DISCUSSION

By the instant Contempt Motion, Debtor alleges that Shellpoint violated the Adequate Protection Order by: (1) prematurely making advance payments for insurance and property taxes on the Negril Property despite the Debtor's timely satisfaction of those obligations; and (2) by not acknowledging certain payments made for the Negril Property.  See Contempt Motion at ¶ 5; see also Reply at ¶¶ 3-5.  Specifically, Debtor argues these actions by Shellpoint have hindered Debtor's efforts to comply with its obligations under the Adequate Protection Order.  See Contempt Motion at ¶ 5.

Having considered the allegations of the Contempt Motion, the materials submitted, and the written and oral arguments of counsel, the court concludes that the Contempt Motion must be denied.  Several reasons require this conclusion.

Generally, bankruptcy courts have the power to enforce their orders by holding violators in civil contempt.  See Stasz v. Gonzalez (In re Stasz), 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008); see also In re Determination of Relative Rights of Claimants & Appropriators of Waters of Humboldt River Stream Sys. & Tributaries, 118 Nev. 901, 909, 59 P.3d 1226, 1231 (2002) ("Courts have inherent power to enforce their decrees through civil contempt proceedings, and this power cannot be abridged by statute.").  The bankruptcy court's authority derives from Section 105(a) and it limited to the imposition of civil contempt sanctions.  See In re Breul, 533

B.R. 782, 791 (Bankr. C.D. Cal. 2015) ("The court's contempt authority under § 105(a) is only a civil contempt authority and allows only for civil sanctions as the appropriate remedy.

Such sanctions must be either compensatory or designed to coerce compliance with the violated order.  See id.; see also In re Cortez, 2010 WL 3909496, at *3 (Bankr. N.D. Cal. Oct. 1, 2010).  Compensatory damages include damages which are sufficient to indemnify the injured party for the loss suffered, effectively placing the injured party in as good a position as they would have been absent the violation.  See In re 1601 W. Sunnyside Dr. #106, LLC, 2010 WL 5481080, at *6 (Bankr. D. Idaho Dec. 30, 2010).  In order to recover compensatory damages, the party asserting such damages must prove by more than mere conjecture, the right to damages and the amount of damages.  Id.  Additionally, attorney's fees are appropriate for a civil contempt award.  Id.  Finally, "relatively mild" non-compensatory fines have been found appropriate for a civil contempt award in certain circumstances.  See id. at *7 ("While, as a general rule, punitive damages are not an appropriate remedy for § 105(a) contempt proceedings, 'relatively mild' noncompensatory fines may be acceptable in some circumstances.").

To support a finding of civil contempt, the party requesting sanctions must demonstrate, by clear and convincing evidence, that the opposing party violated a specific and definite order of the court.  See In re Polvorosa, 621 B.R. 1, 8 (Bankr. D. Nev. 2020) ("Clear and convincing evidence is a higher standard than the preponderance of the evidence standard but less stringent than beyond a reasonable doubt."); In re Beard-Williams, 626 B.R. 830, 838 (Bankr. C.D. Cal. 2021).  The moving party must show the alleged contemnor was put on notice of the terms of the relevant order and the fact that it could be sanctioned if it did not comply with those terms.  See In re Polvorosa, 621 B.R. at 9.  Once this is shown, the burden then shifts to the alleged contemnor to demonstrate why the contemnor was unable to comply.  See Reswick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir. 2002).  Furthermore, "civil contempt sanctions should be imposed only when 'there is no fair ground of doubt as to whether the order barred the creditor's conduct.  In other words, ... if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.'"  In re Polvorosa, 621 B.R. at 9, quoting Taggart v. Lorenzen, 139 S. Ct. 1795, 1799 (2019).

In the instant case, Debtor argues that Shellpoint has violated the Adequate Protection Order by paying the Negril Property's insurance and taxes in advance, and by not acknowledging certain payments Debtor has made for the Negril Property.  <u>See</u> Contempt Motion at ¶ 5; <u>see also</u> Reply at ¶¶ 3-5.  Debtor correctly explains under the Adequate Protection Order, Debtor is obligated to make monthly payments for the Negril Property, provide proof of and maintain insurance on the Negril Property by a specified date, and maintain all property taxes on the Negril Property.[3]  <u>See</u> Adequate Protection Order at ¶¶ 1-4; <u>see generally</u> Contempt Motion.  The Adequate Protection Order further provides that once several obligations are met, Shellpoint shall then de-escrow the loan for taxes and insurance.  <u>See</u> Adequate Protection Order at ¶ 4. Debtor argues that Shellpoint's actions have hindered Debtor from performing its obligations as required under the Adequate Protection Order resulting in Debtor's principal and its counsel expending considerable time following up to protect the interests of the Debtor.  <u>See</u> Reply at ¶¶ 3-6.

In response, Shellpoint argues: first, that Shellpoint has not taken any affirmative steps to prevent Debtor's compliance with the Adequate Protection Order, nor has it taken any action to terminate the automatic stay; second, Debtor has not proven by clear and convincing evidence that Shellpoint violated a specific and definite order of the court; and third, Debtor has not proven actual damages.  <u>See</u> Opposition at ¶¶ 2-4.

At the hearing on this Contempt Motion, Shellpoint additionally argued that the court's encouragement of counsel to resolve their differences creates an inference that no specific and definite language of the Adequate Protection Order was violated.  This argument is unpersuasive at best and silly at worst.  Under Shellpoint's absurd argument, no party should ever discuss settlement if a settlement discussion itself creates a negative inference as to the merits.  Courts often encourage parties to resolve matters by revisiting prior agreements.  <u>See</u> <u>Conway v. Conway</u>, 133 Nev. 997 (Nev. App. 2017) ("Ultimately, the district court recognized the stipulation in its minute order and told the parties to attempt to resolve the remaining issues

---

[3] This is merely a summary of Debtor's obligations under the Adequate Protection Order, but specifically focuses on the three obligations Debtor alleges that Shellpoint has hindered Debtor from performing.

outside of court and that, if they could not be resolved, an evidentiary hearing would be set."). Just, speedy, and inexpensive determination of cases and proceedings is preferred. Compare Fed. R. Bankr. P. 1001 ("These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."). Judicial efficiency often is best be served outside of the courtroom, rather than within. Whether parties voluntarily attempt or succeed in resolving their disputes might be relevant to assessing an appropriate remedy, but seldom is relevant to determining liability.

Similarly, Debtor's arguments fall short of the standard for civil contempt. To support a finding for civil contempt, Debtor must show by clear and convincing evidence that Shellpoint violated a specific and definite order of the court. See Moon v. Rushmore Loan Management Services, LLC (In re Moon), 2021 WL 414614, at *4 (B.A.P. 9th Cir. Feb. 4, 2021) (external citation omitted) ("The moving party must show by clear and convincing evidence that the contemnors intentionally violated a specific and definite order of the court."). Debtor has failed to show specific language in the Adequate Protection Order that Shellpoint violated. The Adequate Protection Order does not bar Shellpoint from paying the Negril Property's insurance or property taxes in advance or otherwise. Instead, the Adequate Protection Order obligates Debtor to "provide proof of current insurance on the property [. . .] and [] continue to maintain current insurance, and all property tax [. . .] obligations [. . .]." Adequate Protection Order at ¶ 4. The Adequate Protection Order also does not place any specific obligation on Shellpoint to acknowledge payments made by the Debtor for the Negril Property. Instead, the Adequate Protection Order places payment obligations upon Debtor and is silent on acknowledgement of such payments. See Adequate Protection Order at ¶¶ 1-3.

The terms of the Adequate Protection Order simply do not provide the specificity required to invoke the enforcement authority under Section 105(a) for civil contempt. See In re Beard-Williams, 626 B.R. at 839 ("Civil contempt is a 'severe remedy' and, correspondingly, the Supreme Court has set a significantly high hurdle for when it is imposed."); see generally In re Polvorosa, 621 B.R. 1 (Bankr. D. Nev. 2020) (Court discusses the civil contempt standard and when there is a lack of specific and definite language requiring a party either do or refrain from

certain acts).  The express language of the subject order was agreed by counsel for both parties in an effort to resolve the Adequate Protection Motion.  Specific terms could have been included to prevent the current dispute from arising.

Furthermore, Debtor has failed to overcome the hurdle that there must be no fair ground of doubt as to whether the Adequate Protection Order barred Shellpoint's conduct.  See In re Beard-Williams, 626 B.R. at 839 (Bankr. C.D. Cal. 2021) quoting Taggart v. Lorenzen, 139 S. Ct. at 1799 ('[A] court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct.').  Since the terms of the Adequate Protection Order do not specify that Shellpoint must refrain from paying the property taxes and insurance, or that Shellpoint must acknowledge Debtor's payments, there is fair ground of doubt as to whether Shellpoint's conduct is barred by the language negotiated in the Adequate Protection Order.

To avoid any further disputes in connection with the payment required by the Adequate Protection Order, however, Shellpoint is prohibited from making the same advance payments for taxes and insurance without first confirming with the Debtor that the required payments have not been timely made.  Additionally, Shellpoint must acknowledge receipt of the agreed payments on the subject obligation by notifying the Debtor within five business days of receipt.

**IT IS THEREFORE ORDERED** that the Motion for Contempt for Violation of Interim Adequate Protection on First Lien Secured by Real Property at 5900 Negril Avenue, Las Vegas, Nevada 89130, brought by Debtor, Docket No. 161, be, and the same hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that the Order Approving Stipulation for Interim Adequate Protection for First Lien Secured by Real Property at 5900 Negril Avenue, Las Vegas, NV 89130, Docket No. 148, as well as the subject stipulation, Docket No. 146, are modified as follows: secured creditor is prohibited from making any advance payments for taxes and insurance on the subject real property without first confirming with the Debtor that the required payments have not been timely made.  Additionally, secured creditor must acknowledge receipt of the payments from the Debtor required by the subject stipulation by notifying the Debtor within five business days of receipt.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
CENSO LLC
ATTN:  OFFICER OR MANAGING AGENT
9811 W. CHARLESTON BLVD., SUITE 2-351
LAS VEGAS, NV 89117

# # #